UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-80655-ROSENBERG/HOPKINS

JAMES TRACY,

      Plaintiff,

v.

FLORIDA ATLANTIC UNIVERSITY BOARD
OF TRUSTEES a/k/a FLORIDA ATLANTIC
UNIVERSITY; et al.,

      Defendants.

_____ /

## FAU DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, FLORIDA ATLANTIC UNIVERSITY BOARD OF TRUSTEES a/k/a FLORIDA ATLANTIC UNIVERSITY; ANTHONY BARBAR, Chairman of the Board of Trustees of Florida Atlantic University; DANIEL CANE, Vice Chairman of the Board of Trustees of Florida Atlantic University; CHRISTOPHER BEETLE, Trustee of Florida Atlantic University; MICHAEL DENNIS, Trustee of Florida Atlantic University; KATHRYN EDMUNDS, Trustee of Florida Atlantic University; JEFFREY FEINGOLD, Trustee of Florida Atlantic University; MARY MCDONALD, Trustee of Florida Atlantic University; ABDOL MOABERY, Trustee of Florida Atlantic University; ROBERT RUBIN, Trustee of Florida Atlantic University; ROBERT STILLEY, Trustee of Florida Atlantic University; PAUL TANNER, Trustee of Florida Atlantic University; JULIUS "BUTCH" TESKE, Trustee of Florida Atlantic University; THOMAS WORKMAN, JR., Trustee of Florida Atlantic University; JOHN W. KELLY, President of Florida Atlantic University; GARY PERRY, Provost of Florida Atlantic University; HEATHER COLTMAN, Dean of Florida Atlantic University; DIANE ALPERIN, Associate Provost of Florida Atlantic University ("FAU Defendants"), pursuant to

Rule 12(b)(6), *Federal Rules of Civil Procedure*, hereby move to dismiss Plaintiff's Complaint on the grounds of immunity that each and every FAU Defendant are afforded under the United States Constitution and Federal Law, for failure to state a claim, and as a shotgun pleading.  In support of this motion, FAU Defendants state as follows:

## I.    INTRODUCTION

This is a wrongful termination Complaint. Nevertheless, Plaintiff filed a ten-count Complaint naming twenty-two separate Defendants alleging damages arising from his termination from employment at Florida Atlantic University.[1] Plaintiff's forty-seven page Complaint contains over two-hundred unsupported conclusory allegations and thirty-six exhibits in an attempt to deter and distract the Court from the true core of this matter: that this case relates only to a simple for-cause termination as a direct result of Plaintiff's intentional and willful failure to comply with both the University and the Union's direct and repeated instructions to comply with a policy applicable to the faculty members at FAU. Instead, Plaintiff attempts to use the Complaint, and the Court's resources, as his soapbox to launch vindictive claims against individuals, not his employer, by way of unsupported conclusory rhetoric unsupported with a factual basis.  Despite the sensationalized allegations against seventeen members of FAU's Board of Trustees, the University's President, Provosts, and Administrators (in both their official and personal capacities), Plaintiff's Complaint fails to state even a single viable claim against any of the twenty-two defendants, requiring dismissal of this action in its entirety.   While Plaintiff also purports to sue each individual FAU Defendant in his or her personal capacity,

---

[1] The Complaint refers to the twenty-two Defendants in three separate groups: (1) the "Defendant University," referring to the Florida Atlantic University Board of Trustees, (2) the "FAU Defendants," referring to seventeen individuals who are either members of the Board of Trustees or University administrators, and (3) the "Union Defendants," referring to the Florida Education Association, the United Faculty of Florida, and two additional individuals. While this Motion is specifically directed towards Counts I through VIII of the Amended Complaint as plead against the Defendant University and the individual FAU Defendants, many of the severe pleading deficiencies described herein apply to all counts of the Complaint, justifying its complete dismissal.

Plaintiff fails to provide any facts connecting any individual FAU Defendant with an act or omission relating to Plaintiff's constitutional rights. Instead, Plaintiff proceeds with general and conclusory allegations based upon conspiratorial conjecture against seventeen individuals, which fails to meet this Court's clearly established pleading standards.

Moreover, even if Plaintiff could provide a factual basis and state a claim, each of the FAU Defendants is entitled to various immunity protections.  For instance, it is well established that Defendant University is an arm of the state and is entitled to sovereign immunity under the Eleventh Amendment to the United States Constitution.  Likewise, claims against the FAU Defendants in their official capacity are also barred under the Eleventh Amendment.  Further, each FAU Defendant, in their personal capacity, is immune from suit based upon absolute and qualified immunity, and therefore, each should be dismissed from this suit.

Additionally, the Complaint fails to state a claim upon which relief can be granted.  The Complaint consists of forty-seven pages of conclusory allegations insufficient to support Plaintiff's claims for Violation of Section 1983 (Counts I through VII), Declaratory Judgment (Count IV), Conspiracy (Counts VI and VII), or Breach of Contract (Count VIII).  As the Complaint fails to state a claim upon which relief can be granted, it must be dismissed.

