UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-80655-ROSENBERG/HOPKINS

JAMES TRACY,

      Plaintiff,

v.

FLORIDA ATLANTIC UNIVERSITY BOARD
OF TRUSTEES a/k/a FLORIDA ATLANTIC
UNIVERSITY; et al.,

      Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendants, FLORIDA ATLANTIC UNIVERSITY BOARD OF TRUSTEES a/k/a FLORIDA ATLANTIC UNIVERSITY; CHRISTOPHER BEETLE, Trustee of Florida Atlantic University; JOHN W. KELLY, President of Florida Atlantic University; GARY PERRY, Provost of Florida Atlantic University; HEATHER COLTMAN, Dean of the College of Arts and Letters at Florida Atlantic University; DIANE ALPERIN, Associate Provost of Florida Atlantic University (hereinafter collectively "FAU Defendants"), pursuant to Rule 12(b)(6), *Federal Rules of Civil Procedure*, and Defendants FLORIDA EDUCATION ASSOCIATION ("FEA"), UNITED FACULTY OF FLORIDA ("UFF"), ROBERT ZOELLER, JR., and MICHAEL MOATS (hereinafter collectively "Union Defendants"), pursuant to Rules 12(b)(1) and 12(b)(6), *Federal Rules of Civil Procedure*, hereby move to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction of the Florida Public Employees Relations Commission (PERC), and for failure to assert a cognizable claim under either 42 U.S.C. § 1983 or § 1985. In support of this motion, Defendants state as follows:

## I.    INTRODUCTION

This is a case for wrongful termination. Nevertheless, Plaintiff has now filed a ten-count Amended Complaint naming ten separate Defendants alleging damages arising from his termination from employment at Florida Atlantic University.[1] Plaintiff's fifty-five page Amended Complaint contains over two-hundred unsupported conclusory allegations and thirty-six exhibits in an attempt to deter and distract the Court from the true core of this matter: that this case relates only to a simple for-cause termination as a direct result of Plaintiff's intentional and willful failure to follow both the University and the Union's direct and repeated instructions to comply with a policy applicable to the faculty members at FAU.  Instead, Plaintiff attempts to use the Amended Complaint, and the Court's resources, as his soapbox to launch vindictive claims against individuals, not his employer, by way of unsupported conclusory rhetoric unsupported with a factual basis.  Despite the sensationalized allegations against the University's President, Provost, and Administrators and a member of FAU's Board of Trustees (in both their official and personal capacities), Plaintiff's Amended Complaint fails to state even a single viable claim against any of the ten defendants, requiring dismissal of this action in its entirety.

## II.    LEGAL STANDARDS

Under Rule 12(b)(6), *Federal Rules of Civil Procedure,* a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that

---

[1] The Complaint refers to the ten Defendants in three separate groups: (1) the "Defendant University," referring to the Florida Atlantic University Board of Trustees, (2) the "FAU Defendants," referring to five individuals who are either University administrators or members of the Board of Trustees, and (3) the "Union Defendants," referring to the Florida Education Association, the United Faculty of Florida, and two additional individuals.

is plausible on its face. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *See id.* A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *See id.* at 679. While legal conclusions can provide a framework of a complaint, they must be supported by well-pleaded factual allegations in order for the court to determine whether the complaint plausibly gives rise to an entitlement to relief. *See id.*

    With regard to the claims Plaintiff attempts to plead in his Amended Complaint, the legal standards are as follows:  To prevail under Section 1983, Plaintiff must show (1) that a person deprived him of a federal right, and (2) that the person was acting under color of state law. *See Gomez v. Toledo,* 446 U.S. 635, 640 (1980).  To establish a Section 1983 claim against an individual based on an alleged violation of the First Amendment, Plaintiff must show that: (1) he engaged in speech protected by the First Amendment; (2) the individual took action against the Plaintiff; and (3) Plaintiff's protected speech was a substantial or motivating factor in the individual's actions. *See, e.g., Arrington v. Dickerson*, 915 F. Supp. 1516, 1525 (M.D. Ala. 1996).  To establish a Section 1983 claim against an individual based on a violation of procedural due process, Plaintiff must show (1) deprivation of a constitutionally-protected liberty or property interest, (2) state action, and (3) constitutionally-inadequate process. *See Price v. City of Ormond Beach, Fla*., No. 6:05-cv-1064-Orl-31KRS, 2006 WL 1382096, at * 5 (M.D. Fla. May 19, 2006) (citing *Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006)).

    Further, the standard for assessing a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction is set forth in *Gadzinski v. City of Fort Walton Beach*, 2011 WL 2690403 (N.D. Fla. July 8, 2011):

A motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure seeks dismissal of a complaint for lack of subject matter jurisdiction. Challenges to subject matter jurisdiction under Rule 12(b)(1) can be facial or factual. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). "A factual attack challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (internal quotation marks and citation omitted). With a facial attack, on the other hand, the court looks only at whether the plaintiff has sufficiently alleged a basis for subject matter jurisdiction in his complaint. *Id.* "As it does when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged . . . in the complaint as true." *Id.* A facial 12(b)(1) motion is properly granted when, even accepting the plaintiff's allegations as true, he has not pled facts sufficient to establish a basis for subject matter jurisdiction. *See id.*

As briefed below, Plaintiff fails to meet each of his burdens under the law and the Amended Complaint must be dismissed in its entirety.

## III.   PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO STATE A SINGLE CLAIM AGAINST THE FAU DEFENDANTS

Plaintiff's Amended Complaint still falls woefully short of pleading sufficient facts to state a single claim against the FAU Defendants. First, the Plaintiff attempts to state claims against the Defendant University and individual FAU Defendants in their official capacities for declaratory and injunctive relief, despite his complete lack of standing. As Plaintiff cannot demonstrate that he is substantially likely to suffer injury in the future, he is unable to state a Section 1983 claim for declaratory or injunctive relief. Next, the individual FAU Defendants in their personal capacities are entitled to qualified immunity and, even if they are not, Plaintiff has failed to plead sufficient facts to support his conclusory allegation that they were acting "under color of state law." Plaintiff further fails to state a claim for retaliation, conspiracy, violation of procedural due process, or breach of contract. For the reasons discussed herein, Plaintiff's Amended Complaint should be dismissed.

