UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 9:16-cv-80655-RLR

**JAMES TRACY,**

**Plaintiff,**

      v.                               **Case No. 9:16-cv-80655-RLR**

**FLORIDA ATLANTIC UNIVERSITY
BOARD OF TRUSTEES, a/k/a FLORIDA
ATLANTIC UNIVESRITY, et al.,**

**Defendants.**
_____/

### UNION DEFENDANTS' MOTION TO STAY DISCOVERY AS TO UNION DEFENDANTS ONLY PENDING RULING ON MOTION TO DISMISS

Defendants UNITED FLORIDA FACULTY, FLORIDA EDUCATION ASSOCIATION, ROBERT ZOELLER, and MICHAEL MOATS ("Union Defendants"), pursuant to Rule 26(c), *Federal Rules of Civil Procedure,* hereby move this Court for entry of a protective order staying discovery proceedings as to the Union Defendants only, pending resolution of the potentially dispositive Motion to Dismiss filed by the Defendants [DE 97], and in support state as follows:

### Introduction

On April 25, 2016, Plaintiff, James Tracy, filed his Complaint, which included four counts against the Union Defendants[1]: Breach of Fiduciary Duty, Breach of Contract, Conspiracy

---

[1] The Second Amended Complaint refers to the eight Defendants in three separate groups: (1) the "Defendant University," referring to the Florida Atlantic University Board of Trustees, (2) the "FAU Defendants," referring to three individuals who are University administrators, and (3) the "Union Defendants," referring to the Florida Education Association, the United Faculty of Florida, and two additional individuals. For purposes of this Motion, the non-union defendants will be referred to as "the FAU Defendants."

to Interfere with Plaintiff's Civil Rights, and Conspiracy to Violate Plaintiff's Procedural Due Process. On May 27, 2016, the Union Defendants filed their Motion to Dismiss Plaintiff's Complaint [DE 44] asserting a lack of subject matter jurisdiction as to the Breach of Fiduciary Duty and Breach of Contract counts and Plaintiff's failure to state a claim as to the Conspiracy counts. Before this Court could rule on the initial Motion to Dismiss, the Plaintiff moved for and was granted leave to filed an Amended Complaint [DE 72]. In his Amended Complaint, and presumably in response to the initial Motion to Dismiss filed by the Union Defendants, Plaintiff made new allegations regarding the conspiracy counts. Subsequently, all of the defendants jointly filed a Motion to Dismiss [DE 79] per Court Order. By paperless Order dated August 17, 2016, this Court stayed all discovery pending its ruling on the Defendants' Motion to Dismiss [DE 79]. On December 1, 2016, this Court held a hearing in which the parties made their respective arguments. Thereafter, on December 15, 2016, the Court dismissed the Breach of Fiduciary Duty and Breach of Contract claims against the Union Defendants with prejudice for lack of subject matter jurisdiction and dismissed the conspiracy claims, without prejudice, for failing sufficiently to describe the essential elements of the alleged conspiracy [DE 92]. The Court's Order additionally lifted the stay on discovery stating that discovery would commence upon the filing of Plaintiff's Second Amended Complaint.

On December 28, 2016, Plaintiff filed his Second Amended Complaint [DE 93], this time including new allegations against the Union Defendants, albeit insufficient to survive dismissal. The only remaining Count against the Union Defendants is Conspiracy to Interfere with Plaintiff's Civil Rights [Count II]. On January 16, 2017, the Defendants filed a Motion to Dismiss the Second Amended Complaint [DE 97], though the FAU Defendants have not sought

to dismiss all of the Counts against them. By agreement between counsel for the Union Defendants and Plaintiff, the Union Defendants' responses to requests for production and interrogatories previously filed by the Plaintiff are due February 1, 2017, and the Union Defendants' previously-served discovery requests have been withdrawn. In light of the Plaintiff's Second Amended Complaint and the respective positions of the FAU and Union Defendants, the Union Defendants hereby move this Court to stay discovery as to the Union Defendants only, pending the Court's ruling on the Motion to Dismiss the Second Amended Complaint.

