# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

JAMES TRACY,       )
             )
       Plaintiff,   )
             )  Case No. 9:16-cv-80655-RLR-JMH
    v.         )
             )
FLORIDA ATLANTIC UNIVERSITY )  **PLAINTIFF'S MOTION TO COMPEL**
BOARD OF TRUSTEES, a/k/a FLORIDA )  **ANSWERS TO INTERROGATORIES**
ATLANTIC UNIVERSITY, et al.   )  **AND FOR EXTENSION OF DISCOVERY**
             )  **LIMITS AND INCORPORATED**
             )  **MEMORANDUM OF LAW**
       Defendants. )

   Plaintiff JAMES TRACY, by and through the undersigned, hereby respectfully submits this Motion to Compel Answers to Interrogatories by Defendants John Kelly, Diane Alperin and Heather Coltman (collectively sometimes hereinafter the "individual FAU Defendants"). This Motion also sets forth the basis for Plaintiff's request to have the limits on the number of interrogatories extended to allow all existing interrogatories to be answered by the individual FAU Defendants. In support of his motion, Plaintiff states as follows:

   1.  This Motion is occasioned by the wholesale failure of the individual FAU Defendants to provide meaningful responses to Plaintiff's interrogatories, apart from sparse and woefully incomplete and evasive interrogatory responses and boilerplate, non-applicable objections. In sum, the individual FAU Defendants have failed to answer, or provide meaningful answers, to nearly all interrogatories propounded by Plaintiff. Plaintiff has diligently attempted to resolve these problems without Court intervention, having met and conferred with FAU Defendants' counsel both by telephone and in writing.

   2.  Because it would require a much larger filing than is warranted under the circumstances, in view of the lack of responses and multitude of boilerplate and improper

objections mounted by the individual FAU Defendants in this case, this Motion and incorporated memorandum of law provides only illustrative examples of the many outstanding interrogatories that the individual FAU Defendants have refused to respond to fully. A more detailed discussion beyond the matters set forth in Plaintiff's counsel's letters detailing deficiencies in the individual FAU Defendants' responses [as outlined below] will be provided to the Court, either in a reply brief or at a hearing on the Motion, if necessary.

3.      Attached as Composite Exhibit "A", "B" and "C" are copies of Plaintiff's initial interrogatories directed to the individual FAU Defendants.

4.      Attached as Exhibits "D", "E" and "F" are the deficient discovery responses of Defendants Kelly, Alperin and Coltman, which were partly received by the undersigned on February 10, 2017, and received fully on February 13, 2017.

5.      On February 28, 2017, Plaintiff's counsel wrote to counsel for the individual FAU Defendants, in an effort to resolve the outstanding discovery dispute, outlining the various deficiencies in each respective individual FAU Defendant's discovery response, which are nearly identical. Plaintiff also requested a privilege log setting forth the basis for the individual FAU Defendants' claims of privilege. *See* Exhibits "G", "H" and "I".

6.      On March 8, 2017, the individual FAU Defendants, through their counsel, responded to Plaintiff's counsel, standing on every objection and denying any obligation to provide meaningful responses to Plaintiff's interrogatories, or to provide a privilege log, indicating that the individual FAU Defendants would not "revisit" their answers unless and until Plaintiff narrowed his requests; each individual FAU Defendant also directed Plaintiff to seek leave of Court "if Plaintiff desires answers to interrogatories numbered 8 – 19". *See* Exhibits "J", "K" and "L".

7.     Given the intolerable failure of Defendants Kelly, Alperin and Coltman to provide meaningful discovery responses to Plaintiff's initial requests, Plaintiff hereby seeks judicial intervention to resolve this matter.

8.     This Motion has been made in good faith and not for purpose of delay and no party will be prejudiced by the relief sought.

