# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JAMES TRACY, ) | |
| ) | |
| Plaintiff, ) | Case No. 9:16-cv-80655-RLR-JMH |
| ) | |
| v. ) | |
| ) | |
| FLORIDA ATLANTIC UNIVERSITY ) | **PLAINTIFF'S MOTION TO STRIKE** |
| BOARD OF TRUSTEES, a/k/a FLORIDA ) | **DEFENDANTS' AFFIRMATIVE** |
| ATLANTIC UNIVERSITY, et al. ) | **DEFENSES AND INCORPORATED** |
| ) | **MEMORANDUM OF LAW** |
| ) | |
| Defendants. ) | |

Plaintiff JAMES TRACY, by and through the undersigned, hereby respectfully submits this Motion to Strike the Affirmative Defenses filed by the Defendants Florida Atlantic University Board of Trustees a/k/a Florida Atlantic University, John Kelly, Diane Alperin and Heather Coltman (collectively hereinafter the "FAU Defendants") and Defendants Florida Education Association, United Faculty of Florida, Michael Moats and Robert Zoeller, Jr. (collectively hereinafter the "Union Defendants"). In support of his motion, Plaintiff states as follows:

1.      This Motion is occasioned by the Defendants' filing of seventeen boilerplate, redundant, insufficient and/or legally baseless affirmative defenses on February 28, 2017. *See* D.E. 106, p. 11 & D.E. 107, pp. 73-76.

2.      On March 8, 2017, Plaintiff's counsel wrote to counsel for FAU Defendants, concerning FAU Defendants' affirmative defenses and problematic responses to several of Plaintiff's allegations. *See* Exhibit "A".

3.      On March 9, 2017, Plaintiff's counsel also wrote to counsel for the Union Defendants concerning Union Defendants' affirmative defenses. *See* Exhibit "B".

4.      On March 15, 2017, FAU Defendants agreed to revise their Answer and Affirmative Defenses, to amend FAU Defendants' responses to Paragraphs 11, 12, 13, 32, 33, 34, 35, 58, 74, 107, 169, 178, 225, and 226; to remove Affirmative Defenses 1, 11, 12, 13, 14; and to amend Affirmative Defenses 2, 3, 5, 8 and 15; FAU Defendants refused to remove or amend Affirmative Defense 4, 6, 7, 9 and 10. *See* Exhibit "C".

5.      Moreover, FAU Defendants agreed to amend by March 25, 2017, after Plaintiff's March 21st deadline to move to strike the original pleading. FAU Defendants' proposed amendments and refusal to withdraw their remaining improper affirmative defenses thus necessitates the present motion.

6.      Counsel for Union Defendants indicated by telephone the Union Defendants' would not agree to amend or remove either of their affirmative defenses.

7.      Accordingly, pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff moves to strike the Defendants' remaining affirmative defenses as outlined below.

<u>**MEMORANDUM OF LAW**</u>

## I.  INTRODUCTION

Plaintiff's Second Amended Complaint [D.E. 93] contains six (6) counts: Count I, First Amendment Retaliation against the Defendant University and Defendants Kelly, Alperin and Coltman [*see* Sec. Am. Compl. ¶¶ 122-137]; Count II, Conspiracy to Interfere With Civil Rights, Against Defendants Alperin, Coltman, Kelly, Zoeller, Moats, Defendants UFF and FEA and Defendant University [*id.* ¶¶ 138-167]; Count III Facial Challenge to FAU's "Conflict of Interest/Outside Activities" Policy (hereinafter sometimes "the Policy") Against Defendant University [*id.* ¶¶ 168-190]; Count IV "As-Applied" Violation of Plaintiff's Rights to Free Speech Under the First and Fourteenth Amendments Against Defendant University [*id.* ¶¶ 191-

213]; Count V, Declaratory Judgment & Injunction Against Defendant University [*id.* ¶¶ 214-221]; and Count VI, Breach of Contract Against Defendant University [*id.* ¶¶ 222-232].

