UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-80655-ROSENBERG/HOPKINS

JAMES TRACY,

      Plaintiff,

v.

FLORIDA ATLANTIC UNIVERSITY
BOARD OF TRUSTEES a/k/a FLORIDA
ATLANTIC UNIVERSITY; et al.,

      Defendants.

_____ /

## DEFENDANT FLORIDA ATLANTIC UNIVERSITY BOARD OF TRUSTEES' MOTION FOR PROTECTIVE ORDER AS TO THE DEPOSITION OF FORMER SENIOR ASSOCIATE GENERAL COUNSEL LAWRENCE GLICK

Defendant Florida Atlantic University Board of Trustees a/k/a Florida Atlantic University, ("Defendant University"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure hereby files its Motion for Protective Order as to the Deposition of former Senior Associate General Counsel Lawrence Glick, and in support thereof states as follows:

### I.      Background

Despite Defendant University's objections regarding the limitations of deposing in-house counsel because of the substantial risk of disclosing attorney-client privileged information, Plaintiff unilaterally noticed Defendant University's former Senior Associate General Counsel for deposition to occur on May 1, 2017.  Mr. Glick is the former Senior Associate General Counsel for Defendant University who was employed in such capacity at all times material to the

Second Amended Complaint.  Mr. Glick performed duties as Senior Associate General Counsel for Defendant University in furtherance of providing legal advice.

By unilaterally noticing Mr. Glick's deposition, without the required justification under the law, Plaintiff is attempting to circumvent the legal authority protecting attorneys, like Mr. Glick, from deposition.  Plaintiff provided no explanation for the necessity of Mr. Glick's deposition, except for the bare bones allegations that Mr. Glick was allegedly involved in a meeting with Defendant Zoeller in furtherance of an alleged conspiracy.  However, these allegations have since been debunked by sworn testimony.[1]  Finally, and as previously explained to the Plaintiff, there are alternative means of obtaining the information he seeks.  For instance, Plaintiff has properly noticed depositions of other non-attorney witnesses that could provide such information.   Notwithstanding this fact and Defendant University's strong objections to Plaintiff's request to depose one of their attorneys, Plaintiff unilaterally noticed Mr. Glick's deposition.  *See* Exhibits "A" and "B."  Therefore, the Defendant University is left with no other recourse than to request from this Court that it enter a protective order prohibiting Plaintiff from deposing Defendant University's former Senior Associate General Counsel, Mr. Glick.

## II.    Memorandum of Law

Under Rule 26(c), Federal Rules of Civil Procedure, a "party or any person from whom discovery is sought may move for a protective order . . . on matters relating to a deposition, in the court for the district where the deposition will be taken."  Rule 26(c), Fed. R. Civ. P.  "Courts should exercise great care before permitting the deposition of an attorney." *West Peninsular Title*

---

[1] The individual whom Plaintiff identifies as informing him of the alleged conspiracy among Mr. Glick and Defendant Zoeller has since testified that he has no personal knowledge of a conspiracy and only engaged in hypothetical discussions with Plaintiff regarding what could have potentially occurred.  A final transcript is forthcoming.

*Co. v. Palm Beach Cnty.*, 132 F.R.D. 301, 302 (S.D. Fla. 1990).  The confidentiality of attorney-client privileged communications "is an interest traditionally deemed worthy of maximum legal protection."  *Maharaj v. GEICO Cas. Co.*, 289 F.R.D. 666, 669 (S.D. Fla. 2013)(citing *State Farm Fla. Ins. Co. v. Puig*, 62 So. 3d 23, 27 (Fla. Dist. Ct. App. 2011)).  Indeed, "Federal courts . . . have held that depositions of attorneys inherently constitute an invitation to harass the attorney and parties, and to disrupt and delay the case."  *Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, 310 F.R.D. 523 (S.D. Fla. 2015) (citing *West Peninsular Title Co.*, 132 F.R.D. at 302).  Additionally, "costs are added to litigation, burdens are placed upon attorneys, and the attorney client relationship is threatened.  These presumptions may constitute good cause for obtaining a protective order" under the Rules.  *West Peninsular Title Co.*, 132 F.R.D. at 301 (internal citations omitted).

For these reasons, a party seeking to depose an attorney must "demonstrate that the deposition is the only practical means available of obtaining the information."  *Id*.  Further, Plaintiff must demonstrate "that the information sought 1) is relevant; 2) its need outweighs the dangers of deposing a party's attorney; and 3) the information sought will not invade the realm of the attorney's work product or interfere with the attorney-client privilege."  *Klayman v. Freedom's Watch, Inc.* 2007 WL 4414803, *4 (S.D. Fla. Dec. 14, 2007) (citing *West Peninsular Title*, 132 F.R.D. at 302).

