UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JAMES TRACY,<br>    Plaintiff,<br><br>v.<br><br>FLORIDA ATLANTIC UNIVERSITY BOARD OF TRUSTEES, a/k/a FLORIDA ATLANTIC UNIVERSITY, et al.<br><br>    Defendants. | Case No. 9:16-cv-80655-RLR-JMH<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT FAU'S MOTION FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW** |

COMES NOW, Plaintiff JAMES TRACY, files this Response in Opposition to Defendant FAU's Motion for Protective Order ("Motion") [DE 124] and Incorporated Memorandum of Law, and states as follows:

1. Attached are relevant communications from Plaintiff's counsel concerning this dispute which have been selectively omitted from the exhibits to Defendant's Motion. *See* Exhibit "A" (Plaintiff "will agree to limit the scope of the deposition to only that which is not protected by any form of privilege."). Plaintiff was left with no choice but to notice the deposition at issue after considerable and unnecessary delay, and then objection from Defendant.

2. Defendant's *former* general counsel and collective bargaining agent, Lawrence "Larry" Glick [hereinafter "Glick"] is a material witness and alleged co-conspirator in the conspiracy to violate Plaintiff's constitutional rights in this action. *See* Sec. Am. Compl. ¶¶ 50-53, 55, 88, 91, 110[1], 144, 145, 149, 155. [D.E. 93]. *See also* Plaintiff's Am. Initial Disclosures [D.E. 58].

3. Defendant relies upon the standard set forth in *West Peninsular Title*, however the

---

[1] ". . . Defendant Zoeller met with FAU General Counsel Glick at the Defendant University and agreed Defendants UFF and FEA would help the Defendant University, and Defendants Kelly, Alperin and Coltman in securing Professor Tracy's termination . . . ." Sec. Am. Compl. ¶ 110 [D.E. 93]

presumptions in that case should not apply in this dispute because Glick is not Defendant's counsel in this action and is no longer employed by Defendant. Furthermore, Glick did not have a role in representing the Defendant in this action. Glick is a material witness and the person with the best information concerning non-privileged matters relevant to claims and defenses in this action. *West Peninsular Title Co. v. Palm Beach County*, 132 F.R.D. 301, fn. 3 (S.D. Fla. 1990); *see also Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 730 (8th Cir. 2002)(explaining the proper application and scope of the *Shelton* test).

4. In his court filings, sworn interrogatories, and testimony on April 17, 2017, Defendant "Bob" Zoeller completely denied ever communicating with Glick about the Plaintiff. However, in February of 2016, shortly after Plaintiff's termination, Defendant Zoeller admitted to another UFF-FAU officer, FAU employee and whistleblower[2] that Zoeller conspired with Glick to end Professor Tracy's employment:

> **Q. Did you tell Professor Tracy that Zoeller worked with FAU's counsel – at least Zoeller told you that he worked with FAU's counsel and worked to get rid of Professor Tracy?**
>
> A. Yeah.

Eason Dep. 87:9-13. *See also* 93:24-94:13, April 3, 2017. [Composite Exhibit "B"].

5. The Union Defendants' counsel cleared up any confusion about whether Zoeller had admitted to the witness that there was a conspiracy to terminate Plaintiff's employment:

> **Q. I know you had just testif[ied] that you had heard Bob Zoeller tell you that there was a conspiracy to terminate James Tracy. Am I saying that correctly?**
>
> A. Yes.

*Id.* at 88:11-14. *See also* 96:14-97:5.

---

[2] Following signs of intimidation and fear, Plaintiff's counsel asked the witness to Zoeller's admissions whether he was worried about retaliation from Defendant FAU for his testimony. He responded, "Yes." *See Id.* at 91:23-92:7.

6. Defendant Moats admitted to multiple telephone, in-person and electronic communications with Glick concerning Plaintiff immediately prior to his unlawful termination, including a November 30, 2015 meeting at the Defendant University with Glick and Defendants Zoeller, Kelly and Alperin, which immediately preceded a Union Defendant vote to deny Plaintiff's rights. When asked what Moats discussed with Glick about Plaintiff, Moats testified that he lacked recollection and suggested Plaintiff's counsel should "ask" Glick.[3]

7. Defendants cannot show good cause to prevent the deposition of Glick, and fail to even argue good cause exists for this Motion. *Farnsworth v. Procter & Gamble Co.*, 758 F. 2d 1545, 1547 (11th Cir. 1985). Notwithstanding, must Plaintiff satisfy the *West Peninsular Title* standard in order to take the deposition of Glick, Plaintiff clearly does because the deposition of Glick is the only practical means of obtaining the information sought; the information sought will not interfere with the attorney-client privilege and is relevant and crucial to the preparation of the case. Plaintiff's need to depose Glick outweighs any dangers of deposing Defendant's former attorney. *See Convington v. Walgreen Co.*, 2012 WL 2120776, *3 (S.D. Fla. June 11, 2012).

8. Glick is the only remaining witness who can provide the non-privileged communications and information sought which are central to the claims and defenses asserted in this action. Plaintiff cannot serve Glick with interrogatories or obtain the information sought any other way. Plaintiff will be unduly prejudiced if this necessary deposition is prevented.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendants' Motion for Protective Order, and grant any and all further relief as is just and proper, including but not limited to awarding Plaintiff's attorneys' fees and costs in connection with Defendant's Motion.

---

[3] Transcripts have been ordered for the depositions of Defendants Zoeller and Moats which were conducted early this week and can be furnished to the Court upon receipt, should the Court deem it necessary.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of April, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record per the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Louis Leo IV
**Louis Leo IV, Esq.**
Florida Bar No. 83837
louis@floridacivilrights.org
**Joel Medgebow, Esq.**
Florida Bar No. 84483
joel@medgebowlaw.com
**Matthew Benzion, Esq.**
Florida Bar No. 84024
mab@benzionlaw.com
Florida Civil Rights Coalition, P.L.L.C.
& Medgebow Law, P.A.
4171 W. Hillsboro Blvd. Suite 9
Coconut Creek, FL 33073
Telephone: 954-478-4223
Fax: 954-239-7771

**SERVICE LIST**

Louis Leo IV, Esq. (louis@floridacivilrights.org)
Joel Medgebow, Esq. (Joel@medgebowlaw.com)
Matthew Benzion, Esq. (mab@benzionlaw.com)
Florida Civil Rights Coalition, P.L.L.C., Medgebow Law, P.A. & Benzion Law, P.A.
4171 W. Hillsboro Blvd. Suite 9
Coconut Creek, Florida 33073

*Counsel for Plaintiff James Tracy*

Gerard J. Curely, Jr., Esq. (jcurley@gunster.com)
Keith E. Sonderling, Esq. (ksonderling@gunster.com)
Holly Griffin, Esq. (hgriffin@gunster.com)
Sara Huff, Esq. (shuff@gunster.com)
Gunster, Yoakley & Stewart, P.A.
777 South Flagler Dr. Suite 500 East
West Palm Beach, FL 33401

*Counsel for Defendant Florida Atlantic University and FAU Defendants John Kelly, Diane Alperin and Heather Coltman*

Robert F. McKee, Esq. (yborlaw@gmail.com),
Melissa Mihok, Esq. (melissa@melissacmihokpa.com)
Robert F. McKee, P.A. & Melissa C. Mihok, P.A.
1718 E. Seventh Ave. Ste. 301
Tampa, FL 33605

*Counsel for Defendants Florida Education Association, United Faculty of Florida, Robert Zoeller, Jr., and Michael Moats*