UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-80655-ROSENBERG/HOPKINS

JAMES TRACY,

    Plaintiff,

v.

FLORIDA ATLANTIC UNIVERSITY
BOARD OF TRUSTEES a/k/a FLORIDA
ATLANTIC UNIVERSITY; et al.,

    Defendants.

_____/

## FAU DEFENDANTS' MOTION FOR SANCTIONS
## FOR FAILURE TO PRESERVE EVIDENCE

Defendants, Florida Atlantic University Board of Trustees a/k/a Florida Atlantic University, ("Defendant University"), John Kelly, Diane Alperin, and Heather Coltman (collectively the "FAU Defendants"), pursuant to Rule 37(e) of the Federal Rules of Civil Procedure hereby file this Motion for Sanctions for Failure to Preserve Evidence, and in support thereof states as follows:

### I. Introduction

Despite obtaining counsel as early as December 2015, Plaintiff failed to take *any* steps to properly preserve electronic evidence that is crucial to the FAU Defendants' defenses in this case. Only after the FAU Defendants served Plaintiff with their First Request for Production and on the eve of Plaintiff's deposition, Plaintiff notified the FAU Defendants that his home computer had been stolen and the blog at the center of Plaintiff's claims, Memory Hole Blog, had been allegedly hacked. Plaintiff testified during his deposition that he should have backed up

the contents of his computer and failed to do so. Now, Plaintiff is unable to produce evidence the he admits is directly related to the issues in this case, and the FAU Defendants' defenses, and the evidence cannot be restored.

Plaintiff's failure to take steps to properly preserve evidence in the case he initiated is sanctionable conduct under the Federal Rules of Civil Procedure. Because the evidence has been irretrievably lost, Plaintiff acted with the intent to deprive the FAU Defendants of the use of information, and the FAU Defendants are severely prejudiced, this case should be dismissed or other appropriate curative instructions should be given to the jury.

## II.     Background Facts

In response to a notice of proposed termination, in December 2015, Defendant United Faculty of Florida hired Plaintiff an attorney. *See* Exhibit "A," Plaintiff's Deposition, at 102:10-11. Plaintiff hired his current counsel, Louis Leo, in January 2016. *Id.* at 101:15-20. Plaintiff filed his initial complaint on April 25, 2016. This Court stayed discovery pending the outcome of Defendants' motion to dismiss. DE 71. The Court lifted the stay of discovery on December 15, 2016 in its Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. DE 92.

On March 23, 2017, the FAU Defendants served Plaintiff with a request for production of documents. On May 1, 2017, Plaintiff served his responses and objections to this discovery, notifying the FAU Defendants that

> in December 2016, Plaintiff's home was burglarized and two computers were stolen, including an iMac desktop which contained nearly all of Plaintiff's electronically stored information and records. To date, Plaintiff's stolen property has not been recovered by law enforcement authorities. Additionally, Plaintiff's blog was hacked and rendered inaccessible. Plaintiff's blog's original content has not been recovered.

*See* Exhibit "B." The FAU Defendants deposed Plaintiff regarding the alleged burglary and alleged hacking on May 2, 2017.

Plaintiff testified that his home was burglarized in the middle of the afternoon on December 22, 2016, when he stepped out for no more than thirty (30) minutes. Exh. A at 53:20-54:6. The only items taken were two computers, a small sound board, and a microphone. *Id*. at 54:9-16. Plaintiff testified that these computers contained "a good amount of" his information relating to FAU, Plaintiff's "[f]iles concerning this case" and "possibly some copies of personal work," which are at the heart of this case. *Id*. at 54:17-19; 56:13-19. Plaintiff did not take steps to back up the information anywhere else and had not provided copies to anyone, including his counsel. *Id*. at 54:20-23; 69:4-12. Plaintiff admitted he should have backed up the information on his computer. *Id.* at 54:20-23. As of May 2, 2017, the computers had not been recovered. *Id*. 53:25-54:2; 56:4-12.

Further, Plaintiff testified that his blog was "hacked," also in December 2016. *Id*. at 66:21-25. Plaintiff alleges that he hired an individual named Eric Sayward to host Plaintiff's blog and, after receiving payment and Plaintiff's content, Mr. Sayward ceased contact with Plaintiff. *Id.* at 62:2-63:5. Plaintiff testified he was unable to access the blog or any of its content and had not been successful in obtaining copies of the information from Mr. Sayward.[1] *Id*. Plaintiff failed to maintain copies of the information that he provided to Mr. Sayward and, any copies of original content Plaintiff may have kept were on his computer. *Id*. at 67:21-68:7. In short, all of Plaintiff's materials related to his claims in this case and the FAU Defendants' defenses were

---

[1] On May 31, 2017, Plaintiff served amended responses to Defendant University's Request for Production, purporting that the blog's "original content has now been restored and is publicly available online." However, a review of the website still shows error messages when navigating between pages.

3

irretrievably lost in or around December 2016, shortly after this Court lifted the stay of discovery.

### III.     Memorandum of Law

In the Eleventh Circuit, "[a] party has an obligation to retain relevant documents, including emails, where litigation is reasonably anticipated." *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 736 F. Supp. 2d 1317, 1324 (S.D. Fla. 2010).  The failure to properly preserve evidence in contravention to this obligation is sanctionable conduct. Rule 37(e) of the Federal Rules of Civil Procedure provides that the Court may sanction a party when "electronically stored information that should have been preserved in anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery . . . ."  Rule 37(e), Fed. R. Civ. P.  When the failure to preserve will prejudice another party, the Court "may order measures no greater than necessary to cure the prejudice;" however, when the spoliating party acted with the intent to deprive another party of the information's use in litigation, the Court may presume the lost information was unfavorable the party, instruct the jury that it must presume the information was unfavorable to the party, or dismiss the action. *Id*.

