UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JAMES TRACY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FLORIDA ATLANTIC UNIVERSITY ) <br> BOARD OF TRUSTEES, a/k/a FLORIDA ) <br> ATLANTIC UNIVERSITY, et al. ) <br> ) <br> ) <br> Defendants. ) | Case No. 9:16-cv-80655-RLR-JMH <br><br> **PLAINTIFF'S RESPONSE <br> IN OPPOSITION TO <br> FAU DEFENDANTS' MOTION <br> FOR RULE 37 SANCTIONS** |

COMES NOW, Plaintiff JAMES TRACY, files this Response in Opposition to FAU Defendants' Motion for Sanctions (hereinafter the "Motion") [DE 129], and states as follows:

1. This First Amendment suit stems from Defendants' blatant disregard for the law and misuse of unconstitutionally vague, overbroad, and confusing state university policy to terminate Plaintiff's tenured professorship in retaliation for his constitutionally protected speech.

2. FAU Defendants' spoliation motion claims center on Plaintiff's blog, which was temporarily inaccessible but is now back online, and two stolen personal computers. As the party seeking spoliation sanctions, FAU Defendants bear the burden of proving: (1) that the missing evidence existed at one time; (2) that the alleged spoliator had a duty to preserve the evidence; and (3) that the evidence was crucial to the movant being able to prove its prima facie case or defense." *Brown Jordan Int'l, Inc. v. Carmicle*, 2016 WL 815827, at * (S.D. Fla. Mar. 2, 2016) (Rosenberg, J.), *aff'd*, 846 F.3d 1167 (11th Cir. 2017) (internal quotation marks omitted).

3. And, "[e]ven if all three elements are met, a party's failure to preserve evidence rises to the level of sanctionable spoliation <u>only where</u> the absence of that evidence is predicated on <u>bad faith</u>, such as where a party <u>purposely</u> loses or destroys relevant evidence." *Id*. (emphasis

added; internal quotation marks and alternations omitted).  FAU Defendants cannot meet such a showing here, particularly a showing of anything resembling bad faith, and thus the motion should be denied.

4. With respect to Plaintiff's personal blog, it not only is, and has been, publicly available online at http://memoryholeblog.com/, but the site has been known of and monitored by the Defendant University ("FAU") for years. Countless writings and other constitutionally protected speech of the Plaintiff, including the blog postings, have been produced to the Defendants, along with over-production of thousands of emails and other communications of the Plaintiff, including communications that have nothing to do with this case.  *See* Exhibit "A", pp. 9-25.  Thus, contrary to FAU Defendants' assertions, Plaintiff's constitutionally protected works, including his blog postings, have been preserved and produced, as well as his personal emails.

5. While it is true Plaintiff's blog was temporarily disabled, it is not and cannot be alleged Plaintiff acted with the intent to deprive the Defendants of any information from the blog.  If anything, Plaintiff actively posted to his personal blog throughout 2016, and his postings were undeniably publicly available for Defendants and their counsel to read and copy, both before and after Plaintiff's blog was temporarily disabled through no fault of Plaintiff.

6. The reason the blog became inaccessible is as follows. In late 2016, *more than seven (7) months* <u>after</u> the filing of the above-referenced action, Plaintiff was forced to move his blog to a new hosting provider in an effort to preserve the blog and all of its content. In fact, on November 18, 2016, the blog's original hosting provider threatened to deactivate and terminate Plaintiff's blog as a result of frivolous copyright infringement claims made against it for reasons unrelated to this case. Plaintiff was also given only a five (5) day deadline to move the blog. After hiring a web administrator to move the blog, Plaintiff was shortly thereafter locked out and

the site became compromised and infected with a virus. *See* Exhibit "B"; *see also* Exhibit "C", Declaration of Plaintiff.  Plaintiff certainly did not fail to preserve his blog or its contents. *Id*.

7. With respect to Plaintiff's personal computers, attached as Exhibit "D" is a copy of the Boca Raton Police Department Incident/Investigation Report concerning the burglary and theft at Plaintiff's residence on December 22, 2016. Plaintiff's personal computers, in addition to valuable studio equipment, were stolen.  *Id.*  In any event, relevant electronically stored information ("ESI") on Plaintiff's personal computers were previously preserved.  Plaintiff sent the relevant ESI to his counsel in January 2016, twelve months before the theft.  *See* Exhibit "C". Thus, there is no spoliation with respect to the stolen personal computers, and Defendant cannot allege any of Plaintiff's relevant electronic documents, messages or communications have been altered or lost.

