UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-80655-ROSENBERG/HOPKINS

JAMES TRACY,

    Plaintiff,

v.

FLORIDA ATLANTIC UNIVERSITY
BOARD OF TRUSTEES a/k/a FLORIDA
ATLANTIC UNIVERSITY; et al.,

    Defendants.
_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION TO COMPEL

Defendant, Florida Atlantic University ("FAU" or "Defendant University") responds to the Motion to Compel filed by Plaintiff, James Tracy, on June 14, 2017, as follows:

Plaintiff abruptly and unnecessarily filed his Motion to Compel ("Motion"), asking the Court to intervene before Defendant University had adequate time to assess Plaintiff's challenges and consider any potential amendments to its responses. Defendant University will be producing supplemental documents in response to Plaintiff's Third Request for Production and will agree to supplement some of its answers to Plaintiff's First Set of Interrogatories.[1] Beyond these minor amendments, Plaintiff's requests are vastly overbroad in scope and continue to request irrelevant

---

[1] For example, Defendant University will be amending its response to Interrogatory No. 17 to set forth any negotiated raises which would have impacted Plaintiff's pay as a tenured faculty member under the Collective Bargaining Agreement. Defendant University will also supplement its production to include additional documents regarding policies related to progressive discipline. Defendant University is further searching for other potentially responsive documents, in light of Plaintiff's counsel's stipulations during the meet and confer. For instance, Plaintiff's counsel suggested that in response to Request for Production No. 12, he was only seeking correspondences Defendants Kelly, Alperin, and Coltman received in follow up to the September 4, 2015 faculty senate meeting. This resolves Defendant University's concerns regarding searching every faculty member's emails for related communications.

information. Further, Defendant University has already produced Plaintiff's personnel file. For the reasons discussed herein, Plaintiff's Motion to Compel should be denied.

    **A.**    **Plaintiff's Requests Are Vastly Overbroad.**

Plaintiff continues to submit requests which are far beyond the appropriate scope of discovery in this case. For example, Plaintiff's Interrogatory No. 23 asks Defendant University to provide decades worth of information about the "Outside Activities/Conflict of Interest" Policy, which has been in effect since long before Plaintiff was ever employed by Defendant University. The decades-old original language of the policy, individuals involved in drafting the policy, and notes related to the intent, creation and/or implementation of the policy since predating Plaintiff's employment are not relevant or proportional to the needs of the case.

Further, many of Plaintiff's discovery requests – including Interrogatory Nos. 6, 8, and 15 – are overbroad because they are not directed to proper custodians at Defendant University. Contrary to Plaintiff's view, discovery requests directed to Defendant University are not separate requests to each of its thousands of employees, but instead should be directed to proper custodians. To assist in the effort, Defendant University has identified the appropriate custodians for each such request and answered accordingly. Plaintiff has not shown how information from any other custodians would be relevant or proportional to the needs of the case.

    **B.**    **Plaintiff's Requests Seek Irrelevant Information and Documents.**

Plaintiff also continues to submit requests which are not relevant to any party's claim or defense and are not proportional to the needs of the case. For example, Request for Production No. 4 seeks documents relating to violations of the University's "Outside Activities/Conflict of Interest" Policy for four specific faculty members who are not related in any way to the allegations of Plaintiff's Second Amended Complaint. As Plaintiff knows, his employment was

terminated for his failure to report his outside activities as directed by University administration. Documents relating to other employees who actually submitted complete forms pursuant to the Policy are not relevant to Plaintiff's claims, and the request amounts to a fishing expedition.