Finally, the Complaint should be dismissed in its entirety as a shotgun pleading because (i) each count adopts the allegations of the previous counts and is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (ii) it fails to separate each cause of action into a separate count; (iii) and it asserts multiple claims against multiple defendants, without specifying which defendant is responsible for which act or omission.  As the Complaint is an improper shotgun pleading, it must be dismissed in its entirety.

## II.      LEGAL STANDARDS

Under Rule 12(b)(6), *Federal Rules of Civil Procedure,* a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *See id.* A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *See id.* at 679. While legal conclusions can provide a framework of a complaint, they must be supported by well-pleaded factual allegations in order for the court to determine whether the complaint plausibly gives rise to an entitlement to relief. *See id.*

With regard to the claims Plaintiff attempts to plead in his Complaint, the legal standards are as follows:  To prevail under Section 1983, Plaintiff must show (1) that a person deprived him of a federal right, and (2) that the person was acting under color of state law. *See Gomez v. Toledo,* 446 U.S. 635, 640 (1980).  To establish a Section 1983 claim against an individual based on an alleged violation of the First Amendment, Plaintiff must show that: (1) he engaged in speech protected by the First Amendment; (2) the individual FAU Defendant took action against the Plaintiff; and (3) Plaintiff's protected speech was a substantial or motivating factor in the individual FAU Defendant's actions. *See, e.g., Arrington v. Dickerson*, 915 F. Supp. 1516, 1525 (M.D. Ala. 1996).  To establish a Section 1983 claim against an individual based on a violation of procedural due process, Plaintiff must show (1) deprivation of a constitutionally-protected liberty or property interest, (2) state action, and (3) constitutionally-inadequate process. *See*

*Price v. City of Ormond Beach, Fla.*, No. 6:05-cv-1064-Orl-31KRS, 2006 WL 1382096, at * 5

(M.D. Fla. May 19, 2006) (citing *Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006)).

As briefed below, Plaintiff fails to meet each of his burdens under the law and the

Complaint must be dismissed in its entirety.

## III.    THE ELEVENTH AMENDMENT BARS PLAINTIFF'S CLAIMS AGAINST THE DEFENDANT UNIVERSITY AND THE FAU DEFENDANTS IN THEIR OFFICIAL AND PERSONAL CAPACITIES

Each of the FAU Defendants is entitled to immunity under the Eleventh Amendment of

the United States Constitution.  First, the Defendant University is entitled to sovereign immunity.

Second, the FAU Defendants are entitled to sovereign immunity in their official capacities.

Third, the FAU Defendants are entitled to qualified immunity in their personal capacities.

Accordingly, the Complaint against the FAU Defendants should be dismissed.

### A.    The Defendant University is Entitled to Sovereign Immunity on Plaintiff's Section 1983 and 1985 Claims (Counts I through VII)

The Defendant University, as an arm of the state of Florida, is entitled to sovereign

immunity under the Eleventh Amendment to the United States Constitution. The United States

Supreme Court has long held that the Eleventh Amendment bars federal suits against a state by

its own citizens. *See, e.g., Williams v. Dist. Bd. of Trs. of Edison Cmty. Coll.,* 421 F.3d 1190,

1192 (11th Cir. 2005) (quoting *Manders v. Lee,* 338 F.3d 1304, 1308 n.8 (11th Cir. 2003)

(holding that the law is "well-settled that the Eleventh Amendment immunity bars suits in federal

court when an arm of the state is sued")). This protection for states also extends to entities acting

as an "arm of the state." *See Manders,* 338 F.3d at 1308.  It is undisputable that the Defendant

University is an "arm of the state."[2]

---

[2] To determine whether an entity is an "arm of the state" for Eleventh Amendment purposes, federal courts consider four factors: (1) how the state defines the entity; (2) what degree of control the state maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for any judgment against the entity. *See Williams,* 421

Accordingly, the Defendant University is entitled to Eleventh Amendment immunity unless that immunity has been abrogated by Congress through an explicit Congressional enactment, or Florida itself has waived its immunity and thereby consented to suit in federal court. *See Debose,* 2016 WL 1367173, at *4. Plaintiff's Counts I through VII against the FAU Defendants all purport to raise claims under 42 U.S.C. § 1983 ("Section 1983") or 42 U.S.C. § 1985 ("Section 1985"), and this Circuit has held that by enacting Section 1983 and Section 1985, Congress did not intend to abrogate a state's Eleventh Amendment immunity. *See Gamble v. Fla. Dep't of Health and Rehabilitative Servs.,* 779 F.2d 1509, 1512 (11th Cir. 1986); *Cuyler v. Scriven,* No. 6:11-cv-00087-MEF, 2011 WL 861709, at *2 (M.D. Fla. Mar. 9, 2011). As to any potential waiver of the Defendant University's Eleventh Amendment immunity, courts have held that Florida's waiver of sovereign immunity is limited to traditional torts, and does not extend to constitutional torts under Section 1983 and Section 1985. *See* Fla. Stat. § 768.28(2); *Debose,* 2016 WL 1367173, at *4 (citing *Gamble,* 779 F.2d at 1515-16). Since Congress has not abrogated Florida's Eleventh Amendment immunity, and the State of Florida *has not* elected to waive it, the Defendant University must be dismissed from this action pursuant to the Eleventh Amendment of the United States Constitution.