A.    **Plaintiff is Not Entitled to Declaratory or Injunctive Relief (Counts I through IV).**

Plaintiff's claim for declaratory judgment and injunctive relief under Counts I through IV should be dismissed with prejudice for failure to state a claim because the Amended Complaint does not allege facts from which this Court could conclude that Plaintiff is substantially likely to suffer injury *in the future*, which is required to show standing to seek a declaratory judgment and injunctive relief. *See* Am. Compl. at ¶¶ 139-181. Federal courts are confined by Article III of the Constitution to adjudicate only actual "cases" and "controversies." *See Malowney v. Fed. Collection Deposit Grp.,* 193 F.3d 1342, 1346 (11th Cir. 1999) (citing *Allen v. Wright,* 468 U.S. 737, 750 (1984), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 134 S.Ct. 1377, 1388 (2014)). To demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts that he will suffer injury in the future. *See Malowney,* 193 F.3d at 1346-47 (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983) and *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1205 (11th Cir. 1991)). Thus, for the Court to have jurisdiction to issue an injunction or declaratory judgment, Plaintiff must assert a reasonable expectation that the injury he has suffered will continue or will be repeated in the future. *See Malowney,* 193 F.3d at 1347; *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013) ("Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party shows 'a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury.'"). Plaintiff cannot allege facts to demonstrate that his constitutional rights continue to be burdened or are likely to be burdened in the future because Plaintiff's employment relationship with Defendant University has ended. *See* Am. Compl. at ¶ 127 (alleging Plaintiff's employment was terminated).

5

In the Eleventh Circuit, it is well settled that a former employee has no standing to seek declaratory or injunctive relief for alleged violations of constitutional law when his employment has been terminated and he cannot allege that his constitutional rights continue to be burdened or are likely to be burdened in the future. *See, e.g., Walden v. Centers for Disease Control and Prevention,* 669 F.3d 1277, 1284 (11th Cir. 2012). In *Walden,* the plaintiff was laid off from her position as a therapist for a federal agency allegedly as a result of her religious objection to treating gay individuals. *Id.* at 1282-83. While the plaintiff dropped her claim for monetary damages against her former employer and former supervisors in their official capacities, she sought declaratory relief for violating her rights to free exercise of religion. *See id.* at 1283. In response, the Court held that the plaintiff's claims for declaratory relief sought only relief for past injury because she did not allege that her rights continue to be burdened or are likely to be burdened in the future. *See id.* at 1284.  The Court further stated that a "declaration that these defendants violated her rights in the past…would [be] nothing more than a gratuitous comment without any force or effect." *Id.* Similarly here, Plaintiff has not, and cannot, show that he is substantially likely to suffer injury in the future where his employment relationship with the Defendant University has ended. Where the Court lacks standing to hear Plaintiff's claim for declaratory judgment or injunctive relief, those claims are subject to dismissal with prejudice.[2]

---

[2] Counts I and IV of the Amended Complaint should be dismissed in their entirety because Plaintiff only requests declaratory and injunctive relief under these counts. Counts II and III of the Amended Complaint, in addition to seeking declaratory and injunctive relief against the individual FAU Defendants in their official capacities, also seek damages against the individual FAU Defendants in their personal capacities. Plaintiff's claim for damages from the individual FAU Defendants will be addressed in Section III.C, *infra.*

**B.** **Plaintiff's Claims Against the Individual FAU Defendants In Their Official Capacities Are Duplicative of Plaintiff's Claims Against the Defendant University and Should Be Dismissed with Prejudice (Counts II, III, IV, V, and VII).**

Because official capacity suits against government officials such as the individual FAU Defendants are duplicative of claims made against the State itself, this court should dismiss the individual FAU Defendants in their official capacities. The five individual FAU Defendants are either members of the Board of Trustees or University administrators, and they are sued in both their personal and official capacities. *See* Am. Compl. at ¶¶ 15-21. While personal capacity suits seek to impose personal liability upon government officials for acts they undertake under the color of state law, official capacity suits are generally just another way of pleading an action against an entity of which the official is an agent. *See Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985) (citing *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 690 n.55 (1978)). Because a suit against an official sued in his or her official capacity is functionally equivalent to a direct suit against the governmental entity, there is no need to bring official-capacity actions against government officials. *See Busby v. City of Orlando,* 931 F.2d 764, 776 (11th Cir. 1991). To keep both the Defendant University and the individual FAU Defendants named in their official capacities as defendants in this case would be redundant and possibly confusing to the jury. *See id.*

In suing the University administrators and the individual member of the Board of Trustees in their official capacities, Plaintiff's intended target is the Defendant University. *See id.* As discussed in section III.A., *supra,* Plaintiff cannot state a claim for declaratory or injunctive relief against Defendant University because he cannot show a substantial likelihood of suffering injury in the future. Further, any claim Plaintiff may make for damages against the Defendant University is barred by the doctrine of sovereign immunity. *See, e.g., Williams v. Dist. Bd. of*

*Trs. of Edison Cmty. Coll.,* 421 F.3d 1190, 1192 (11th Cir. 2005) (quoting *Manders v. Lee,* 338 F.3d 1304, 1308 n.8 (11th Cir. 2003) (holding that the law is "well-settled that the Eleventh Amendment immunity bars suits in federal court when an arm of the state is sued")). Where Plaintiff cannot state a claim for declaratory or injunctive relief or damages against the Defendant University, he also cannot state a claim against the FAU Defendants in their official capacities, and therefore such claims must also be dismissed.

### C.    The Individual FAU Defendants, In Their Personal Capacities, Are Entitled to Qualified Immunity (Counts II, III, IV, V, and VII).