## Memorandum of Law

**A. Granting a Stay of Discovery is Favored When a Motion to Dismiss is Dispositive of Plaintiff's Claim and the Legal Sufficiency of the Motion Should Be Decided Prior to Discovery.**

This Court should address the Union Defendants' potentially dispositive Motion before they bear the time and cost of the discovery process. The Eleventh Circuit has stated that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss...should...be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997). The Eleventh Circuit concluded "[t]herefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.*; *see also Moore v. Potter*, 141 Fed. Appx. 803, 807 (11th Cir. 2005) (finding no error in the district court's imposition of a stay pending resolution of a motion to dismiss); *Cotton v. Mass. Mut. Life Ins. Co.,* 402 F.3d 1267, 1292 (11th Cir. 2005) (holding facial challenges to the legal sufficiency of a claim should be "resolved before discovery begins"). In *Chudasama*, the Court further explained that allowing discovery prior to ruling on a motion to dismiss "encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs," and also stated that "any legally

unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." *Id.* at 1368.

In this case, the Court should exercise its broad powers over discovery matters to stay discovery as to the Union Defendants only until it has ruled on the sole remaining claim against the Union Defendants. Specifically, the Court "has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Petrus v. Bowen*, 833 F.2d 581 (5th Cir. 1987)); *see also Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (finding that district court did not abuse its discretion in granting stay of discovery during the pendency of potentially dispositive motion to dismiss); *Spencer Trask Software & Information Servs., LLC, v. Rpost Int'l Ltd.,* 206 F.R.D. 367, 368 (S.D. N.Y. 2002) (stating good cause for staying discovery exists where dispositive motion has been filed and stay is for a short period of time). Where the Defendants' Motion to Dismiss could potentially result in a dismissal with prejudice as it pertains to the Union Defendants, the interests of efficiency and judicial economy are well-served by staying discovery until these preliminary issues are settled.

**B. Good Cause Exists to Support a Stay of Discovery and a Stay Would Be Reasonable Until the Court Rules on the Defendants' Motion to Dismiss.**

The Union Defendants have shown good cause for a brief stay of discovery pending ruling on their portion of the Motion to Dismiss, and their request is reasonable. Pursuant to Rule 26(c), *Federal Rules of Civil Procedure,* a court has broad discretion to stay discovery upon a showing of good cause and reasonableness. *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). When deciding upon a motion to stay discovery, the Court must take a "preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *McCabe*, 233 F.R.D. at 685. Additionally, the Court must "balance the harm

produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.* (quoting *Feldman*, 176 F.R.D. at 652-53).

A temporary stay of discovery as to the Union Defendants during the pendency of the Defendants' Motion to Dismiss is appropriate in this case. Simply taking a "preliminary peek" at the Motion to Dismiss [DE __], the Court should determine that the Union Defendants have raised a case-dispositive ground to dismiss the lone Count against them, and that there is "an immediate and clear possibility" that the Motion to Dismiss will be granted. *Feldman*, 176 F.R.D. at 652. Plaintiff's Second Amended Complaint has "not nudged [the Plaintiff's] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon taking its initial review of the Defendants' Motion, the Court will see that the Union Defendants' requested relief is "clearly meritorious and truly case dispositive" of the vast majority of Plaintiff's claims. *McCabe*, 233 F.R.D. at 685.

Further, granting a temporary stay of discovery will not prejudice the Plaintiff should discovery eventually become necessary. Given that the Court's December 15, 2016 Order dismissing the Counts against the Union Defendants also removed pre-trial deadlines to be replaced at a later date by the Court, Plaintiff will in fact have adequate time for discovery should the Motion to Dismiss be denied. *See Allmond v. City of Jacksonville*, No. 3:07-cv-1139-J-33TEM, 2008 WL 2704426, at *2 (M.D. Fla. July 8, 2008) (granting a motion to stay discovery pending adjudication of the motion to dismiss, because plaintiff would have adequate time for discovery if motion was denied); *Spencer Trask*, 206 F.R.D. at 368 (granting motion to stay pending resolution of a motion to dismiss "will neither unnecessarily delay the action nor prejudice the plaintiffs").