## MEMORANDUM OF LAW

### I.     INTRODUCTION

Plaintiff, Dr. James Tracy, was unlawfully terminated from his tenured faculty position at Florida Atlantic University by the individual FAU Defendants, who conspired with representatives from his faculty union. The unjustifiable discharge, in retaliation for Plaintiff's personal blogging, violated Plaintiff's civil rights, including his First Amendment right to freedom of speech, giving rise to the present action. Plaintiff's Second Amended Complaint contains six (6) counts: Count I, Retaliation against the Defendant University and Defendants Kelly, Alperin and Coltman [*see* D.E. 93, Sec. Am. Compl. ¶¶ 122-137]; Count II, Conspiracy to Interfere With Civil Rights, Against Defendants Alperin, Coltman, Kelly, Zoeller, Moats, Defendants UFF and FEA and Defendant University [*see id.* ¶¶ 138-167]; Count III Facial Challenge to FAU's "Conflict of Interest/Outside Activities" Policy (hereinafter sometimes "the Policy") Against Defendant University [*see id.* ¶¶ 168-190]; Count IV "As-Applied" Violation of Professor Tracy's Rights to Free Speech Under the First and Fourteenth Amendments Against Defendant University [*see id.* ¶¶ 191-213]; Count V, Declaratory Judgment & Injunction Against Defendant University [*see id.* ¶¶ 214-221]; and Count VI, Breach of Contract Against Defendant University [*see id.* ¶¶ 222-232].

In response to Plaintiff's Second Amended Complaint, the individual FAU Defendants have completely denied all allegations, including use of FAU Defendants' "Conflict of Interest/Outside Activities" Policy as a pretext to retaliate against Plaintiff for his personal blogging. Among many other purported defenses, most of which are either improper or insufficiently pled and will likely require striking by the Court, the individual FAU Defendants have attempted to assert the following defenses:

- o "Plaintiff's claims are barred or otherwise fail because at all relevant times the FAU Defendants (i) published, disseminated, and enforced an internal and neutral policy requiring disclosure of outside activities and conflicts of interest, (ii) Plaintiff unreasonably failed to follow the FAU Defendants' policy, and (iii) Plaintiff unreasonably failed to take advantage of the due process rights afforded to him by the FAU Defendants or to otherwise avoid harm."

- o "Plaintiff's claims fail because any actions or decisions in connection with Plaintiff's employment were based on legitimate, non-retaliatory reasons, and would have been taken even in the absence of any alleged protected speech. Plaintiff was repeatedly warned that his failure to follow policy would result in disciplinary action, including possible termination."

- o "Plaintiff flaunted Defendant University's policy by refusing to comply. Plaintiff's belligerent, rebellious conduct was deliberate and intentional."

- o "While Plaintiff appeared to embrace his nonconformist behavior thinking it would publicize his interests in the light he deemed helpful, the Defendant University's policy and intent were unrelated to such interests and were intended to provide Defendant University with necessary information for various legitimate and proper reasons."

- o "While Defendant University embraces and endorses free-speech, Defendant University maintains policies applicable to all employees (not just to Plaintiff), which do not inhibit free speech and are designed to ensure that the Defendant University is able to address and anticipate in a reasonable manner potential conflicting circumstances which include, among other things, business and personal interests outside of the Defendant University that create conflicts of interest or commitment on the part of Defendant University's personnel."

○ "Plaintiff's claims for punitive damages are barred or limited because the FAU Defendants did not have knowledge that they may be acting in violation of federal or state law (which conduct the FAU Defendants deny)."

○ "Plaintiff's claims for punitive damages are barred or limited because any alleged retaliation (which the FAU Defendants deny) was contrary to the FAU Defendants' good faith efforts to comply with the requirements of applicable law."

○ "Plaintiff's claims for punitive damages are barred or limited because the FAU Defendants did not act with malice or reckless indifference to Plaintiff's protected rights. Further, the FAU Defendants did not act in a manner that was willful, wanton, or intentional with regard to Plaintiff's protected rights."

○ "Plaintiff cannot recover punitive damages because a managing agent of the Defendant University did not act with willful, reckless indifferences, or malicious intent with regard to the Plaintiff's protected rights."

*See* D.E. 107, FAU Defendants' Answer and Affirmative Defenses.

## II.    LEGAL STANDARD

"Mutual knowledge of all relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507-508 (1947). Rule 26(b)(1) of the Federal Rules of Civil Procedure provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Relevancy should be construed liberally. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Discovery should ordinarily be allowed as relevant unless it is clear the information sought can have no possible bearing upon the subject matter of the action. *Snowden v. Connaught Laboratories, Inc.*, 137 F.R.D. 325, 329 (D. Kan. 1991).

## Relevant Time Period

An area of dispute that affects the entire pending discovery in this case is the relevant time period. The interrogatories interposed by Plaintiff seek information for the period "January 2012 through the date of full and complete response." *See* Exhibit "A"–"C". The only documents produced in this case to date pursuant to public record requests, were largely limited to documents concentrated in the time frame between October and December 2015.