In response to Plaintiff's allegations, Union Defendants have pled two affirmative defenses [*see* D.E. 106, p. 11] and FAU Defendants have pled fifteen (15) affirmative defenses [*see* D.E. 107, pp. 73-76] most of which are clearly insufficient, redundant, impertinent and/or legally baseless.

## II.    LEGAL STANDARD

Under the Federal Rules of Civil Procedure, the Court may strike "an insufficient or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). An affirmative defense admits the facts of the complaint and asserts additional facts in justification or avoidance of a claim. *See Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005)(citation omitted). A defense which points out a defect in the Plaintiff's prima facie case is not an affirmative defense but rather a specific denial. *See Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1328 (S.D. Fla. 2011). Affirmative defenses fall under the general pleading requirements of Rule 8 of the Federal Rule of Civil Procedure and should be stricken if they fail to recite more than bare-bones conclusory allegations. *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007)). They should also be stricken when they are insufficient as a matter of law. *Id.* (citing *Microsoft Corp. v. Jesse's Computers and Repairs, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002)). A defense is insufficient as a matter of law if the pleading on its face is patently frivolous, or its clearly invalid as a matter of law. *Id.*

3

III.    ARGUMENT

As outlined below, nearly all of the Defendants' remaining purported affirmative defenses are either insufficiently pled or simply not affirmative defenses. Such conclusory, shotgun assertions, absent factual support and "address[ing] the complaint as a whole, as if each count was like every other count", are insufficient as a matter of law. *See Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir. 2001); see also e.g., *Paylor v. Hartford Fire Ins. Co.*,  748 F.3d 1117, 1127 (11th Cir. 2014); *Ledford v. Peeples*, 657 F.3d 1222, 1242 n.63 (11th Cir. 2011).

<u>**FAU Defendants' Affirmative Defenses**</u>

In response to Plaintiff's Second Amended Complaint, FAU Defendants have pled the following as affirmative defense(s):

*FAU Defendants' Affirmative Defense No. 1*

FAU's first affirmative defense asserts, "Plaintiff's claim fails to state a cause of action upon which relief can be granted." FAU Defendants have agreed to remove this affirmative defense.

*FAU Defendants' Affirmative Defense No. 2*

FAU Defendants' Second Affirmative Defense contains only the conclusory assertion, "Plaintiff's claim against the Defendant University is barred by sovereign immunity and the Eleventh Amendment to the U.S. Constitution." Here, FAU Defendants improperly attempt to assert two separate defenses as one, and fail to indicate which claim of the Plaintiff such defenses are being directed at.

It is well settled that sovereign immunity, which is separate and distinct from Eleventh Amendment immunity, does not bar Plaintiff's claims against the Defendant University in the above-referenced federal action. *See Alden v. Maine*, 527 U.S. 706 (1999). Moreover, the doctrine of Eleventh Amendment immunity cannot bar Plaintiff's claims in the above-referenced action, because

Plaintiff is expressly seeking only relief which is *not* barred by the Eleventh Amendment. *See Ex Parte Young*, 209 U.S. 123 (1908)*; Wu v. Thomas*, 863 F.2d 1543 (11th Cir. 1989)(holding Eleventh Amendment does not bar suits for equitable relief against state and/or state officers in their official capacities, nor damages against state officials in their individual capacities). Accordingly, this affirmative defense should be stricken with prejudice as inapplicable to any of the relief sought by Plaintiff in the above-referenced action. *See Patsy v. Board of Regents of the State of Florida*, 457 U.S. 496 (1982).

*FAU Defendants' Affirmative Defense No. 3*

FAU Defendants' Third Affirmative Defense contains only the conclusory assertion, "Plaintiff's claim against the individual FAU Defendants is barred by the doctrine of qualified immunity." Even if FAU Defendants' amend this affirmative defense to limit its application to Defendants Kelly, Alperin, and Coltman, on Counts I and II of the Second Amended Complaint, the affirmative defense would remain deficient under the *Twombly* and *Iqbal* standards, depriving Plaintiff of proper notice of the basis for the individual FAU Defendants' purported defenses. Accordingly, it should be stricken.