### A.    Plaintiff Cannot Meet the Burden Required to Depose Mr. Glick

Plaintiff cannot establish that the deposition of Mr. Glick is the only practical means of obtaining the information he seeks.  With respect to the allegations in the Second Amended Complaint regarding a conspiracy, Plaintiff has already deposed Shane Eason, the individual

whom Plaintiff identified as notifying him of the alleged meeting that created the conspiracy. Plaintiff also deposed Defendant Zoeller, the other alleged participant in the alleged meeting, on Monday, April 17, 2017.  Defendant Zoeller denied any conversation with Mr. Glick regarding the Plaintiff.  Plaintiff clearly has other means of obtaining the information sought.  *See Sun Capital Partners, Inc.*, 310 F.R.D. at 528 (granting protective order for deposition of in-house counsel when the plaintiff had failed to demonstrate that taking the deposition of the attorney was the only practical means available of obtaining the information).

Furthermore, Plaintiff has not established, and cannot establish, that the information sought is relevant, that Plaintiff's need outweighs the dangers of deposing Mr. Glick, or that the information sought would not invade the realm of the attorney-client privilege or work product doctrine.  To the contrary, the testimony of Mr. Glick would necessarily include testimony regarding his role as Senior Associate General Counsel and would be protected by the attorney-client privilege and work product doctrine.  Without any doubt, even questions intended to relate solely to non-privileged subject matter may invade the realm of the attorney-client privilege. *West Peninsula Title Co.*, 132 F.R.D. at 303 ("As this Court is well aware, innocent inquiries at deposition often implicate work product or attorney-client privileges.").

Accordingly, Plaintiff cannot justify the deposition of Defendant University's former Senior Associate General Counsel and this Court should enter an Order prohibiting Plaintiff from taking this deposition.

WHEREFORE, Defendant, Florida Atlantic University Board of Trustees d/b/a Florida Atlantic University requests that this Court enter an order prohibiting Plaintiff from deposing Lawrence Glick, former Senior Associate General Counsel for Defendant University, and awarding all other relief deemed necessary and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

In compliance with Rule 7.1 of the Local Rules of the United States District Court Southern District of Florida, counsel for Defendant University conferred with counsel for the Plaintiff in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

*/s/ Holly L. Griffin*
G. Joseph Curley
Florida Bar No. 571873
Email:  gcurley@gunster.com
Keith E. Sonderling
Florida Bar No. 57386
Email:  ksonderling@gunster.com
Holly L. Griffin
Florida Bar No. 93213
Email:  hgriffin@gunster.com
Gunster, Yoakley & Stewart, P.A.
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone:  561-655-1980
Facsimile:  561-655-5677
*Attorneys for FAU Defendants*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 19, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Holly L. Griffin*

## SERVICE LIST

### Tracy v. Florida Atlantic University Board of Trustees, *et al.*
### Case No. 16-cv-80655-ROSENBERG/HOPKINS

Louis Leo IV, Esq.
Email:  louis@floridacivilrights.org
Florida Civil Rights Coalition, P.L.L.C.
4171 W. Hillsboro Blvd., Suite 9
Coconut Creek, FL 33073
Telephone:  954-478-4226
Facsimile:  954-239-7771
*Attorney for Plaintiff, James Tracy*

Robert F. McKee, Esq.
Email:  yborlaw@gmail.com
Christopher T. Borzell, Esq.
Email:  cborzell@gmail.com
Melissa C. Mihok, Esq.
Email:  melissa@melissacmihokpa.com
1718 E. 7th Avenue, Suite 301
Tampa, FL 33605
Telephone:  813-248-6400
Facsimile:  813-248-4020
*Attorney for Florida Education Association,*
*United Faculty of Florida, Robert Zoeller, Jr.,*
*and Michael Moats*

Joel Medgebow, Esq.
Email:  joel@medgebowlaw.com
Medgebow Law, P.A.
4171 W. Hillsboro Blvd., Suite 9
Coconut Creek, FL 33073
Telephone:  954-478-4226
Facsimile:  954-239-7771
*Attorney for Plaintiff, James Tracy*

G. Joseph Curley, Esq.
Florida Bar No. 571873
Email:  gcurley@gunster.com
Keith E. Sonderling, Esq.
Florida Bar No. 57386
Email:  ksonderling@gunster.com
Holly L. Griffin, Esq.
Florida Bar No. 93213
Email:  hgriffin@gunster.com
Sara N. Huff, Esq.
Florida Bar No. 98575
Email: shuff@gunster.com
Gunster, Yoakley & Stewart, P.A.
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone:  561-655-1980
Facsimile:  561-655-5677
Attorneys for *FAU Defendants*

WPB_ACTIVE 7721757.2