"Sanctions for spoliation of the evidence 'are intended to prevent unfair prejudice to litigants and to ensure the integrity of the discovery process.'" *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005).  "If direct evidence of bad faith is unavailable, the moving party may establish bad faith through circumstantial evidence." *Id*. (citing *Walter*, 2010 WL 2927962, at *2). To establish bad faith through circumstantial evidence, the moving party must establish: (1) evidence once existed that could fairly be supposed to have been material to the

4

proof or defense of a claim at issue in this case; (2) the spoliating party engaged in an affirmative act causing the evidence to be lost; (3) the spoliating party did so while it knew or should have known of its duty to preserve the evidence; and (4) the affirmative act causing the loss cannot be credibly explained as not involving bad faith by the reason proffered by the spoliator." *Id*. at 1323 (quoting *Walter*, 2010 WL 2927962, at *2). Courts in the Southern District of Florida have compared the "intent to deprive" standard to the "bad faith" standard in the Eleventh Circuit. *Living Color Enterprises, Inc. v. New Era Acquaculture, Ltd.*, 2016 WL 1105297, at fn6 (S.D. Fla. Mar. 22, 2016). "[I]n the spoliation context, ['bad faith'] means 'culpability and resulting prejudice' without any finding of "malice" necessary." *Id.* (citing *Austrum v. Fed. Cleaning Contractors, Inc.*, 149 F. Supp. 3d 1343 (S.D. Fla. Jan. 8, 2016)). "[T]he 'bad faith' factor requires a court to 'weigh the degree of the spoliator's culpability against the prejudice to the opposing party.'" *Austrum*, 149 F. Supp. 3d at 1349 (quoting *Flury*, 427 F. 3d 939).

Here, Plaintiff clearly had a duty to preserve evidence from the moment he decided to pursue litigation. *See Managed Care Solutions, Inc.*, 736 F. Supp. 2d at 1324. Defendant United Faculty of Florida provided Plaintiff a lawyer as early as December 2015 and Plaintiff even hired his current counsel, Mr. Leo, in January 2016. Clearly, the duty to preserve arose long before the data was lost in December 2016. Plaintiff admitted that he failed to back up the information on his computer, which he alleges was stolen from his home in December 2016. Plaintiff allegedly lost access to his own blog in December 2016 and had been unsuccessful in obtaining the original content until almost a month after his deposition. Plaintiff further testified that he did not provide copies of any of the information contained on either his computer or his blog to anyone, including his counsel. Plaintiff conceded during his deposition that the data is irretrievably lost.

5

Plaintiff has testified that the computers contained "a good amount" of his information related to Defendant University, his "files concerning this case," and "possibly some copies of personal work." Further, Plaintiff has lost all of the original content of his Memory Hole Blog. Plaintiff was terminated for his insubordinate refusal to submit required forms relating to his outside activities to Defendant University. Plaintiff alleges this reason is pretext and has now failed to preserve any of the materials related to his outside activities and the FAU Defendants' legitimate, non-retaliatory reason for termination. Plaintiff's actions in failing to preserve the contents of his computer and in changing hosts to an unknown individual, providing him with the only copies of Plaintiff's blog materials, and then subsequently losing access to the information is spoliation. Because of Plaintiff's wholesale failure to comply with his obligations to preserve evidence, the FAU Defendants are now denied access to information related to Plaintiff's claims and the FAU Defendants' defenses, including information at the very heart of this case.

WHEREFORE, Defendants, Florida Atlantic University Board of Trustees a/k/a Florida Atlantic University, ("Defendant University"), John Kelly, Diane Alperin, and Heather Coltman (collectively the "FAU Defendants"), request that this Court enter an order dismissing this case as a sanction for Plaintiff's failure to preserve evidence, and awarding all other relief deemed necessary and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 1, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/Holly L. Griffin*
Holly L. Griffin

## SERVICE LIST

**Tracy v. Florida Atlantic University Board of Trustees,** *et al.*
**Case No. 16-cv-80655-ROSENBERG/HOPKINS**

Louis Leo IV, Esq.
Email: louis@floridacivilrights.org
Florida Civil Rights Coalition, P.L.L.C.
4171 W. Hillsboro Blvd., Suite 9
Coconut Creek, FL 33073
Telephone: 954-478-4226
Facsimile: 954-239-7771
*Attorney for Plaintiff, James Tracy*

Robert F. McKee, Esq.
Email: yborlaw@gmail.com
1718 E. 7th Avenue, Suite 301
Tampa, FL 33605
Telephone: 813-248-6400
Facsimile: 813-248-4020
*Attorney for Florida Education Association, United Faculty of Florida, Robert Zoeller, Jr., and Michael Moats*

Joel Medgebow, Esq.
Email: joel@medgebowlaw.com
Medgebow Law, P.A.
4171 W. Hillsboro Blvd., Suite 9
Coconut Creek, FL 33073
Telephone: 954-478-4226
Facsimile: 954-239-7771
*Attorney for Plaintiff, James Tracy*

G. Joseph Curley, Esq.
Florida Bar No. 571873
Email: gcurley@gunster.com
Keith E. Sonderling, Esq.
Florida Bar No. 57386
Email: ksonderling@gunster.com
Holly L. Griffin, Esq.
Florida Bar No. 93213
Email: hgriffin@gunster.com
Sara N. Huff, Esq.
Florida Bar No. 98575
Email: shuff@gunster.com
Gunster, Yoakley & Stewart, P.A.
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone: 561-655-1980
Facsimile: 561-655-5677
Attorneys for *FAU Defendants*

WPB_ACTIVE 7777480.1

7