8. The only electronically stored information relevant to this case which Plaintiff does not currently have in his possession, custody or control, would be the information the Defendants have and have not produced to Plaintiff or his counsel to date, including but not limited to all of Plaintiff's FAU.edu emails, which Plaintiff was deprived of following his unlawful termination and which presumably remain in Defendant FAU's possession.

9. Furthermore, Defendant FAU has Plaintiff's actual work computer, which was seized by Defendant FAU and presumably forensically examined.

10. Despite pending objections on various grounds, including relevance, Plaintiff has now produced nearly 3,000 personal documents, including hundreds of email correspondences, writings and private communications with personal acquaintances, as well as blog postings, and other constitutionally protected works.

11. In light of the forgoing, FAU Defendants cannot credibly allege that Plaintiff

intentionally failed to preserve or secure any relevant information, or committed any intentional act whatsoever by having been the victim of a crime.  As such, the motion for discovery sanctions should be denied.  *See Diabetes Centers of America Inc. v. Healthpia America Inc., 2008 WL 336382*, at *2 (S.D. Tex. Feb. 5, 2008) (holding Rule 37 sanctions or instruction on spoliation not warranted when computers containing emails were stolen).

12. Despite their continued efforts to harass Plaintiff with an invasive and unnecessary fishing expedition, the FAU Defendants always had the documents and information relevant to their discipline and termination of Plaintiff's tenured professorship.

13. FAU Defendants' Motion seeks but only to prejudice Plaintiff in this case and cause him further harm. FAU Defendants are, in essence, and without any basis in law or fact, asking this Court to punish Plaintiff for being the victim of a crime.

14. Any implication that Plaintiff failed to preserve evidence is totally baseless. Plaintiff's web administrator, and blog host, have been identified by Plaintiff, and can be subpoenaed or deposed to verify or disprove Plaintiff's testimony, but FAU Defendants appear to have no interest in confirming the truth. Instead, FAU Defendants and their counsel prefer to take Plaintiff's testimony and objections out of context and twist the facts and law in yet another frivolous attempt to deny Plaintiff his right to a fair trial in this case.

WHEREFORE, Plaintiff respectfully requests that the Court deny FAU Defendants' Motion for Sanctions, and grant any and all further relief as is just and proper, including but not limited to awarding sanctions against FAU Defendants for filing yet another baseless and frivolous motion in this case.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of June, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record per the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Louis Leo IV
**Louis Leo IV, Esq.**
Florida Bar No. 83837
louis@floridacivilrights.org
Florida Civil Rights Coalition, P.L.L.C.
4171 W. Hillsboro Blvd. Suite 9
Coconut Creek, FL 33073
Telephone: 954-478-4223
Fax: 954-239-7771

## **SERVICE LIST**

Louis Leo IV, Esq. (louis@floridacivilrights.org)
Joel Medgebow, Esq. (Joel@medgebowlaw.com)
Matthew Benzion, Esq. (mab@benzionlaw.com)
Florida Civil Rights Coalition, P.L.L.C., Medgebow Law, P.A. & Benzion Law, P.A.
4171 W. Hillsboro Blvd. Suite 9
Coconut Creek, Florida 33073
*Counsel for Plaintiff*

Gerard J. Curely, Jr., Esq. (jcurley@gunster.com)
Keith E. Sonderling, Esq. (ksonderling@gunster.com)
Holly Griffin, Esq. (hgriffin@gunster.com)
Sara N. Huff, Esq. (shuff@gunster.com)
Gunster, Yoakley & Stewart, P.A.
777 South Flagler Dr. Suite 500 East
West Palm Beach, FL 33401
*Counsel for FAU Defendants*

Robert F. McKee, Esq. (yborlaw@gmail.com)
Robert F. McKee, P.A.
1718 E. Seventh Ave. Ste. 301
Tampa, FL 33605
*Counsel for Union Defendants*