### C. Defendant University Produced Plaintiff's Personnel File.

Plaintiff's Request for Production No. 10 seeks "Plaintiff's entire personnel file, in its entirety." Defendant University produced Plaintiff's personnel file for the relevant time frame in a prior production. However, in light of Plaintiff's request for his full personnel file (to include information beyond the relevant time frame), Defendant University supplemented its production to include the full file. Plaintiff's counsel's June 9, 2017 letter complains that the personnel file produced does not match a file produced to media outlets in response to public records requests. However, as Defendant University's counsel has explained to Plaintiff's counsel repeatedly, the records produced in response to a series of public records requests were broader in scope and contained additional documents other than those contained with Plaintiff's personnel file.

### D. Defendant University Will Supplement Its Privilege Log When Outstanding Objections Are Resolved.

As to Plaintiff's request that Defendant University supplement its privilege log, the obligation to provide a privilege log applies only to items "otherwise discoverable." *S.E.C. v. Merkin,* 2012 WL 3203037, at *5 (S.D. Fla. Aug. 3, 2012). Defendant University has several objections pending to the discovery requests based on overbreadth, so the requests are not otherwise discoverable until such objections are resolved.

WHEREFORE, Defendant, Florida Atlantic University, requests that this Court enter an order denying Plaintiff's Motion to Compel, and awarding all other relief deemed necessary and proper.

                                                   */s/ Sara N. Huff*

        Gunster, Yoakley & Stewart, P.A.
Sara N. Huff
Florida Bar No. 98575
Email:  shuff@gunster.com
200 South Orange Avenue, Suite 1400
Orlando, FL 32801
Telephone: 407-406-5246
Facsimile: 561-671-2534
G. Joseph Curley, Esq.
Florida Bar No. 571873
gcurley@gunster.com
Keith E. Sonderling
Florida Bar No. 57386
Email:  ksonderling@gunster.com
Holly L. Griffin
Florida Bar No. 39213
Email:  hgriffin@gunster.com
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone:  561-655-1980
Facsimile:  561-655-5677
*Attorneys for FAU Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 16, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

        */s/*     **Sara N. Huff**
        Sara N. Huff

## SERVICE LIST

**Tracy v. Florida Atlantic University Board of Trustees,** *et al.*
**Case No. 16-cv-80655-ROSENBERG/HOPKINS**

| | |
|---|---|
| Louis Leo IV, Esq.<br>Email:  louis@floridacivilrights.org<br>Florida Civil Rights Coalition, P.L.L.C.<br>4171 W. Hillsboro Blvd., Suite 9 | Joel Medgebow, Esq.<br>Email:  joel@medgebowlaw.com<br>Medgebow Law, P.A.<br>4171 W. Hillsboro Blvd., Suite 9 |

4

Coconut Creek, FL 33073
Telephone: 954-478-4226
Facsimile: 954-239-7771
*Attorney for Plaintiff, James Tracy*

Robert F. McKee, Esq.
Email: yborlaw@gmail.com
Christopher T. Borzell, Esq.
Email: cborzell@gmail.com
Melissa C. Mihok, Esq.
Email: melissa@melissacmihokpa.com
1718 E. 7th Avenue, Suite 301
Tampa, FL 33605
Telephone: 813-248-6400
Facsimile: 813-248-4020
*Attorney for Florida Education Association, United Faculty of Florida, Robert Zoeller, Jr., and Michael Moats*

Coconut Creek, FL 33073
Telephone: 954-478-4226
Facsimile: 954-239-7771
*Attorney for Plaintiff, James Tracy*

Gunster, Yoakley & Stewart, P.A.
G. Joseph Curley, Esq.
Florida Bar No. 571873
gcurley@gunster.com
Keith E. Sonderling
Florida Bar No. 57386
Email: ksonderling@gunster.com
Holly L. Griffin
Florida Bar No. 39213
Email: hgriffin@gunster.com
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone: 561-655-1980
Facsimile: 561-655-5677
Sara N. Huff
Florida Bar No. 98575
Email: shuff@gunster.com
200 South Orange Avenue, Suite 1400
Orlando, FL 32801
Telephone: 407-406-5246
Facsimile: 561-671-2534
*Attorneys for FAU Defendants*

5