**B.      The FAU Defendants, In Their Official Capacities, Are Entitled to Sovereign Immunity on Plaintiff's Section 1983 and 1985 Claims (Counts I through VII)**

The individual FAU Defendants in their official capacities are also entitled to sovereign immunity under the Eleventh Amendment. The seventeen individual FAU Defendants are either

---

F. 3d at 1192 (citing *Manders,* 338 F.3d at 1309). The Defendant University is defined as a "state university" under Florida Statutes. *See* Fla. Stat. § 1000.21(6)(e). However, while state law is considered, the question of whether an entity is an arm of the state is a question of federal law. *Id.* Federal courts in Florida have consistently recognized that University boards of trustees, for sovereign immunity purposes, are corporations acting primarily as instrumentalities or agencies of the state. *See, e.g., Debose v. Univ. of S. Fla.,* No. 8:15-cv-2787-T-17AEP, 2016 WL 1367173, at *4 (M.D. Fla. Apr. 5, 2016); *Schultz v. Bd. of Trs. of Univ. of W. Fla.,* No. 3:06cv442-RS-MD, 2007 WL 1490714, at *3 (N.D. Fla. May 21, 2007); *Assoc. for Disabled Ams., Inc. v. Fla. Int'l Univ.,* 178 F. Supp. 2d 1291, at * 1294-95 (S.D. Fla. Dec. 12, 2001), *reversed on other grounds by* 405 F.3d 954 (11th Cir. 2005).

members of the Board of Trustees or University administrators, and they are sued in both their personal and official capacities. *See* Compl. at ¶¶ 14-19. While personal capacity suits seek to impose personal liability upon government officials for acts they undertake under the color of state law, official capacity suits are generally just another way of pleading an action against an entity of which the official is an agent. *See Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985) (citing *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 690 n.55 (1978)). Because a suit against an official sued in his or her official capacity is functionally equivalent to a direct suit against the governmental entity, there is no need to bring official-capacity actions against government officials. *See Busby v. City of Orlando,* 931 F.2d 764, 776 (11th Cir. 1991). In suing the individual members of the Board of Trustees and the University administrators in their official capacities, Plaintiff's intended target is the Defendant University. However, the Eleventh Amendment bars suits by private parties "seeking to impose liability which must be paid from public funds in the state treasury." *See Harden v. Adams,* 760 F.2d 1158, 1163 (11th Cir. 1985) (citing *Edelman v. Jordan,* 415 U.S. 651 (1974)). Because Plaintiff's suit against the individual FAU Defendants in their official capacities seeks to impose liability against the state treasury in the same manner as if Plaintiff sues the Defendant University itself, the individual FAU Defendants are also entitled to sovereign immunity for acts committed in their official capacities.

### C.     The FAU Defendants, In Their Personal Capacities, Are Entitled to Qualified Immunity

The individual FAU Defendants are entitled to qualified immunity for acts allegedly committed in their personal capacities because, based on the facts as plead in the Complaint, they acted reasonably and in good faith in their administration of University policies and procedures. See *Snider v. Jefferson State Cmty. Coll.*, 344 F.3d 1325, 1327 (11th Cir. 2003) ("The defense of qualified immunity may be raised and addressed on a motion to dismiss and will be granted if the

'complaint fails to allege the violation of a clearly established constitutional right.'"). Qualified immunity protects state actors performing discretionary functions from liability if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *See id.* (citing *Hope v. Pelzer*, 536 U.S. 730 (2002)); *see also Jenkins by Hall v. Talladega City Bd. of Educ.*, 115 F.3d 821, 823 (11th Cir. 1997) ("For the law to be clearly established to the point that qualified immunity does not apply, the law must have earlier been developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that 'what he is doing' violates federal law") (citations omitted).

Unless the facts plead demonstrate the act was so obviously wrong in light of preexisting law that only a plainly incompetent actor or one who was knowingly violating the law would have committed the act, the actor is entitled to qualified immunity. *See id.* at 1328. To determine whether a plaintiff has met his burden, federal courts consider whether the alleged facts make out a violation of a constitutional right and whether the right at issue was clearly established at the time of the defendant's alleged misconduct. See *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). A right may be clearly established for the purposes of qualified immunity in one of three ways: "(1) case law with indistinguishable facts clearly establishing the constitutional right; (2) a broad statement of principle with the Constitution, statute, or case law that clearly establishes a constitutional right; or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law." *Maddox v. Stephens*, 727 F.3d 1109, 1121 (11th Cir. 2013) (*quoting Lewis v. City of West Palm Beach, Fla.*, 561 F.3d 1288, 1291-92 (11th Cir. 2009)). Whether a federal right is clearly established must be undertaken in light of the specific context of the case, not as a broad general proposition. See *Loftus v. Clark-Moore*, 690 F.3d

1200, 1204 (11th Cir. 2012). The relevant inquiry to determine whether a right is clearly established is whether it would be clear to a reasonable state official that his or her conduct was unlawful in the situation confronted. *See id.* (quoting *Vinyard v. Wilson*, 311 F.3d 1340, 1350 (11th Cir. 2002).