The individual FAU Defendants are entitled to qualified immunity for acts allegedly committed in their personal capacities because, based on the facts as plead in the Amended Complaint, they acted reasonably and in good faith in their administration of University policies and procedures. See *Snider v. Jefferson State Cmty. Coll.*, 344 F.3d 1325, 1327 (11th Cir. 2003) ("The defense of qualified immunity may be raised and addressed on a motion to dismiss and will be granted if the 'complaint fails to allege the violation of a clearly established constitutional right.'"). Qualified immunity protects state actors performing discretionary functions from liability if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *See id.* (citing *Hope v. Pelzer*, 536 U.S. 730 (2002)); *see also Jenkins by Hall v. Talladega City Bd. of Educ.*, 115 F.3d 821, 823 (11th Cir. 1997) ("For the law to be clearly established to the point that qualified immunity does not apply, the law must have earlier been developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that 'what he is doing' violates federal law") (citations omitted).

Unless the facts plead demonstrate the act was so obviously wrong in light of preexisting law that only a plainly incompetent actor or one who was knowingly violating the law would

have committed the act, the actor is entitled to qualified immunity. *See id.* at 1328. To determine whether a plaintiff has met his burden, federal courts consider whether the alleged facts substantiate a violation of a constitutional right and whether the right at issue was clearly established at the time of the defendant's alleged misconduct. See *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). A right may be clearly established for the purposes of qualified immunity in one of three ways: "(1) case law with indistinguishable facts clearly establishing the constitutional right; (2) a broad statement of principle with the Constitution, statute, or case law that clearly establishes a constitutional right; or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law." *Maddox v. Stephens*, 727 F.3d 1109, 1121 (11th Cir. 2013) (*quoting Lewis v. City of West Palm Beach, Fla*., 561 F.3d 1288, 1291-92 (11th Cir. 2009)). The determination of whether a federal right is clearly established must be undertaken in light of the specific context of the case, not as a broad general proposition. See *Loftus v. Clark-Moore*, 690 F.3d 1200, 1204 (11th Cir. 2012). The relevant inquiry to determine whether a right is clearly established is whether it would be clear to a reasonable state official that his or her conduct was unlawful in the situation confronted. *See id.* (quoting *Vinyard v. Wilson*, 311 F.3d 1340, 1350 (11th Cir. 2002).

Here, Plaintiff failed to plead facts that substantiate any wrongful act on the part of any individual FAU Defendant, and as a result, Plaintiff failed to plead sufficient facts showing that any individual FAU Defendants violated his clearly established constitutional rights. For example, in support of Plaintiff's Count II for an "as applied" violation of Plaintiff's right to free speech, Plaintiff merely pleads in the conclusory fashion that each individual FAU Defendant "supervised, recommended, and/or approved Plaintiff's discipline and termination using the Defendant' University's 'Conflict of Interest/Outside Activities' policy" and "Defendants

9

Alperin, Coltman, Perry, Kelly, and other officials at the Defendant University acted intentionally, knowingly, willfully, wantonly, and in reckless disregard of Professor Tracy's federally-protected constitutional rights," *see* Am. Compl. at ¶¶ 150-156. While Plaintiff alleges that the individual FAU Defendants were each involved with his termination from employment in some unspecified manner, no facts are included to support how any individual FAU Defendant took a specific action against Plaintiff, much less that they did so with intent or in violation of clearly established law.

Based on Plaintiff's conclusory allegations in the Amended Complaint, the Court does not have sufficient facts to determine which individual FAU Defendant took adverse action against the Plaintiff. Even if these facts existed, which they do not, there are no facts to support any conclusion that any individual FAU Defendant failed to act in good faith in administering FAU's Policies and Procedures. Under these circumstances, the individual FAU Defendants are entitled to qualified immunity on Plaintiff's purported constitutional claims.

### D. Plaintiff Does Not Adequately Plead The Individual FAU Defendants Were Acting Under Color of State Law (Counts II, III, IV, V and VII).

Even if Plaintiff had provided sufficient detail regarding the actions allegedly taken by the individual FAU Defendants, which he has woefully failed to do, Plaintiff would still fail to state a claim for violation of Section 1983 because Plaintiff has not sufficiently alleged that the individual FAU Defendants were acting under color of state law. While Plaintiff's Amended Complaint contains six total Counts alleging a violation of Section 1983, it makes a passing reference to the "color of state law" only twice, and only in the general factual allegations section proceeding each of the counts. *See* Am. Compl. at ¶ 9 ("At all times relevant…the Defendant University was acting under color of law"); Am. Compl. at ¶ 20 ("Each acted under

color of state law and in the scope of his or her employment while engaging in the actions alleged in this Amended Complaint").

While Plaintiff's general factual allegations were incorporated, shotgun-style, into each count of the Amended Complaint, this type of pleading is not sufficient to state a claim for violation of Section 1983. To pursue claims against a government official in his or her personal capacity, Plaintiff must plead that each government-official defendant, *through his own individual actions*, has violated the Constitution. *See Iqbal,* 556 U.S. at 663. Plaintiff has clearly failed to meet this standard by including two introductory paragraphs making only passing mention of color of state law, lumping together the five individual FAU Defendants as one unit, and impermissibly incorporating the general allegations against the individuals shotgun-style into each Count. Plaintiff's Complaint fails to state how any specific individual FAU Defendant, through his or her own individual actions, acted under color of state law and violated the Constitution. Since Plaintiff has consistently failed to tie any individual FAU Defendant to any specific alleged constitutional violation, all of Plaintiff's Counts based on Section 1983 should be dismissed for failure to state a claim.

### E.     Plaintiff Fails to State a Claim for First Amendment Retaliation (Count III).

Plaintiff's Count III for First Amendment retaliation[3] should be dismissed for failure to state a claim. To state a Section 1983 claim for retaliation in violation of First Amendment rights, Plaintiff must establish that (1) his speech or act was constitutionally protected, (2) defendant's retaliatory conduct adversely affected the protected speech or act, and (3) there is a

---

[3] While the heading of Plaintiff's Count III makes passing mention to Plaintiff's rights to substantive due process as well as his right to free speech, Defendants interpret Count III as one claim for First Amendment retaliation. *See Beckwith v. City of Daytona Beach Shores, Fla.,* 58 F.3d 1554, 1562 (11th Cir. 1995) (recognizing that almost all Section 1983 claims rely on the substantive component of the Due Process Clause because it is through that vehicle that fundamental rights are incorporated against the states).

causal connection between the retaliatory action and the adverse effect on the speech or act. *See Bennett v. Hendrix,* 423 F.3d 1247, 1250 (11th Cir. 2005). As to the first element, Plaintiff refers to two instances of alleged "constitutionally protected speech" – the content on Plaintiff's personal blog and his questioning of Defendant University's Conflict of Interest/Outside Activities Policy – which supposedly played a substantial and motivating factor in the decision to terminate Plaintiff's employment. *See* Am. Compl. at ¶ 164-166. However, if Plaintiff relies on his public blog posts as the alleged "constitutionally protected speech" at issue, Plaintiff cannot show that his speech was adversely affected by his termination because Plaintiff alleged that he has always run his blog independently of his employment with the Defendant University and continues to do so to this day. *See* Am. Compl. at ¶¶ 46-53.