Thus, a temporary stay of discovery as to the Union Defendants pending resolution of the Defendants' Motion to Dismiss is appropriate and reasonable, as good cause has been shown where the Motion to Dismiss raises "clearly meritorious and truly case dispositive" grounds for dismissal of the case, *McCabe*, 233 F.R.D. at 685, and there is more than "an immediate and clear possibility" that the motion will be granted, *Feldman*, 176 F.R.D. at 652. Additionally, Plaintiff will not be prejudiced if discovery is temporarily stayed until the Court rules on the Motion to Dismiss.

**C. Discovery at This Stage Would Unnecessarily Waste the Parties' and the Court's Resources.**

At this juncture, proceeding with discovery while Union Defendants' Motion to Dismiss is pending would result in unnecessary discovery and expense for the parties and would waste this Court's time in dealing with many discovery issues that will become moot upon the Court's ruling on the Defendants' Motion to Dismiss. *See* Fed. R. Civ. P. 26(c) (providing a protective order to prevent discovery if such discovery would cause a party "undue burden or expense"); *see also Chavous v. District of Columbia Fin. Responsibility and Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.C. Cir. 2001) (quoting *Coastal States Gas Corp. v. Dep't of Energy,* 84 F.R.D. 278, 282 (D. Del. 1979) ("A stay of discovery pending the determination of a dispositive motion 'is eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources'")).

Further, the Eleventh Circuit has stated that the parties' and the Court's resources should not be wasted by allowing discovery in a case, like this one, that is not likely to survive a pending motion to dismiss:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be

> avoided... Allowing a case to proceed through the pretrial process with an invalid claim that increases the costs of the case does nothing but waste the resources of litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Chudasama,* 123 F.3d at 1368.

Additionally, if discovery is permitted while the Court is still considering the FAU Defendants' Motion to Dismiss, then any discovery that occurs between now and the date the Court rules upon the pending Motion to Dismiss will represent unnecessary costs and judicial resources, and undermine the fundamental principles of discovery as set forth in *Chudasama*. Therefore, granting a protective order or motion to stay discovery under Rule 26(c), *Federal Rules of Civil Procedure*, would be in the best interest of judicial economy and would not unduly tax the parties' time and limited resources.

WHEREFORE, Union Defendants respectfully request that the Court grant their Motion to Stay Discovery as to Union Defendants Only Pending Ruling on Motion to Dismiss, along with any further relief that the Court deems just and appropriate under the circumstances.

## **LOCAL RULE 7.1(A)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(A)(3), undersigned counsel certifies that his office has conferred with Plaintiff's counsel in a good faith effort to resolve the issues raised in this motion, and that Plaintiff's counsel has indicated that they do not agree with the relief sought.

/s/  Robert F. McKee
ROBERT F. McKEE
Florida Bar Number 295132
yborlaw@gmail.com
ROBERT F. McKEE, P.A.
1718 E. 7th Ave., Suite 301
Tampa, FL 33605

                                              (813) 248-6400
                                              (813) 248-4020 (Fax)
                                              Secondary Email: bdjarnagin@gmail.com
                                              Attorney for Florida Education Association, United Faculty of Florida, Robert Zoeller, and Michael Moats

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 18, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing system:

                                              /s/  Robert F. McKee
                                              ROBERT F. McKEE

## **SERVICE LIST**

Joel D Medgebow
joel@medgebowlaw.com

Louis Frank Leo, IV
louis@floridacivilrights.org

Matthew Benzion
mab@benzionlaw.com