It is well established that, where a conspiracy is alleged, as here, Plaintiff is entitled to discovery for the full temporal scope of the alleged conspiracy. *See, e.g., FTC v. Lukens Steel Co.*, 444 F. Supp. 803, 805-806 (D.D.C. 1977). In addition to discovery covering the years of the alleged conspiracy, Plaintiff is entitled to discovery for reasonable periods of time pre-dating and post-dating the allegations in the Second Amended Complaint, including the alleged conspiracy to interfere with Plaintiff's civil rights, which in this case is January 2012 to the present. *See In re Folding Carton Antitrust Litig.*, 83 F.R.D. 251 (N.D. Ill. 1978)(discovery allowed for several years beyond the alleged conspiracy period as relevant to the existence of the alleged conspiracy); *Goldinger v. Boron Oil Co.*, 60 F.R.D. 562, 563-64 (W.D. Pa. 1973).

Plaintiff has alleged not only a conspiracy between the individual FAU Defendants and third parties, but Plaintiff has also challenged the constitutionality of Defendant University's "Conflict of Interest/Outside Activities" Policy. Thus, the relevant time period for Plaintiff's challenges to the Policy, and for Plaintiff's retaliation claim against the individual FAU Defendants (who are alleged to have used the Policy as a pretext to discipline and terminate Plaintiff) is the period of time from the beginning of the Policy (a date not yet determined by Plaintiff) to the present, which is relevant and necessary, for example, to establish how the Policy

was interpreted and applied to tenured faculty members at the Defendant University since its inception, and whether the Policy was used as a pretext to terminate Plaintiff.

In sum, there is no legitimate excuse for the individual FAU Defendants to arbitrarily limit the applicable discovery period, given the relevant period of time.

## Plaintiff's Interrogatories

The nineteen (19) interrogatories propounded by Plaintiff ask the individual FAU Defendants for very basic[1] information, including their knowledge of Plaintiff's blogging, documents and complaints pertaining to Plaintiff and the Defendant University's "Conflict of Interest/Outside Activities" Policy, the alleged conspiracy to violate Plaintiff's civil rights, and violations of similarly situated FAU faculty members' constitutional rights. *See* Exhibit "A". Each individual FAU Defendant has elected to stonewall Plaintiff, arbitrarily and absurdly claiming nearly all of the relevant information requested by Plaintiff is "not proportional to the needs of the case". *See* Exhibits "D"–"G".

An overarching issue with the individual FAU Defendants' deficient objections and answers is the fact that it is unclear from any of the boilerplate, non-responsive objections, whether FAU Defendants possess any additional responsive and relevant documents, including complaints and other communications, which were not previously produced to Plaintiff. FAU Defendants also dubiously claim they "cannot produce" privilege logs at this time, which is a clear violation of Local Rule 26.1(e)(2)(C). *see also In re Grand Jury Subpoena*, 831 F.2d 225, 227 (11th Cir.1987); *Hickman v. Taylor*, 329 U.S. 495, 511 (1947).

---

[1] For example, FAU Defendants refuse to disclose to Plaintiff their personal addresses and contact information, including personal email addresses, baldly asserting that this relevant information is somehow protected from disclosure due to "safety and privacy" concerns. FAU Defendants ignore the clear relevance of this information, and instead assert, "Plaintiff has already been provided with sufficient means to contact" the individual FAU Defendants "should that become necessary". *See Panola Land Buyers Association v. Shuman, et al.*, 762 F. 2d 1550, 1559 (11th Cir. 1985)(a party resisting discovery must show specifically how each interrogatory is not relevant).

Furthermore, the individual FAU Defendants are standing on their objections and refusal to answer Plaintiff's Interrogatories 8–19, claiming Plaintiff's nineteen (19) interrogatories "exceed 25 written interrogatories" because the individual FAU Defendants have arbitrarily chosen to count what they believe to be in excess of eighteen (18) purported "subparts" within Plaintiff's first seven (7) interrogatories. Assuming for the sake of argument FAU Defendants' counting is accurate (which Plaintiff denies), each individual FAU Defendant nonetheless refused to respond separately to any subpart, instead mounting a multitude of improper shotgun objections to the first seven (7) interrogatories at issue, and utterly failing to show how each request is not relevant or not proportional to the needs of the case.