*FAU Defendants' Affirmative Defense No. 4*

FAU Defendants' Third Affirmative Defense asserts, "Plaintiff's claim is barred, in whole or in part, because he failed to exhaust administrative remedies under the applicable collective bargaining agreement." FAU Defendants have indicated that despite this affirmative defenses failure to indicate which claim it is directed at, they will keep it as drafted. This affirmative defense should be stricken because it contains only vague, non-specific allegations addressing the Second Amended Complaint as a whole, as if each count was like every other count, and is insufficient as a matter of law. Moreover, if this affirmative defense is directed at Plaintiff's claims pertaining to violations of his First Amendment rights, failure to exhaust administrative remedies, if any, is not a valid

affirmative defense to Plaintiff's allegations of violations of his freedom of speech and should be stricken with prejudice with respect to any of Plaintiff's constitutional claims.

*FAU Defendants' Affirmative Defense No. 5*

FAU Defendants' Fifth Affirmative Defense states:

> Plaintiff's claims fail because any actions or decisions in connection with Plaintiff's employment were based on legitimate, non-retaliatory reasons, and would have been taken even in the absence of any alleged protected speech. Plaintiff was repeatedly warned that his failure to follow policy would result in disciplinary action, including possible termination. Plaintiff flaunted Defendant University's policy by refusing to comply. Plaintiff's belligerent, rebellious conduct was deliberate and intentional. While Plaintiff appeared to embrace his nonconformist behavior thinking it would publicize his interests in the light he deemed helpful, the Defendant University's policy and intent were unrelated to such interests and were intended to provide Defendant University with necessary information for various legitimate and proper reasons. While Defendant University embraces and endorses free-speech, Defendant University maintains policies applicable to all employees (not just to Plaintiff), which do not inhibit free speech and are designed to ensure that the Defendant University is able to address and anticipate in a reasonable manner potential conflicting circumstances which include, among other things, business and personal interests outside of the Defendant University that create conflicts of interest or commitment on the part of Defendant University's personnel.

FAU Defendants wish to amend this purported defense to limit its application to Plaintiff's Count I (First Amendment Retaliation) claim this is an affirmative defense, hoping to inject into the above-referenced action an inapplicable standard from a Title VII case, *Goldsmith v. Babgy Elevator Co., Inc*., 513 F.3d 1261, 1277 (11th Cir. 2008). No amendment by the FAU Defendants would render this defense a valid affirmative defense to Plaintiff's constitutional, free speech claims in the present action. *See Pickering v. Board of Ed. of Township High School Dist. 205, Will Cty.*, 391 U.S. 563, 568 (1968); *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977); *Garcetti v. Ceballos*, 547 U.S. 410 (2006). Accordingly, it should be stricken with prejudice.

*FAU Defendants' Affirmative Defense No. 6*

FAU Defendants' Sixth Affirmative Defense is follows:

> Plaintiff's claims are barred or otherwise fail because at all relevant times the FAU Defendants (i) published, disseminated, and enforced an internal and neutral policy requiring disclosure of outside activities and conflicts of interest, (ii) Plaintiff unreasonably failed to follow the FAU Defendants' policy, and (iii) Plaintiff unreasonably failed to take advantage of the due process rights afforded to him by the FAU Defendants or to otherwise avoid harm.

FAU Defendants once again set forth conclusory allegations without any factual support whatsoever, and improperly address the Second Amended Complaint as a whole. This affirmative defense should be stricken because the first (i) and second (ii) purported defenses/theories asserted are clearly not affirmative defenses, and the third (iii) defense/theory that Plaintiff failed to "take advantage of the due process rights afforded to him by the FAU Defendants" is also not a valid affirmative defense to violations of Plaintiff's right to freedom of speech. FAU Defendants have indicated they wish to keep this affirmative defense, thus it should be stricken with prejudice.