Here, Plaintiff failed to plead facts that substantiate any act whatsoever on the part of any individual Defendant, and as a result, Plaintiff failed to plead sufficient facts showing that any individual FAU Defendants violated his clearly established constitutional rights. Rather than including any facts whatsoever, Plaintiff merely pleads in the conclusory fashion that "[e]ach individual FAU Defendant violated clearly established constitutional rights…," and "[t]he Defendant University, by and through the FAU Defendants acted intentionally, knowingly, willfully, wantonly, and in reckless disregard or [sic] [Plaintiff's] federally-protected constitutional rights…." *See* Compl. at ¶¶ 150-151. No facts are included to support how any individual FAU Defendant took any action against Plaintiff, much less that they did so with intent or in violation of clearly established law.

Based on Plaintiff's allegation in the Complaint, there are no facts in which the Court can determine which FAU Defendant took adverse action against the Plaintiff. Even if these facts existed, which they do not, there are no facts to support any conclusion that any FAU Defendant failed to act in good faith in administering FAU's Policies and Procedures.   Under these circumstances, the individual FAU Defendants are entitled to qualified immunity on Plaintiff's constitutional claims.

## IV.   PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO STATE A SINGLE CLAIM AGAINST THE FAU DEFENDANTS

### A.   Plaintiff Cannot State a Claim Against the Defendant University or the Individual FAU Defendants in their Official Capacity for Alleged Violations of Section 1983 (Counts I through VII)

Plaintiff may only bring a Section 1983 claim against a "person" acting under color of state law.  It is well settled the neither a State nor its officials acting in their official capacities are "persons" under Section 1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Wells v. Columbus Tech. Coll.*, 510 Fed. Appx. 893, 895-896 (11th Cir. 2013).  Accordingly, Counts I through VII under Section 1983 should be dismissed against the Defendant University and the Individual FAU Defendants in their official capacities.

**B.**     **Plaintiff Has Failed to State a Claim Against the Individual FAU Defendants in Their Personal Capacities for Alleged Violations of Section 1983 (Counts I through VII)**

While the Complaint purports to sue the seventeen individual FAU Defendants in their personal capacities, it contains no factual allegations regarding the actions each individual FAU Defendant allegedly took against Defendant in violation of his constitutional rights.  There are twenty-two defendants listed in Plaintiff's Complaint, yet there is not a single fact relating to any single individual's involvement in the decision to terminate the Plaintiff (e.g., what did each Defendant do, when did he/she do it., etc.).

The Supreme Court has made clear that in order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *See id.* Because Plaintiff's Complaint consists only of threadbare recitals against the individual FAU Defendants collectively, without any detail as to what the individual FAU Defendants have allegedly done in their personal capacity to warrant a lawsuit by Plaintiff, his claims should be dismissed.

Where Plaintiff has failed to adequately plead either of the following prongs in relation to any individual FAU Defendant, the Section 1983 claims against them should be dismissed.

### i       Plaintiff Does Not Adequately Plead Any Individual FAU Defendant Deprived Him of a Federal Right

Plaintiff's Complaint fails to adequately plead that any individual FAU Defendant, acting in his or her personal capacity, deprived Plaintiff of a federal right. Under Counts I through V of the Complaint, Plaintiff alleges that the individual FAU Defendants violated Plaintiff's constitutional rights under the First Amendment, as applied to the states by the Fourteenth Amendment (Counts I through IV), and Plaintiff's right to procedural due process (Counts IV through V). However, Plaintiff does not plead, and cannot show, that any actions taken by an individual FAU Defendant in his or her personal capacity was unconstitutional under the First Amendment or violated due process.   Notably, each Count alleging a violation of the First Amendment is completely void of allegations tying a particular individual FAU Defendant to any action taken against Plaintiff. For example, while Counts I and II are plead against both the "Defendant University" and "FAU Defendants," their factual allegations refer only to the "Defendant University's 'Conflict of Interest/Outside Activities policy" and does not make a single mention of the actions of an individual FAU Defendant. See Compl. at ¶¶ 127-140.

While the allegations of Counts III and IV at least mention the "FAU Defendants," they do so only generally and provide no information whatsoever about actions allegedly taken by any individual FAU Defendant. *See* Compl. at ¶¶ 141-157. To sufficiently plead a violation of the First Amendment against an individual FAU Defendant in his or her personal capacity, Plaintiff must plead that each defendant, *through his or her own individual actions*, has violated the Constitution. *See Iqbal,* 556 U.S. at 663. Where such specific allegations are completely absent from the Complaint, Plaintiff cannot possibly allege that an individual FAU Defendant personally deprived him of a First Amendment right.

First, Plaintiff fails to adequately allege a violation of the First Amendment against any individual FAU Defendant in Counts I through IV of the Complaint. *See* Compl. at ¶¶ 127-157. Second, Plaintiff fails to adequately allege violation of his right to procedural due process against any individual FAU Defendant in his or her personal capacity under Counts IV or V of the Complaint.  In attempting to plead state action against the individual FAU Defendants, Plaintiff simply alleges that the Defendant University acted "by and through the FAU Defendants" to make false and defamatory statements. *See* Compl. at ¶ 160-161. Once again, however, Plaintiff has not even attempted to allege how any individual FAU Defendant, through his or her *own individual actions*, allegedly deprived him of a procedural due process right. For this reason, he cannot state a claim against the individual FAU Defendants in their personal capacities.