Further, Plaintiff has failed to provide anything more than conclusory allegations to support a causal connection between any alleged constitutionally protected speech and his termination. *See id.* To establish a causal connection, Plaintiff must show his protected conduct was a motivating factor behind the alleged retaliatory misconduct, meaning he must identify a sequence of events from which a "retaliatory motive can be inferred." *See Eisenberg v. City of Miami Beach,* 1 F. Supp. 3d 1327, 1344 (S.D. Fla. 2014) (quoting *Lippmann v. City of Miami,* 719 F. Supp. 2d 1370, 1374 (S.D. Fla. 2010)). Plaintiff's Count III merely alleges that he questioned the "Conflict of Interest/Outside Activities" policy and his employment was later terminated – Plaintiff makes no allegations about Defendants' conduct following his supposed constitutionally protected speech from which a retaliatory motive can be inferred. *See* Am. Compl. at ¶¶ 161-175. Where Plaintiff fails to sufficiently allege the second and third elements for a cause of action based on First Amendment retaliation, his Count III should be dismissed.

**F.     Plaintiff Fails to Sufficiently Plead Conspiracy Claims Against the FAU Defendants (Count VII)**

Plaintiff's Count VII is also subject to dismissal because Plaintiff's conclusory allegations of conspiracy, without supporting factual allegations, are insufficient to state a claim for relief against the individual FAU Defendants. Generally, a Plaintiff may state a Section 1983 claim for conspiracy to violate constitutional rights by pleading facts that support a finding that a conspiracy existed and resulted in the denial of some underlying constitutional right. *See Grider v. City of Auburn, Ala.,* 618 F.3d 1240, 1260 (11th Cir. 2010). In attempting to establish such a conspiracy, Plaintiff must show that the parties "reached an understanding" to deny Plaintiff his rights. *See Grider,* 618 F.3d at 1260 (citing *Bendiburg v. Dempsey,* 909 F.2d 463, 468 (11th Cir. 1990) and *Bailey v. Bd. of Cty. Comm'rs of Alachua Cty.,* 956 F.2d 1112, 1122 (11th Cir. 1992)).

In support of his claims of conspiracy in Count VII, Plaintiff merely states in a conclusory fashion that the five individual FAU Defendants and two Union Defendants reached an agreement, acted alone or in concert with others (including unknown and unnamed co-conspirators), conspired to accomplish an unlawful purpose, and committed overt acts in furtherance of the conspiracy. *See* Compl. at ¶¶ 172-174. Somehow, the FAU Defendants and Union Defendants accomplished this feat without ever speaking to one another, as Plaintiff's Count VII fails to allege that the Defendants ever had a conversation about Plaintiff. *See Bailey,* 956 F.2d at 1122 ("[T]he linchpin for conspiracy is agreement, which presupposes communication").

While Plaintiff's Count VI contains minimal factual allegations relating to the actions of the Defendants that Plaintiff identifies as the "Union Defendants," the facts are so generic that they add nothing in the way of adequately pleading conspiracy against or among any of the Defendants. *See Kivisto v. Miller, Canfield, Paddock and Stone, PLC,* 413 Fed. Appx. 136, 139

13

(11th Cir. 2011) ("A plaintiff claiming a conspiracy under § 1983 must make particularized allegations that a conspiracy exists"). Plaintiff has failed to make anything approaching a particularized allegation against the FAU Defendants and failed to identify even one act they were alleged to have personally taken in furtherance of a conspiracy. "Simply put, such conclusory allegations, with no factual support, are insufficient to state a claim." *See Hansel v. All Gone Towing Co.,* 132 Fed. Appx. 308, 310 (11th Cir. 2005) (citing *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984)). Because Plaintiff's allegations of conspiracy against the individual FAU Defendants are woefully insufficient, Count VII should be dismissed.

### G.   Plaintiff Fails to State a Claim for Denial Of Procedural Due Process (Count V)

In Count V, Plaintiff fails to state a claim for violation of his right to procedural due process.  In the Amended Complaint, Plaintiff alleges that he was denied notice and a fair opportunity to be heard in relation to his termination.  However, the allegations pled throughout Plaintiff's Amended Complaint do not support his claim.  To the contrary, a review of Plaintiff's allegations and the Collective Bargaining Agreement attached to Plaintiff's Amended Complaint as Exhibit C demonstrates that Plaintiff was afforded due process.

As acknowledged by Plaintiff throughout his Amended Complaint, Plaintiff's employment was subject to a collective bargaining agreement between the Union Defendants and Defendant University.  The Collective Bargaining Agreement provided Plaintiff with procedural remedies both prior to and following his termination, which Plaintiff failed to pursue.  Pursuant to the Collective Bargaining Agreement, Plaintiff was entitled to a Notice of Proposed Discipline, which he received.  *See* Am. Compl. ¶ 93.  Plaintiff received further notice on December 16, 2015, in the form of a Notice of Intent to Terminate. *See* Am. Compl. ¶ 101.  By the allegations in Plaintiff's own Amended Complaint, Defendant University *extended* the time

period for Plaintiff to challenge the Notice of Intent to terminate, but Plaintiff failed to file a grievance. *See* Am. Compl. ¶¶ 103, 108. As Plaintiff failed to grieve the Notice of Intent to Terminate, his employment was terminated on January 6, 2016. Am. Comp. ¶ 108. Despite an opportunity to do so, Plaintiff failed to pursue a grievance to challenge his termination.