For example, in response to Interrogatory No. 7, which the individual FAU Defendants claim to be nine (9) separate interrogatories, each individual FAU Defendant provided only one response, in shotgun fashion, objecting to the entire request as "overbroad" and "not proportional to the needs of the case". *See* Exhibit "D"–"F". They also vaguely reference "hundreds of complaints" which each individual FAU Defendants claims would be "unduly burdensome" to identify. *Id.* Each individual FAU Defendant also asserts that complaints relating to "the constitutional rights of any FAU faculty members, including freedom of speech" are not relevant to this proceeding. However, all of the information sought by Plaintiff is clearly relevant to the claims and defenses at issue in the above-referenced action, and proportional to the needs of this case pursuant to Fed. R. Civ. P. 26(b)(1). Moreover, despite arguing Interrogatory 7 is nine (9) separate interrogatories, the individual FAU Defendants nonetheless failed to respond separately and fully to each subpart and thus have failed to comply with Rule 33(b)(3) of the Federal Rules of Civil Procedure. Because they failed to respond to any purported subparts separately, the

individual FAU Defendants have each waived any objections to those respective subparts, if any. *See* Fed. R. Civ. P. 33(b)(4).

Moreover, the individual FAU Defendants refuse to agree to respond to Plaintiff's Interrogatories 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18 or 19, stating, "if Plaintiff desires answers to his interrogatories numbered 8 – 19, then Plaintiff must seek leave from the Court." Exhibits "J"–"L".

## III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order overruling each and every objection asserted by Defendants Kelly, Alperin and Coltman in response to Plaintiff's interrogatories, and compelling the individual FAU Defendants to answer fully each interrogatory and produce a privilege log for any and all documents and/or information being withheld on the basis of privilege. To the extent FAU Defendants continue to stand on their objections to the discovery limits for interrogatories, Plaintiff respectfully requests that the limits be relaxed and the individual FAU Defendants be ordered to answer fully Plaintiff's interrogatories numbered 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18 and 19. Plaintiff further respectfully requests any and all additional relief as is just and proper.

## LOCAL RULE 7.1 (A)(3) CERTIFICATION

Pursuant to Local Rule 7.1 (A)(3), I hereby certify that the undersigned has conferred with the individual FAU Defendants' counsel in a good faith effort to resolve the issues raised in this motion and the individual FAU Defendants refused to revisit their deficient responses, and directed Plaintiff to seek leave of court for the relief sought herein.

Dated: March 10, 2017

/s/ Louis Leo IV      .
Louis Leo IV, Esq

Florida Bar No. 83837
Florida Civil Rights Coalition, P.L.L.C.
4171 W. Hillsboro Blvd. Suite 9
Coconut Creek, FL 33073
Telephone: 954-478-4223
Fax: 954-239-7771
louis@floridacivilrights.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 10th day of March, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF to be served this day per the following Service List.

/s/ Louis Leo IV     .
Louis Leo IV, Esq.

## SERVICE LIST

Louis Leo IV, Esq. (louis@floridacivilrights.org)
Joel Medgebow, Esq. (Joel@medgebowlaw.com)
Matthew Benzion, Esq. (mab@benzionlaw.com)
Florida Civil Rights Coalition, P.L.L.C., Medgebow Law, P.A. & Benzion Law, P.A.
4171 W. Hillsboro Blvd. Suite 9
Coconut Creek, Florida 33073

*Counsel for Plaintiff*

Gerard J. Curely, Jr., Esq. (jcurley@gunster.com)
Keith E. Sonderling, Esq. (ksonderling@gunster.com)
Holly Griffin, Esq. (hgriffin@gunster.com)
Gunster, Yoakley & Stewart, P.A.
777 South Flagler Dr. Suite 500 East
West Palm Beach, FL 33401

*Counsel for FAU Defendants*

Robert F. McKee, Esq. (yborlaw@gmail.com),
Christopher Borzell, Esq. (cborzell@gmail.com)
Melissa Mihok, Esq. (melissa@melissacmihokpa.com)
Robert F. McKee, P.A. & Melissa C. Mihok, P.A.
1718 E. Seventh Ave. Ste. 301
Tampa, FL 33605

*Counsel for Union Defendants*