*FAU Defendants' Affirmative Defense No. 7*

FAU Defendants' Seventh Affirmative Defense contains only the conclusory assertion, "Plaintiff's claims fail or are limited to the extent Plaintiff has failed in any respect to mitigate or minimize his alleged damages. Any earnings by Plaintiff and any amounts earnable with reasonable diligence by Plaintiff will reduce damages otherwise allowable to Plaintiff." Nothing in this boilerplate assertion indicates how Plaintiff failed to make reasonable efforts to alleviate the effects of any injury claimed. *See Century 21 Real Estate LLC v. Perfect Gulf Props., Inc.*, No. 608CV1890ORL28KR, 2010 WL 598696, at *5 (M.D. Fla. Feb. 17, 2010). FAU Defendants have indicated they will keep this affirmative defense as drafted, thus it should be stricken for failure to give Plaintiff proper notice of the basis for this purported defense.

*FAU Defendants' Affirmative Defense No. 8*

FAU Defendants' Eighth Affirmative Defense contains only the conclusory assertion

"Plaintiff's claims are barred or are limited to the extent Plaintiff's damages resulted from his own actions." Nothing in this boilerplate assertion indicates how Plaintiff acted in any way to cause himself injury. Thus, this affirmative defense is also insufficiently pled. The FAU Defendants have indicated they will amend this affirmative defense to add a short and plain statement of factual support. However, FAU Defendants have not agreed to limit its application to any particular count(s).

*FAU Defendants' Affirmative Defense No. 9*

For their ninth affirmative defense, FAU Defendants assert, "Plaintiff's conspiracy claim fails against the individual FAU Defendants on the grounds of the intra-corporate conspiracy doctrine."

The intra-corporate conspiracy doctrine is not applicable to Plaintiff's claim of Conspiracy to Interfere with Civil Rights, which alleges a conspiracy between FAU Defendants and third parties. *See* D.E. 105. Accordingly, this affirmative defense should be stricken with prejudice.

*FAU Defendants' Affirmative Defense No. 10*

FAU Defendants' Tenth Affirmative Defense contains only the conclusory assertion, "Plaintiff's claims for punitive damages are barred by sovereign immunity and the Eleventh Amendment to the U.S. Constitution." This is duplicative of FAU Defendants' Affirmative Defense 2, which, as explained above, is inapplicable to the above-referenced action since Plaintiff's claims against FAU officials in their official capacities are not barred by sovereign or Eleventh Amendment immunity, as a matter of law. See *Alden*, 527 U.S. at 710 ("A State's constitutional privilege to assert its sovereign immunity in its own courts does not confer upon the State a concomitant right to disregard the Constitution…"). FAU Defendants have elected to retain this inapplicable defense, necessitating its striking with prejudice.

*FAU Defendants' Affirmative Defense No. 11*

FAU Defendants' Eleventh Affirmative Defense contains only the conclusory assertion,

"Plaintiff's claims for punitive damages are barred or limited because the FAU Defendants did not have knowledge that they may be acting in violation of federal or state law (which conduct the FAU Defendants deny)." FAU Defendants have agreed to remove this defense.

### *FAU Defendants' Affirmative Defense No. 12*

FAU Defendants' Twelfth Affirmative Defense contains only the conclusory assertion, "Plaintiff's claims for punitive damages are barred or limited because any alleged retaliation (which the FAU Defendants deny) was contrary to the FAU Defendants' good faith efforts to comply with the requirements of applicable law." FAU Defendants have agreed to remove this defense.

### *FAU Defendants' Affirmative Defense No. 13*

FAU Defendants' Thirteenth Affirmative Defense contains only the conclusory assertion, "Plaintiff's claims for punitive damages are barred or limited because the FAU Defendants did not act with malice or reckless indifference to Plaintiff's protected rights. Further, the FAU Defendants did not act in a manner that was willful, wanton, or intentional with regard to Plaintiff's protected rights." FAU Defendants have agreed to remove this defense.

### *FAU Defendants' Affirmative Defense 14*

FAU Defendants' Fourteenth Affirmative Defense contains only the conclusory assertion, "Plaintiff cannot recover punitive damages because a managing agent of the Defendant University did not act with willful, reckless indifferences, or malicious intent with regard to the Plaintiff's protected rights." FAU Defendants have agreed to remove this defense.