### ii       Plaintiff Does Not Adequately Plead The Individual FAU Defendants Were Acting Under Color of State Law

Even if Plaintiff had provided sufficient detail regarding the actions allegedly taken by the individual FAU Defendants, which he has woefully failed to do, Plaintiff would still fail to state a claim for violation of Section 1983 because Plaintiff has not sufficiently alleged that the individual FAU Defendants were acting under color of state law. While Plaintiff's Complaint contains seven total Counts alleging a violation of Section 1983, it makes a passing reference to the "color of state law" only twice, and only in the general factual allegations section proceeding each of the counts. *See* Compl. at ¶ 12 ("At all times relevant…the Defendant University was acting under color of law"); Compl. at ¶ 19 ("Each of the individual Defendants above acted under color of state law and in the scope of his or her employment while engaging in the actions alleged in this Complaint").

As will be discussed further below, Plaintiff's general factual allegations were incorporated, shotgun-style, into each count of the Complaint. This type of pleading, however, is

not sufficient to state a claim for violation of Section 1983. Once again, to pursue claims against a government official in his or her personal capacity, Plaintiff must plead that each government-official defendant, *through his own individual actions*, has violated the Constitution. *See Iqbal*, 556 U.S. at 663. Plaintiff has clearly failed to meet this standard by including two introductory paragraphs making only passing mention of color of state law, lumping together all of the seventeen individual FAU Defendants as one unit, and impermissibly incorporating the general allegations against the individuals shotgun-style into each Count. Plaintiff's Complaint fails to state how any specific individual FAU Defendant, through his or her own individual actions, acted under color of state law and violated the Constitution. Where Plaintiff has consistently failed to tie any individual FAU Defendant to any alleged constitutional violation, all of Plaintiff's Counts based on Section 1983 should be dismissed for failure to state a claim.

### C.       Plaintiff Has Not Plead Entitlement to Declaratory Judgment (Count IV)

Plaintiff's claim for declaratory judgment should also be dismissed for failure to state a claim because the Complaint does not allege facts from which this Court could conclude that Plaintiff is substantially likely to suffer injury *in the future*, which is required to seek a declaratory judgment. *See* Compl. at ¶¶ 154-157. Federal courts are confined by Article III of the Constitution to adjudicate only actual "cases" and "controversies." *See Malowney v. Fed. Collection Deposit Grp.,* 193 F.3d 1342, 1346 (11th Cir. 1999) (citing *Allen v. Wright,* 468 U.S. 737, 750 (1984), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 134 S.Ct. 1377, 1388 (2014)). To demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts that he will suffer injury in the future. *See Malowney,* 193 F.3d at 1346-47 (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983) and *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1205 (11th Cir. 1991)). Thus, in order

for the Court to have jurisdiction to issue a declaratory judgment, Plaintiff must assert a reasonable expectation that the injury he has suffered will continue or will be repeated in the future. *See Malowney,* 193 F.3d at 1347. Plaintiff's Complaint does not allege that his constitutional rights continue to be burdened or are likely to be burdened in the future, as his employment relationship with the Defendant University has ended. *See* Compl. at ¶ 125 (alleging Plaintiff's employment was terminated); *Walden v. Centers for Disease Control and Prevention,* 669 F.3d 1277, 1284 (11th Cir. 2012) (holding that former employee's claims for declaratory judgment sought only relief for past injury so a declaration that her employer violated her rights would be nothing more than a gratuitous comment without any force or effect). Because Plaintiff has not, and cannot, show that he is substantially likely to suffer injury in the future, the Court has no standing to hear his claim for declaratory judgment and his Count IV should be dismissed.

### D.    Plaintiff Fails to Sufficiently Plead Conspiracy Claims (Counts VI and VII)

Plaintiff's Counts VI and VII are also subject to dismissal because Plaintiff's conclusory allegations of conspiracy, without supporting factual allegations, are insufficient to state a claim for relief against the FAU Defendants. Generally, a Plaintiff may state a Section 1983 claim for conspiracy to violate constitutional rights by pleading facts that support a finding that a conspiracy existed and resulted in the denial of some underlying constitutional right. *See Grider v. City of Auburn, Ala.,* 618 F.3d 1240, 1260 (11th Cir. 2010). In attempting to establish such a conspiracy, Plaintiff must show that the parties "reached an understanding" to deny Plaintiff his rights. *See Grider,* 618 F.3d at 1260 (citing *Bendiburg v. Dempsey,* 909 F.2d 463, 468 (11th Cir. 1990) and *Bailey v. Bd. of Cty. Comm'rs of Alachua Cty.,* 956 F.2d 1112, 1122 (11th Cir. 1992)).