Even taking the facts as pled in the Amended Complaint as true, the FAU Defendants offered Plaintiff due process. He was afforded multiple opportunities to be heard and could have filed a grievance of either the Notice of Intent to Terminate or following the actual termination. Despite these opportunities, Plaintiff failed to pursue a grievance. "Due process was at Plaintiff's disposal; any deprivation of that due process clearly resulted from Plaintiff's own inaction." *Marshall v. City of Cape Coral, Fla.*, 797 F.2d 1555, 1560 (11th Cir. 1986) (quoting *Lewis v. Hillsborough Transit Authority*, 726 F.2d 664 (11th Cir. 1983)). Therefore, Plaintiff cannot state a claim for violation of his right to procedural due process and Count V should be dismissed with prejudice. *Id*.

## IV. PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION AND IT FAILS TO STATE A CLAIM AGAINST THE UNION DEFENDANTS

The Union Defendants seek dismissal of the Amended Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. Both the federal claim under §§ 1983 and 1985 and the state law claims are based on allegations that essentially describe a breach of the duty of fair representation, an arguable violation of the Florida Public Employees Relations Act (PERA), Fla. Stat. § 447.201, *et seq*, and therefore fall within PERC's exclusive primary jurisdiction over unfair labor practice claims. The federal claims fail because the allegations fail to show that the Union Defendants are "state actors" and thus subject to § 1983 liability, and are too vague and conclusive to show a plausible "conspiracy" that would subject them to liability under §§ 1983 or 1985.

A.      **The Amended Complaint's allegations against the Union Defendants**

The Florida Atlantic University is a public university.  Am. Compl. ¶7.  The FEA and UFF are employee organizations engaged in the representation of public employees, including Plaintiff, in connection with their employment rights (¶¶ 23-24), and Plaintiff was a dues-paying member.  Am. Compl. ¶ 26.  The Defendants Moats and Zoeller are sued as representatives and agents of FEA and UFF.  Am. Compl. ¶¶ 27 - 28.

The Amended Complaint alleges that in January of 2013, various FAU officials began conspiring to discipline Plaintiff and "undermine and prevent meaningful union faculty representation" Am. Compl. ¶ 59.  On January 18, 2013, Plaintiff was called to a meeting with FAU officials about his outside activities; his Union representative at the meeting opposed the FAU officials and asserted Plaintiff's free speech right.  Am. Compl. ¶ 62.  The Union Defendants then began advising and counseling Plaintiff that his blogging was protected speech and not subject to FAU's "Conflict of Interest/Outside Activities" policy.  Am. Compl. ¶¶ 65-69.

When FAU issued Plaintiff a written "Notice of Discipline" on March 28, 2013, for having referred to FAU in his personal blog, the Union Defendants advised him to file a grievance, which he later did.  Am. Compl. ¶¶ 70-71, 76.  The grievance was resolved by mutual agreement of the parties.  Am. Compl. ¶ 80.  In Fall 2015, FAU changed its policies to have all faculty acknowledge electronically their awareness of the outside activity policy that requires all faculty to report outside activity (compensated or uncompensated) and financial interests to FAU.  Am. Compl. ¶ 85.  Plaintiff complained to the Union Defendants that he found the new policy and reporting requirement confusing.  Am. Compl. ¶ 87.  The Union Defendants advised Plaintiff that they would address this in collective bargaining with FAU.  Am. Compl. ¶ 89.  Plaintiff then, apparently without consulting the Union Defendants, informed FAU that he could

not affirm his compliance with a policy he found confusing and believed to be unconstitutional. Am. Compl. ¶ 90.  When he did seek advice from the Union Defendants, he was told to comply with the FAU instructions and then file a grievance.  Am. Compl. ¶¶ 91-92.

FAU then issued Plaintiff a "Notice of Discipline" directing him to submit the required forms and acknowledgments.  Am. Compl. ¶ 90.  Plaintiff consulted with the Union Defendants, who again advised him to comply with the FAU directives "under duress" and take action afterwards.  Am. Compl. ¶ 91.  Instead of following this advice, Plaintiff responded to the Notice by restating his opposition to it.   Am. Compl. ¶ 95.  Two days later, he asked the Union Defendants to file a grievance, but they responded that his situation was not grievable.  Am. Compl. ¶¶ 96-97.  On December 15, 2015, Plaintiff finally submitted his "Outside Activity" forms, but the next day, FAU issued him a Notice of Intent to Terminate "for failing to timely submit the requisite forms and electronic acknowledgment of compliance with FAU policy." Am. Compl. ¶¶ 100-101.

Plaintiff again sought representation and the filing of a grievance, but the Union Defendants eventually concluded that his situation was hopeless and his only option was to negotiate a resignation, further advising him to avoid statements or actions that could hurt those efforts.  Am. Compl. ¶¶ 102-104.  When Plaintiff communicated with FAU on his own and made public statements against the Union Defendants' advice, they rebuked him and later failed to respond to the Notice of Intent to Terminate, telling Plaintiff there was nothing they could do, and Plaintiff was terminated on January 6, 2016.  Am. Compl. ¶¶ 105-109.  The Amended Complaint does not allege that Plaintiff invoked his remedy of filing an unfair labor practice charge with PERC.

In Count VI of his Amended complaint, Plaintiff alleges that the Union Defendants conspired with FAU, in violation of 42 U.S.C. §§ 1983 and 1985, to terminate his employment and deprive him of his constitutional and due process rights by "failing to defend or act on [plaintiff's] behalf," and failing to file a grievance or otherwise respond to the Notice of Intent to Terminate.   Am. Compl. ¶¶ 189-195.   Count VII vaguely alleges that the purpose of the conspiracy was "to violate [plaintiff's] constitutional rights."   Am. Compl. ¶¶ 172-176.   Count VIII asserts a state law claim for breach of the collective bargaining agreement between FAU and the UFF.   Am. Compl. ¶¶ 208-217.   Count IX is a separate state law contract claim against the Union Defendants.   Am. Compl. ¶¶ 219-223.   Count X is a state law claim against the Union Defendants for breach of fiduciary duties allegedly owed the Plaintiff under the collective bargaining agreement.   Am. Compl. ¶¶ 225-236.