### *FAU Defendants' Affirmative Defense 15*

FAU Defendants' Fifteenth Affirmative Defense contains only the conclusory assertion, "Plaintiff's claims are barred by the doctrine of estoppel and waiver." Such boilerplate is clearly insufficient as a matter of law. FAU Defendants have indicated they will amend to add a short and plain statement of factual support. However, FAU Defendants have not indicated they will limit

its application to any particular count(s).

## Union Defendants' Affirmative Defenses

*Union Defendants' Affirmative Defense No. 1*

Union Defendants' First Affirmative Defense contains only the conclusory assertion, "Any damages Plaintiff claims to have suffered are the result of the Plaintiff's failure to file a grievance challenging his termination and not the result of any action or failure to act on the part of the Union Defendants." This purported defense is directed at Plaintiff's claims against Union Defendants for conspiracy to interfere with Plaintiff's constitutional right to freedom of speech. Failure to exhaust administrative remedies is not a valid affirmative defense to violations of Plaintiff's right to free speech, thus this affirmative defense should be stricken with prejudice.

*Union Defendants' Affirmative Defense No. 2*

Union Defendants' Second Affirmative Defense contains only the conclusory assertion, "Plaintiff fails to state a cause of action for conspiracy to violate his constitutionally protected rights." This is not an affirmative defense. *See In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 & n.9 (11th Cir. 1988). Union Defendants should not be permitted to reassert this argument, which the Court has already deemed insufficient, in the guise of an affirmative defense. *Id. See also* D.E. 105.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order striking the Defendants' remaining affirmative defenses as outlined above, and granting any and all further relief as is just and proper.

Plaintiff reserves the right to amend this Motion and relief sought to include the striking of any amended affirmative defenses later pled, or any affirmative defenses not removed as agreed by any of the Defendants.

## LOCAL RULE 7.1 (A)(3) CERTIFICATION

Pursuant to Local Rule 7.1 (A)(3), undersigned counsel certifies that his office has conferred with FAU Defendants' counsel in a good faith effort to resolve the issues raised in this motion. FAU Defendants have agreed to remove FAU Defendants' Affirmative Defenses 1, 11, 12, 13, 14, but have refused to remove Affirmative Defense 2, 3, 4, 5, 6, 7, 8, 9, 10 and 15. FAU Defendants have indicated they wish to amend Affirmative Defenses 2, 3, 5, 8 and 15 to limit their application and/or add factual support. Counsel for Union Defendants has indicated by telephone the Union Defendants will not remove or amend either of Union Defendants' Affirmative Defenses.

Dated: March 21, 2017

/s/ Louis Leo IV       .
Louis Leo IV, Esq
Florida Bar No. 83837
Florida Civil Rights Coalition, P.L.L.C.
4171 W. Hillsboro Blvd. Suite 9
Coconut Creek, FL 33073
Telephone: 954-478-4223
Fax: 954-239-7771
louis@medgebowlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of March, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF to be served this day per the attached Service List.

/s/ Louis Leo IV     .
Louis Leo IV, Esq.

11

### SERVICE LIST

Louis Leo IV, Esq. (louis@floridacivilrights.org)
Joel Medgebow, Esq. (Joel@medgebowlaw.com)
Matthew Benzion, Esq. (mab@benzionlaw.com)
Florida Civil Rights Coalition, P.L.L.C., Medgebow Law, P.A. & Benzion Law, P.A.
4171 W. Hillsboro Blvd. Suite 9
Coconut Creek, Florida 33073
*Counsel for Plaintiff*

Gerard J. Curely, Jr., Esq. (jcurley@gunster.com)
Keith E. Sonderling, Esq. (ksonderling@gunster.com)
Holly Griffin, Esq. (hgriffin@gunster.com)
Gunster, Yoakley & Stewart, P.A.
777 South Flagler Dr. Suite 500 East
West Palm Beach, FL 33401
*Counsel for FAU Defendants*

Robert F. McKee, Esq. (yborlaw@gmail.com)
Melissa Mihok, Esq. (melissa@melissacmihokpa.com)
Robert F. McKee, P.A. & Melissa C. Mihok, P.A.
1718 E. Seventh Ave. Ste. 301
Tampa, FL 33605
*Counsel for Union Defendants*