In support of his claims of conspiracy in Count VII, Plaintiff merely states in a conclusory fashion that the seventeen individual FAU Defendants reached an agreement, acted alone or in concert with others (including unknown and unnamed co-conspirators), conspired to

accomplish an unlawful purpose, and committed overt acts in furtherance of the conspiracy. *See* Compl. at ¶¶ 172-174. Somehow, the FAU Defendants accomplished this feat without ever speaking to one another, as Plaintiff's Count VI and VII fail to allege that the Defendants ever had a conversation about Plaintiff. *See Bailey,* 956 F.2d at 1122 ("[T]he linchpin for conspiracy is agreement, which presupposes communication").

While Plaintiff's Count VI contains minimal factual allegations relating to the actions of the Defendants that Plaintiff identifies as the "Union Defendants," the facts are so generic that they add nothing towards the goal of adequately pleading conspiracy against or among any of the Defendants. *See Kivisto v. Miller, Canfield, Paddock and Stone, PLC,* 413 Fed. Appx. 136, 139 (11th Cir. 2011) ("A plaintiff claiming a conspiracy under § 1983 must make particularized allegations that a conspiracy exists"). Plaintiff has failed to make anything approaching a particularized allegation against the FAU Defendants and failed to identify even one act they were alleged to have personally taken in furtherance of a conspiracy. "Simply put, such conclusory allegations, with no factual support, are insufficient to state a claim." *See Hansel v. All Gone Towing Co.,* 132 Fed. Appx. 308, 310 (11th Cir. 2005) (citing *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984)). Because Plaintiff's allegations of conspiracy against the individual FAU Defendants are woefully insufficient, Counts VI and VII should be dismissed.

**E.      Plaintiff Fails to State a Claim for Breach of Contract (Count VIII)**

Plaintiff's Count VIII for breach of contract should also be dismissed for failure to state a claim against all FAU Defendants. Plaintiff attempts to sue the Defendant University for breaching certain provisions of the Collective Bargaining Agreement.  However, Plaintiff fails to state a viable claim for breach of contract against the University Defendant because he fails to plead facts that show what specific contractual provision was breached, how it was breached, and how that breach specifically lead to any adverse action.  Likewise, Plaintiff purports to sue the

individual FAU Defendants for breach of contract for allegedly attempting to censor Plaintiff in violation of his constitutional rights, changing University policies without advanced notice, disciplining Plaintiff for requesting clarification on University policies, and terminating Plaintiff's employment without just cause. *See* Compl. at ¶¶ 183-186. In support of his claim for breach of contract, Plaintiff attached as an exhibit to the Complaint the contract at issue, the Collective Bargaining Agreement between the Florida Atlantic University Board of Trustees and the United Faculty of Florida for the years 2012-2015. *See* Compl. Exh. "C" (hereinafter the "Contract"). It is axiomatic that only a party to a contract may be held liable for its breach, and a person who signs a contract only in a corporate capacity is not bound as an agent. *See N. Am. Clearing, Inc. v. Brokerage Computer Sys., Inc.,* Nos. 607-cv-1503-Orl-19KRS, 608-cv-1567-Orl- 19KRS, 2009 WL 1513389, at *6 (M.D. Fla. May 27, 2009). As is clear from the face of the Contract, the two parties to the Contract are the legal entity known as the Florida Atlantic University Board of Trustees (whom Plaintiff calls the "Defendant University") and the United Faculty of Florida. *See id.* The Contract is signed on behalf of the "Defendant University" by Anthony Barbar as "Chairwoman"[3] and Lawrence F. Glick as "University Attorney." Thus, it is clear that the individual members of the Board of Trustees did not sign the contract in their personal capacities, and neither did the University administrators. Therefore a breach of contract action against the individual FAU Defendants cannot lie. *See Perret v. Wyndham Vacation Resorts, Inc.,* 889 F. Supp. 2d 1333, 1342 (S.D. Fla. 2012) (dismissing plaintiff's claim where contract documents directly contradict the plaintiff's allegations). Therefore, Plaintiff's breach of contract Count must be dismissed.

---

[3] The reference to "Chairwoman" is a scrivener's error in the Contract and it should state Mr. Barbar's title as "Chair."

## V.    PLAINTIFF'S ENTIRE COMPLAINT AMOUNTS TO AN IMPERMISSIBLE SHOTGUN PLEADING

In addition to the numerous pleading defects identified above, Plaintiff's Complaint exhibits all of the hallmarks of the long-maligned shotgun pleading style and should therefore be dismissed in its entirety. Recently, the Eleventh Circuit acknowledged its thirty-year criticism of shotgun pleading defects, and outlined the four most common categories of shotgun pleadings, all of which are on display in Plaintiff's Complaint. *See Yahav Enterps. LLC v. Beach Resorts Suites LLC,* No. 1:15-cv-22227-KMM, 2016 WL 111361, at *2 - *3 (S.D. Fla. Jan. 11, 2016) (citing *Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1321-1323 (11th Cir. 2015)). Each of these four shotgun pleading defects, discussed separately below, shares the "unifying characteristic" that "they fail to one degree or another…to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See id.* at *3 (citing *Weiland,* 792 F.3d at 1323). Because Plaintiff's defective pleading style fails to put the Defendant University and individual FAU Defendants on adequate notice of the claims against them, the Complaint is subject to dismissal.