### B.   The Court lacks subject matter jurisdiction over the claims Against the Union Defendants

The determinative effect of the Florida Legislature's grant of exclusive jurisdiction over unfair labor practice complaints to PERC is also well summarized in *Gadzinski v. City of Fort Walton Beach*, *supra*:

> The Florida Legislature ("Legislature") enacted the Public Employee Relations Act ("PERA") to regulate labor union activities involving public employees and created the PERC to "settle disputes regarding alleged unfair labor practices."   Fla. Stat. § 447.503 (2009).   Florida courts have interpreted the PERA broadly and have held that the PERC has exclusive jurisdiction over "activities which 'arguably' constitute unfair labor practices as defined by section 447.501."   *Browning v. Brody*, 796 So.2d 1191, 1192 (Fla. 5th DCA 2001) (quoting *Maxwell v. Sch. Bd. of Broward Cnty.*, 330 So.2d 177, 180 (Fla. 4th DCA 1976)).   According to § 447.501, unfair labor practices include, among others, "[i]nterfering with, restraining, or coercing public employees in the exercise of any rights guaranteed them under [the PERA]" and "[r]efusing to discuss grievances in good faith pursuant to the terms of the collective bargaining agreement."   Fla. Stat. §§ 447.501(1)(a) and (f).   Although the plaintiff has asserted a claim for breach of contract, his claim is more appropriately

characterized as a breach of the duty of fair representation, which is an unfair labor practice within the exclusive jurisdiction of the PERC. *See Alexander v. Orange Cnty. Pub. Schs.*, 2009 WL 2870504, at *1 (M.D. Fla. Sept. 1, 2009) (holding that plaintiff's breach of contract claim was more appropriately characterized as a breach of the duty of good faith and fair representation, which is an unfair labor practice covered by § 447.501, thereby falling within the PERC's exclusive jurisdiction); *see also Browning*, 796 So.2d at 1193 (holding that the decision not to process a grievance for lack of merit is subject to the duty of fair representation and within the exclusive jurisdiction of the PERC). Because the plaintiff's claim falls within the exclusive jurisdiction of the PERC, this court lacks jurisdiction over it. [footnote omitted]

The *Alexander* decision, cited by the court in *Gadzinski*, also shows that the state law claims against the Union Defendants are beyond this Court's jurisdiction, while *Florida Education Ass'n v. Wojcicki*, 930 So. 2d 812, 813-14 (Fla. 3d DCA 2006), *citing Stafford v. Meek*, 762 So. 2d 925, 926 (Fla. 3d DCA 2000), shows that the Plaintiff's claims against the individual Union Defendants, as well as those against the Unions themselves, are similarly preempted or immunized and beyond the jurisdiction of this Court.

The federal claims against the Union Defendants are similarly preempted by PERC's exclusive jurisdiction. As explained in *Gadzinski, supra*, the claims based on procedural due process must fail because an adequate state remedy was available to Plaintiff through PERC's unfair labor practice jurisdiction:

A procedural due process claim is actionable under § 1983 "only when the state refuses to provide a process sufficient to remedy the procedural deprivation." *Cotton v. Jackson*, 216 F.3d 1328, 1330-31 (11th Cir. 2000) (quoting *McKinney*, 20 F.3d at 1557). In other words, "the state must have the opportunity 'to remedy the procedural failings of its subdivision and agencies in the fora-- agencies, review boards, and state courts' before being subjected to a claim alleging a due process violation.'" *Id.* at 1331 (quoting *McKinney*, 20 F.3d at 1560). If the plaintiff had adequate state remedies at his disposal and failed to take advantage of them, he cannot claim that the state deprived him of procedural due process. *Id.* at 1331; *see Zinermon v. Burch*, 494 U.S. 113, 124, 110 S. Ct. 975, 108 L.Ed.2d 100 (1990) (holding that § 1983 provides a federal remedy for procedural due process claims only when state remedies are

inadequate). State procedures need not provide all the relief available under § 1983 to be adequate; rather, they need only "correct whatever deficiencies exist and . . . provide the plaintiff with whatever process is due." *Id.*

  **\*4** The PERC has full authority to adjudicate employment disputes, including the authority to conduct evidentiary hearings and order relief when appropriate. *See* Fla. Stat. § 447.503. The Eleventh Circuit has thus recognized that the PERA provides an adequate remedy to public employees claiming a denial of procedural due process. *See Wilson v. Farley*, 203 Fed. Appx. 239, 249 (11th Cir. 2006). The plaintiff does not dispute that the PERA provides an adequate state law remedy; rather, he argues that he is not required to exhaust his state administrative remedies in order to bring a § 1983 claim. While it is true that a plaintiff does not have to exhaust state administrative remedies in order to bring a § 1983 claim, *see Patsy v. Bd. Of Regents of the State of Fla.*, 457 U.S. 496, 507, 102 S.Ct 2557, 73 L.Ed.2d 172 (1982) a plaintiff cannot maintain a § 1983 claim if the state afforded him an adequate remedy, *see Cotton*, 216 F.3d at 1331. Because adequate state law remedies were available to the plaintiff under the PERA, the plaintiff has failed to allege facts sufficient to state a § 1983 claim. *See Wilson*, 203 Fed. Appx. At 249. [footnote omitted]

The claims against the Union Defendants for first amendment retaliation are similarly preempted and beyond this Court's jurisdiction. In similar circumstances, the federal courts defer to the comparable preemptive jurisdiction of federal administrative agencies. *Carter v. Kurzejeski*, 706 F.2d 835 (8th Cir. 1983). Other courts have reached a different result when the claimant had in fact availed himself of his state administrative remedies. *Butcher v. City of McAllster*, 956 So. 2d 973, 978-79 (10th Cir. 1992); *Wilton and City Council of Baltimore*, 772 F.2d 88, 89 n. 1 (4th Cir. 1985). Here there is no allegation that Plaintiff invoked his available remedies before PERC.