### A.    Each Count of the Complaint Adopts the Allegations of the Previous Counts

Plaintiff's Complaint exhibits hallmarks of the first – and most common – type of shotgun pleading style because it adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. *See Weiland,* 792 F.3d at 1321; *see* Compl. at ¶¶ 137 (Count II), 154 (Count IV), 158 (Count V), 164 (Count VI), 171 (Count VII), 177 (Count VIII).[4]  This style of pleading leads to a situation where most of the counts (usually all but the first) contain irrelevant factual allegations and legal conclusions. *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.,* 305

---

[4] Unlike the other counts of Plaintiff's Complaint which incorporate all preceding paragraphs of the Complaint, Count III does not incorporate *any* allegations contained in the preceding paragraphs.

F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a task that could be quite onerous here given the over two-hundred paragraphs in the Complaint. *See id.* at 1295. Shotgun pleadings of this type "wreak havoc" on the judicial system by diverting already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently. *See Wagner v. First Horizon Pharm. Corp.,* 464 F.3d 1273, 1279 (11th Cir. 2006). Due to significant problems these types of pleadings create for courts, dismissal is the proper method for curing such defects. *See Jovine v. Abbott Labs., Inc.,* 795 F. Supp. 2d 1331, 1336-37 (S.D. Fla. 2011); *Witt v. Howmedica Osteonics Corp.,* No. 13-cv-20742-JLK, 2013 WL 6858395, at *2 (S.D. Fla. Dec. 30, 2013).

> **B.   The Complaint is Replete with Conclusory, Vague, and Immaterial Facts Not Obviously Connected to Any Particular Cause of Action**

Plaintiff's Complaint also displays the second-most common form of shotgun pleading style by including conclusory, vague, and immaterial facts throughout that are not obviously connected to any of Plaintiff's causes of action. *See Weiland,* 792 F.3d at 1321-22. To cite one of the many examples of many from the forty-seven page Complaint, Plaintiff incorporates one hundred seventy paragraphs of factual allegations into Count VIII alleging breach of contract, despite the majority of those allegations having no relation whatsoever to his alleged contract with the Defendant University or the actions allegedly taken in breach of that contract. *See* Compl. at ¶ 177. Shotgun pleading defects of this sort impede the orderly, efficient, and economic disposition of disputes and require courts to undertake the difficult task of narrowing and defining the issues. *See Ebrahimi v. City of Huntsville Bd. of Educ.,* 114 F.3d 162, 165 (11th Cir. 1997) (describing as a shotgun pleading a complaint offering vague and conclusory allegations in an effort to support a multiplicity of discrimination claims levied against fifteen defendants); *Chudusama v. Mazda Motor Corp.,* 123 F.3d 1353, 1359 n.9 (11th Cir. 1997)

(finding a shotgun pleading where a reader of the complaint must speculate as to which factual allegations pertain to which count). At this stage of pleading, the Complaint places too onerous a burden on the Defendant University, the individual FAU Defendants, and the Court to discern the specific bases of Plaintiff's claims against each Defendant, and the proper recourse is dismissal. *See Yahav Enters. LLC,* 2016 WL 111361, at *3.

      **C.**    **The Complaint Fails to Separate Each Cause of Action into a Separate Count**

The Complaint also exhibits the third type of shotgun pleading style by failing to separate each of cause of action into a separate count. *See Weiland,* 792 F.3d at 1322-23; Compl. at ¶¶ 171-176. For example, Count VII alleges a conspiracy to interfere with Plaintiff's civil rights but it is not clear to the Defendant University or individual FAU Defendants with which specific constitutional rights they are alleged to have conspired to interfere, as several constitutional violations are alleged in the previous counts. This apparent violation of the "one-claim-per-count" rule fails to meet the federal pleading standard and imperils fundamental principles of due process for defendants. *See Bradley v. Miller,* No. 06-65129-CIV, 2007 WL 2900443, at *1 (S.D. Fla. Oct. 2, 2007). As such, the FAU Defendants are entitled to a Complaint containing specific allegations of their alleged wrongdoing separated into individual counts. *See Bailey v. Janssen Pharm., Inc.,* No. 06-80702-CIV-RYSKAMP/VITUNAC, 2006 WL 3665417, at *2 (S.D. Fla. Nov. 14, 2006). Because the Complaint fails to live up to this standard, it should be dismissed as an improper pleading. *See id.*

      **D.**    **The Complaint Asserts Multiple Claims against Multiple Defendants without Specifying Which Defendant is Responsible for Which Act or Omission**

While the fourth type of shotgun pleading style is the rarest according to the Eleventh Circuit, it is the error committed most frequently in Plaintiff's Complaint, which repeatedly fails to specify which of the several Defendants is responsible for which act or omission. *See Weiland,*