Plaintiff contends that the Union Defendants' preemption argument fails because Plaintiff's claims are specifically excluded from PERC coverage. Plaintiff does not explain exactly what in the cited statute excludes, specifically or by implication, PERC jurisdiction over the dispute generally alleged by the Amended Complaint. He also urges that the Union

Defendants claim that PERC has exclusive jurisdiction over any claim brought by a public employee by his or her public employer and union, but the Union Defendants make no such argument.  On the contrary, the Union Defendants clearly acknowledge that some, but not all disputes, are within PERC's preemptive jurisdiction.

### C.    Counts VI and VII fail to state claims against the Union Defendants

Even if the First Amendment retaliation claims against the Union Defendants are not barred by preemption for failure to exhaust administrative remedies, Plaintiff has failed to state claims for relief under either §§ 1983 or 1985.  First, the Union Defendants are not "state actors" for purposes of subjecting them to § 1983 liability.  *See Montgomery v. City of Ardmose* 365 F. 3d 926, 942 (10th Cir. 2004); *Ciamrbriello v. County of Nassau*, 292 F. 3d 307, 323-24 (2d Cir. 2002); *Wegsheid v. Local Union 2911*, 117 F. 3d 986, 988 (7th Cir. 1997).  The vague and conclusory allegations of "conspiracy" fall woefully short of the particularity required to sustain such an allegation.  *See, e.g., Ciamrbriello, supra,* 292 F.3d at 324; *Luft v. Citigroup Global Markets Realty Corp., 620 Fed Appx. 702, 704 (11th Cir. 2015); Harvey v. City of Stuart*, 296 Fed. Appx. 824, 826, 2008 WL 4605926 (11th Cir. 2008).  Such an allegation is inherently implausible in light of the more detailed allegations showing that the Union Defendants persistently and aggressively advanced Plaintiff's interests in opposition to the interests of FAU, and only abandoned such efforts after and because Plaintiff ignored their advice and indeed acted in contravention to it, after which they concluded, in apparent exasperation, that there was nothing more they could do.  The Amended Complaint alleges no facts plausibly suggesting that their efforts on his behalf up to this point were merely some sort of charade, nor any conceivable basis for inferring any *sub rosa* animus toward Plaintiff that might have motivated them to an

abrupt about-face toward him, or indeed that any motivation existed, apart from their clearly-stated reasons expressed in the complaint and the attached exhibits.

Plaintiff contends that this case really involves a facial challenge to the constitution of an official policy.  However, it is far from clear from the pleading or Plaintiff's written submission that this is in fact the case.

Plaintiff claims that resort to the PERC remedies would be inadequate and futile, but his contention is clearly erroneous.  The fact that PERC lacks jurisdiction to award compensatory or punitive damages and declaratory and injunctive relief is both erroneous and inaccurate.  While PERC cannot award damages, it clearly can award back pay and other forms of monetary relief should Plaintiff prevail.  §§ 447.503(b)(a), Fla. Stat.  And while PERC may not be empowered to issue injunctions *per se*, it can issue cease and desist orders subject to enforcement in the Florida courts, which do not differ in any meaningful way from injunction decrees issued by a court itself.  *Id.*  Finally, *Healy v. Town of Pembroke Park*, 831 F.2d 981 (11th Cir. 1987), cited by Plaintiff, actually supports the Union Defendant's preemption argument, for it holds that a successful PERC adjudication in Plaintiff's favor at the PERC stage would not preclude Plaintiff from seeking further remedies in a subsequent judicial proceeding in which all parties would have the benefit of the conclusive findings and legal conclusions by PERC, to the extent applicable to the subsequent proceeding for damages.  Moreover, Plaintiff is simply wrong in his assertion that PERC does not allow discovery to be conducted; cases are legion in which PERC explains the procedure for achieving discovery privileges in an unfair labor practice case by a mere showing of reasonable need.  *See, e.g., Miron v. ATU Local 1593*, 33 FPER ¶ 260 (1984).

Plaintiff's claim that his breach of contract claims are not solely based on the Union Defendant's failure to represent him in his employment dispute by implication concedes at least

part of the Amended Complaint herein is based precisely on such an alleged breach of the duty of fair representation, which is clearly an unfair labor practice within PERC's exclusive jurisdiction. All courts and agencies acknowledge that preemption arises even if the underlying dispute is not entirely encompassed by the matters within PERC's unfair labor practice jurisdiction; it is only necessary that part of the matters asserted do fall within PERC's jurisdiction for the matter to be preempted, and Plaintiff's pleading tacitly admits that this is the case.

Plaintiff takes the Union Defendants to task for failing to cite any case involving egregious union misconduct in the preemption context. This is of course true, but beside the point, as the Union Defendants saw no need for such a citation given that the most elementary understanding of preemption in this context would realize that it goes without saying. For Plaintiff's elucidation, Union Defendants enlist one of the legion authorities supporting the missing proposition to which the Plaintiff refers. In *Castelli v. Douglas Aircraft Company*, 752 F.2d 1480, 1482 (9th Cir. 1985), the Court stated:

> As a result, court will interfere with union decisions about employee grievance proceedings only if a union shows reckless disregard for the rights of an employee. *Castaneda v. Dura-Vent Corp.*, 648 F.2d 612, 618 (9th Cir. 1981); *Ness v. Safeway Stores, Inc.*, 598 F.2d 558, 560 (9th Cir. 1979). Mere negligence on the part of the union does not constitute a breach of the union's duty. *Dente v. International Organization of Masters, Mates and Pilots, Local 90*, 492 F.2d 10, 12 (9th Cir. 1973), *cert. denied*, 417 U.S. 910, 94 S.Ct. 2607, 41 L.Ed.2d 214 (1974); *Balestreri v. Western Carloading*, 530 F.Supp. 825, 828 (N.D.Cal. 198), *aff'd*, 663 F.2d 1078 (9th Cir. 1981).
>
> However, an act of omission by a union may be so egregious and unfair as to be arbitrary, thus constituting a breach of a duty of fair representation. *Robesky v. Oantas Empire Airways Ltd.,* 573 F.2d 1082, 1090 (9th Cir. 1978) (union's failure to tell employee that her grievance would not be taken to arbitration, leading her to reject employer's settlement offer which she otherwise would have accepted, could constitute a breach of the duty of fair representation). *See also, Dutrisac v. Caterpillar Tractor Co.*, 749 F.2d 1270 at 1272 (9th Cir. 1983) (union carelessness may breach duty of fair

> representation where its failure to perform a ministerial, but critical act, such
> as failing to timely file an employee grievance, completely extinguishes
> employee's right to pursue claim).  But in general, evidence of hostility,
> arbitrariness, or bad faith is required.  *Franklin v. Southern Pacific
> Transportation Co.*, 593 F.2d 899, 901 (9th Cir. 1979).