792 F.3d at 1322-23. Each Count in the Complaint is alleged against some combination of groups of Defendants that Plaintiff has labeled "Defendant University," "FAU Defendants," and "Union Defendants." Inexplicably, sometimes all three groups of Defendants are separately named, *see* Compl. at p. 39 (Count VI), while sometimes the moniker "All Defendants" is used instead, *see* Compl. at p. 41 (Count VII). While all Counts are alleged against one or more groups of Defendants without specifying which group committed the act or omission, the confusion is compounded by the fact each group to which Plaintiff refers contains multiple Defendants. For example, while Plaintiff refers to the group "FAU Defendants," that term is defined in the Complaint to include seventeen individuals, all of whom Plaintiff has purported to sue in their individual and professional capacities. This pleading defect makes it impossible for the individual FAU Defendants to identify which particular defendant is alleged to have engaged in what wrongful conduct. *See LaCroix v. Western Dist. of Kentucky,* 627 Fed. Appx. 816, 819 (11th Cir. 2015); *Yahav Enters., LLC,* 2016 WL 111361 at *3. Where a pleading does not comply with federal pleading standards in this manner, it is properly dismissed. *See LaCroix,* 627 Fed. Appx. at 819.

## VI.      CONCLUSION

Plaintiff has attempted to sue the Defendant University, and the individual FAU Defendants in their official capacities, for constitutional violations despite their clear entitlement to sovereign immunity under the Eleventh Amendment. While Plaintiff also attempts to sue each individual FAU Defendant in his or her personal capacity, Plaintiff fails to provide even a scintilla of fact connecting any individual FAU Defendant with an act or omission relating to Plaintiff's First Amendment or due process rights. Instead, Plaintiff proceeds with general and conclusory allegations against a group of seventeen individuals, which fails to meet this Court's pleading standards and subjects his Complaint to dismissal.

In addition to these defects, the Complaint as a whole is a quintessential shotgun pleading, failing to give any Defendant adequate notice of the claims against it and amounts to an enormous waste of this Court's time and resources. As currently plead, the Defendant University and individual FAU Defendants are at a loss to determine exactly what they are alleged to have done to cause Plaintiff harm, and therefore they cannot frame a responsive pleading without the Court's intervention and assistance.

WHEREFORE, Defendants FLORIDA ATLANTIC UNIVERSITY BOARD OF TRUSTEES a/k/a FLORIDA ATLANTIC UNIVERSITY; ANTHONY BARBAR; DANIEL CANE; CHRISTOPHER BEETLE; MICHAEL DENNIS; KATHRYN EDMUNDS; JEFFREY FEINGOLD; MARY MCDONALD; ABDOL MOABERY; ROBERT RUBIN; ROBERT STILLEY; PAUL TANNER; JULIUS "BUTCH" TESKE; THOMAS WORKMAN, JR.; JOHN W. KELLY; GARY PERRY; HEATHER COLTMAN; and DIANE ALPERIN ("FAU Defendants"), respectfully request that the Court enter an order dismissing the Complaint against them on the grounds of immunity, dismissing the Complaint in its entirety as a shotgun pleading, and dismissing each count for failure to state a claim, along with any further relief that the Court deems just and appropriate under the circumstances.

*/s/ Keith E. Sonderling*
G. Joseph Curley
Florida Bar No. 571873
Email:  gcurley@gunster.com
Keith E. Sonderling
Florida Bar No. 57386
Email:  ksonderling@gunster.com
Gunster, Yoakley & Stewart, P.A.
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone:  561-655-1980
Facsimile:  561-655-5677
*Attorneys for FAU Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 10, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Keith E. Sonderling*
Keith E. Sonderling

## SERVICE LIST

**Tracy v. Florida Atlantic University Board of Trustees, *et al.***
**Case No. 16-cv-80655-ROSENBERG/HOPKINS**

Louis Leo IV, Esq.
Email:  louis@floridacivilrights.org
Florida Civil Rights Coalition, P.L.L.C.
4171 W. Hillsboro Blvd., Suite 9
Coconut Creek, FL 33073
Telephone:  954-478-4226
Facsimile:  954-239-7771
*Attorney for Plaintiff, James Tracy*

Robert F. McKee, Esq.
Email:  yborlaw@gmail.com
Christopher T. Borzell, Esq.
Email:  cborzell@gmail.com
Melissa C. Mihok, Esq.
Email:  melissa@melissacmihokpa.com
1718 E. 7th Avenue, Suite 301
Tampa, FL 33605
Telephone:  813-248-6400
Facsimile:  813-248-4020
*Attorney for Florida Education Association,*
*United Faculty of Florida, Robert Zoeller, Jr.,*
*and Michael Moats*

Joel Medgebow, Esq.
Email:  joel@medgebowlaw.com
Medgebow Law, P.A.
4171 W. Hillsboro Blvd., Suite 9
Coconut Creek, FL 33073
Telephone:  954-478-4226
Facsimile:  954-239-7771
*Attorney for Plaintiff, James Tracy*

G. Joseph Curley, Esq.
Florida Bar No. 571873
Email:  gcurley@gunster.com
Keith E. Sonderling, Esq.
Florida Bar No. 57386
Email:  ksonderling@gunste.com
Gunster, Yoakley & Stewart, P.A.
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone:  561-655-1980
Facsimile:  561-655-5677
*Attorneys for FAU Defendants*