Plaintiff's contention is scarcely worthy of the time and effort of a response.

The Union Defendants have never disputed the contention that as private entities they may nonetheless be subject to Section 1983 liability under certain fact patterns, but this concession does not at all affect the scope of the preemption doctrine of this case.  Indeed, to the extent the Union Defendants' conduct would tend to demonstrate such a transaction, it merely further solidifies PERC's exclusive jurisdiction for such activities that go to the very heart of the preemptive matter of a breach of the duty of fair representation.  Therefore, Plaintiff's conclusory and implausible allegations of conspiracy do not assist him in avoiding the preemption which must necessarily preclude his amended complaint herein against the Union Defendants.

## V.        CONCLUSION

Plaintiff has attempted to sue the Defendant University, and the individual FAU Defendants in their official capacities, for constitutional violations despite his complete lack of standing. While Plaintiff also attempts to sue each individual FAU Defendant in his or her personal capacity, Plaintiff fails to provide even a scintilla of fact connecting any individual FAU Defendant with an act or omission relating to Plaintiff's First Amendment or due process rights. Instead, Plaintiff proceeds with general and conclusory allegations against a group of ten individuals, which fails to meet this Court's pleading standards and subjects his Amended Complaint to dismissal.  Further, Plaintiff's claims against the Union Defendants fail, as the Court lacks subject matter jurisdiction over the claims and because Plaintiff fails to assert a

cognizable claim under 42 U.S.C. §§ 1983 or 1985, as the Union Defendants are not "state actors" so as to subject them to liability in this Court.

WHEREFORE, Defendants FLORIDA ATLANTIC UNIVERSITY BOARD OF TRUSTEES a/k/a FLORIDA ATLANTIC UNIVERSITY; CHRISTOPHER BEETLE; JOHN W. KELLY; GARY PERRY; HEATHER COLTMAN; and DIANE ALPERIN ("FAU Defendants"), FLORIDA EDUCATION ASSOCIATION ("FEA"), UNITED FACULTY OF FLORIDA ("UFF"), ROBERT ZOELLER, JR., and MICHAEL MOATS ("Union Defendants") respectfully request that the Court enter an order dismissing each count of the Amended Complaint against them for failure to state a claim and lack of subject matter jurisdiction, along with any further relief that the Court deems just and appropriate under the circumstances.

| | |
|---|---|
| */s/  Robert F. McKee* | */s/ Holly L. Griffin* |
| ROBERT F. McKEE | G. Joseph Curley |
| Florida Bar Number 295132 | Florida Bar No. 571873 |
| Email:  yborlaw@gmail.com | Email:  gcurley@gunster.com |
| CHRISTOPHER T. BORZELL | Keith E. Sonderling |
| Florida Bar Number 68277 | Florida Bar No. 57386 |
| Email:  cborzell@gmail.com | Email:  ksonderling@gunster.com |
| ROBERT F. McKEE, P.A. | Holly L. Griffin |
| 1718 E. 7th Ave., Suite 301 | Florida Bar No. 39213 |
| Tampa, FL 33605 | Email:  hgriffin@gunster.com |
| Telephone:  (813) 248-640 | Gunster, Yoakley & Stewart, P.A. |
| Facsimile:  (813) 248-4020 | 777 S. Flagler Drive, Suite 500 East |
| Secondary Email:  bdjarnagin@gmail.com | West Palm Beach, FL 33401 |
| *Attorney for Florida Education Association,* | Telephone:  561-655-1980 |
| *United Faculty of Florida, Robert Zoeller, Jr.,* | Facsimile:  561-655-5677 |
| *and Michael Moats* | *Attorneys for FAU Defendants* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 1, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Holly L. Griffin*

## SERVICE LIST

### Tracy v. Florida Atlantic University Board of Trustees, *et al.*
### Case No. 16-cv-80655-ROSENBERG/HOPKINS

Louis Leo IV, Esq.
Email:  louis@floridacivilrights.org
Florida Civil Rights Coalition, P.L.L.C.
4171 W. Hillsboro Blvd., Suite 9
Coconut Creek, FL 33073
Telephone:  954-478-4226
Facsimile:  954-239-7771
*Attorney for Plaintiff, James Tracy*

Robert F. McKee, Esq.
Email:  yborlaw@gmail.com
Christopher T. Borzell, Esq.
Email:  cborzell@gmail.com
Melissa C. Mihok, Esq.
Email:  melissa@melissacmihokpa.com
1718 E. 7th Avenue, Suite 301
Tampa, FL 33605
Telephone:  813-248-6400
Facsimile:  813-248-4020
*Attorney for Florida Education Association, United Faculty of Florida, Robert Zoeller, Jr., and Michael Moats*

Joel Medgebow, Esq.
Email:  joel@medgebowlaw.com
Medgebow Law, P.A.
4171 W. Hillsboro Blvd., Suite 9
Coconut Creek, FL 33073
Telephone:  954-478-4226
Facsimile:  954-239-7771
*Attorney for Plaintiff, James Tracy*

G. Joseph Curley, Esq.
Florida Bar No. 571873
Email:  gcurley@gunster.com
Keith E. Sonderling, Esq.
Florida Bar No. 57386
Email:  ksonderling@gunste.com
Holly L. Griffin, Esq.
Florida Bar No. 93213
Email:  hgriffin@gunster.com
Gunster, Yoakley & Stewart, P.A.
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone:  561-655-1980
Facsimile:  561-655-5677
Attorneys for *FAU Defendants*

WPB_ACTIVE 7317752.3