UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-80655-ROSENBERG/HOPKINS

JAMES TRACY,

    Plaintiff,

v.

FLORIDA ATLANTIC UNIVERSITY
BOARD OF TRUSTEES a/k/a FLORIDA
ATLANTIC UNIVERSITY; et al.,

    Defendants.
_____/

## NOTICE OF SERVING UNVERIFIED ANSWERS TO PLAINTIFF'S AMENDED FIRST SET OF INTERROGATORIES TO HEATHER COLTMAN

Defendant, HEATHER COLTMAN ("Coltman"), pursuant to Rule 33 of the Federal Rule of Civil Procedure, hereby gives notice of service of Coltman's Answers to Plaintiff's Amended First Set of Interrogatories.

                                                        */s/ Holly L. Griffin*
                                                        G. Joseph Curley
                                                        Florida Bar No. 571873
                                                        Email: gcurley@gunster.com
                                                        Keith E. Sonderling
                                                        Florida Bar No. 57386
                                                        Email: ksonderling@gunster.com
                                                        Gunster, Yoakley & Stewart, P.A.
                                                        777 S. Flagler Drive, Suite 500 East
                                                        West Palm Beach, FL 33401
                                                        Telephone:  561-655-1980
                                                        Facsimile:  561-655-5677
                                                        *Attorneys for FAU Defendants*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by email on this 26th day of April, 2017, on all counsel or parties of record on the below Service List.

*/s/ Holly L. Griffin*
Holly L. Griffin

# SERVICE LIST

**Tracy v. Florida Atlantic University Board of Trustees,** *et al.*
**Case No. 16-cv-80655-ROSENBERG/HOPKINS**

Louis Leo IV, Esq.
Email: louis@floridacivilrights.org
Florida Civil Rights Coalition, P.L.L.C.
4171 W. Hillsboro Blvd., Suite 9
Coconut Creek, FL 33073
Telephone: 954-478-4226
Facsimile: 954-239-7771
*Attorney for Plaintiff, James Tracy*

Robert F. McKee, Esq.
Email: yborlaw@gmail.com
Christopher T. Borzell, Esq.
Email: cborzell@gmail.com
Melissa C. Mihok, Esq.
Email: melissa@melissacmihokpa.com
1718 E. 7th Avenue, Suite 301
Tampa, FL 33605
Telephone: 813-248-6400
Facsimile: 813-248-4020
*Attorney for Florida Education Association, United Faculty of Florida, Robert Zoeller, Jr., and Michael Moats*

Joel Medgebow, Esq.
Email: joel@medgebowlaw.com
Medgebow Law, P.A.
4171 W. Hillsboro Blvd., Suite 9
Coconut Creek, FL 33073
Telephone: 954-478-4226
Facsimile: 954-239-7771
*Attorney for Plaintiff, James Tracy*

G. Joseph Curley, Esq.
Florida Bar No. 571873
Email: gcurley@gunster.com
Keith E. Sonderling, Esq.
Florida Bar No. 57386
Email: ksonderling@gunste.com
Holly L. Griffin, Esq.
Florida Bar No. 93213
Email: hgriffin@gunster.com
Gunster, Yoakley & Stewart, P.A.
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone: 561-655-1980
Facsimile: 561-655-5677
Attorneys for *FAU Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-80655-ROSENBERG/HOPKINS

JAMES TRACY,

    Plaintiff,

v.

FLORIDA ATLANTIC UNIVERSITY
BOARD OF TRUSTEES a/k/a FLORIDA
ATLANTIC UNIVERSITY; et al.,

    Defendants.
_____/

## RESPONSE TO PLAINTIFF'S AMENDED FIRST SET OF INTERROGATORIES

Defendant, HEATHER COLTMAN ("Coltman"), pursuant to Rule 33 of the Federal Rule of Civil Procedure, hereby serves Coltman's Response to Plaintiff's Amended First Set Interrogatories.

Defendant, Heather Coltman is responding in her personal capacity, only with information of which she has personal knowledge.

## AMENDED INTERROGATORIES

1.    Set forth your current present home address, any and all email addresses you have used, your employer's name and business address, your job title and/or the capacity in which you are associated with any defendant named in the Complaint.

**ANSWER: Objection, this request seeks irrelevant personal information regarding Defendant Coltman, including her personal home address. Without waiving this objection, Defendant Coltman may be reached care of Gunster, Yoakley & Stewart, P.A. at 777 South Flagler Drive, Suite 500 East, West Palm Beach, Florida 33401.**

**Defendant Coltman's FAU email address is: coltman@fau.edu. Pursuant to the Court's order that personal email addresses not be disclosed outside of the pending litigation, Defendant Coltman states that she has also used the following email account: balule58@yahoo.com.**

**During the relevant period identified in the instructions, Defendant Coltman held the following positions with FAU: Interim Dean of the Dorothy F. Schmidt College of Arts and Letters; Dean of the Dorothy F. Schmidt College of Arts and Letters.**

**Defendant Coltman is associated with the Defendants named in the Second Amended Complaint as follows:**

> **Defendant FAU is Defendant Coltman's employer;**
>
> **Defendant Kelly is the President of Defendant Coltman's employer;**
>
> **Defendant Alperin is a colleague and supervisor;**
>
> **Defendant Zoeller is a colleague; and**
>
> **Defendant Coltman is not associated with UFF, FEA, or Defendant Moats.**

2. Describe any and all documents, communications, notes or other records taken or made by you, or on your behalf, concerning Plaintiff's discipline and/or termination by the Defendant University, at any time, Plaintiff's course assignment(s) and/or cancellation(s), and Plaintiff's claims of harassment by FAU faculty and staff, including but not limited to the mail room incident alleged in paragraph 72 of the Second Amended Complaint.

**ANSWER: In response to the request for Defendant Coltman to describe any and all documents, communications, notes or other records taken or made by her, or on her behalf, concerning Plaintiff's discipline and/or termination by the Defendant University, Defendant Coltman objects to the scope of the search terms proposed by Plaintiff to**

identify documents in response to this Request. The search terms are overbroad and are not proportional to the needs of the matter. Defendant Coltman will provide a response to this request after the parties have reached an agreement on appropriate search terms for the University's search of its email archives and Defendant Coltman has had the opportunity to conduct a reasonable search for responsive documents and information.

In response to the request for Defendant Coltman to describe any and all documents, communications, notes or other records taken or made by her, or on her behalf, concerning Plaintiff's course assignment(s) and/or cancellation(s), Defendant Coltman objects to the scope of the search terms proposed by Plaintiff to identify documents in response to this Request. The search terms are overbroad and are not proportional to the needs of the matter. Defendant Coltman will provide a response to this request after the parties have reached an agreement on appropriate search terms for the University's search of its email archives and Defendant Coltman has had the opportunity to conduct a reasonable search for responsive documents and information.

In response to the request for Defendant Coltman to describe any and all documents, communications, notes or other records taken or made by her, or on her behalf, concerning Plaintiff's claims of harassment by FAU faculty and staff, including but not limited to the mail room incident alleged in paragraph 72 of the Second Amended Complaint, Defendant Coltman objects to the scope of the search terms proposed by Plaintiff to identify documents in response to this Request. The search terms are overbroad and are not proportional to the needs of the matter. Defendant Coltman will provide a response to this request after the parties have reached an agreement on appropriate search terms for the University's search of its email archives and Defendant

**Coltman has had the opportunity to conduct a reasonable search for responsive documents and information.**

3. Set forth your duties and responsibilities at FAU, your relationship with FAU's Board of Trustees, and all powers and authority you possess over University faculty. If your official actions are subject to review and/or approval by any superior(s), please state that fact and provide the name of your superior(s), and describe the review and/or approval process.

**ANSWER:  As Dean of the Dorothy F. Schmidt College of Arts and Letters, Defendant Coltman is responsible for managing the academic, administrative and budgetary policies of the College; she is expected to lead the faculty as they deliver academic programs and to ensure faculty excellence through recruitment, faculty development, and evaluation of merit for promotion, tenure and salary increases; she serves as a liaison between the faculty and the Office of the Provost; she serves as the principal representative of the College to the community; she ensures the quality of all academic programs in the College; promotes both undergraduate and graduate degree programs to potential students; works with the Provost and Chief Academic Officer and other administrators to develop additional education programming at partner campuses in response to student demand; enhances student retention and graduation rates in the College; works with the chairs, directors and faculty to increase scholarly productivity and external funding the College in support of the University's Strategic Plan; she increases private donations to the College by participating directly in fundraising activities; enhances the reputation of the College at the state, national and international level; serves as a contributing member of the Provost's academic leadership team.**

**In response to the request for Defendant Coltman to set forth her relationship with the FAU Board of Trustees, Defendant Coltman responds that she**

attends some meetings of the Board of Trustees and is an employee of FAU. Defendant Coltman is colleagues with the chair of the Faculty Senate, who sits on the Board of Trustees.

In response to the request for Defendant Coltman to set forth the powers and authority she possesses over University faculty, Defendant Coltman responds that her authority is limited to faculty members in her College.

In response to the request seeking whether Defendant Coltman's decisions are subject to review and/or approval by a superior, Defendant Coltman responds that she reports to the Provost and Vice Provost, attending monthly meetings and receiving an annual performance review. The Provost and/or Vice Provost have authority to approve budgetary and personnel actions, including faculty hires and terminations.

4. State FAU's "Outside Activities/Conflict of Interest" Policy, identifying the date the Policy began, all changes made to the Policy and dates of those changes, and all procedures, instructions, memoranda, forms and guidelines concerning the Policy.

ANSWER: In response to the request for Defendant Coltman to identify the date the Policy began, Defendant Coltman states that she does not have personal knowledge regarding the date the Policy began. The Policy has been in effect since prior to Defendant Coltman's employment at Defendant University.

In response to the request to identify the date the policy began, all changes made to the policy and the dates of those changes, and all procedures, instructions, memoranda, forms and guidelines concerning the Policy, Defendant Coltman objects to the scope of the search terms proposed by Plaintiff to identify documents in response to this Request. The search terms are overbroad and are not proportional to the needs of the matter. Defendant

**Coltman will provide a response to this request after the parties have reached an agreement on appropriate search terms for the University's search of its email archives and Defendant Coltman has had the opportunity to conduct a reasonable search for responsive documents and information.**

5. Identify all persons, including but not limited to FAU officials, employees, agents and University faculty members involved in the enforcement of FAU's "Outside Activities/Conflict of Interest" Policy, and with respect to each individual identified pursuant to this interrogatory, set forth their responsibilities and duties relating to the Policy.

**ANSWER: Defendant Coltman objects to this request on the grounds that it is overbroad and unduly burdensome. All FAU employees, including all faculty and staff, are required to comply with the Outside Activities/Conflict of Interest Policy and are therefore involved, along with Supervisors, Department Chairs, Directors and Deans in the policy's "enforcement." Without waiving this objection, in response to this interrogatory and in compliance with Rule 33 of the Federal Rules of Civil Procedure, Defendant Coltman is producing copies of the following documents which are responsive to this Request: FAU's Policies and Procedures, Policy Number 7.5 Personnel, Section 8: Employee Ethical Obligations and Conflict of Interest; Florida Atlantic University Guidelines on Conflict of Interest, Conflict of Commitment and Outside Activities, Including Financial Interest; the Florida Atlantic University Board of Trustees and the United Faculty of Florida Collective Bargaining Agreement 2012-2015; and the Florida Atlantic University Report of Outside Employment or Professional Activity Form Additional Explanation.**

6. Identify any and all persons involved in investigating or monitoring faculty members pursuant to FAU's "Conflict of Interest/Outside Activities" Policy, the date(s) of all meetings (including telephonic meetings) concerning any alleged violations of the Policy at any

time and identify all persons who attended or participated in the meetings, and the result of each alleged violation, if any.

**ANSWER:   In response to the request to identify any and all persons involved in investigating or monitoring faculty members pursuant to FAU's "Conflict of Interest/Outside Activities" Policy, Defendant Coltman objects to the request as it is overbroad and unduly burdensome.  All FAU employees, including all faculty and staff, are required to comply with the Outside Activities/Conflict of Interest Policy and are therefore involved, along with Supervisors, Department Chairs, Directors and Deans in investigating and monitoring compliance with the policy.**

**In response to the request to identify the date(s) of all meetings (including telephonic meetings) concerning any alleged violations of the Policy at any time and identify all persons who attended or participated in the meetings, Defendant Coltman states that she has, from time to time, been involved in discussions regarding faculty violations of the obligation to submit Report of Outside Employment or Professional Activity forms.  Such information will be produced in accordance with the completion of the search described in request number 4 herein.**

**In response to the request to identify the result of each alleged violation, if any, Defendant Coltman states that those faculty members requested to submit a Report of Outside Employment or Professional Activity form complied with the request.**

7.      Identify any allegation, complaint, investigation, regulatory proceeding, or action concerning any alleged violation of any FAU faculty member's constitutional right to freedom of speech; identify all documents concerning the aforementioned; and set forth steps taken by FAU, you, and/or any person working at your direction to investigate the merits of such allegations.

The term "complaint" means protestation, objection or expression of dissatisfaction. "Action" is defined as the fact or process of doing something, typically to achieve an aim.

**ANSWER:   Defendant Coltman objects to the scope of the search terms proposed by Plaintiff to identify documents in response to this Request.  The search terms are overbroad and are not proportional to the needs of the matter. Defendant Coltman will provide a response to this request after the parties have reached an agreement on appropriate search terms for the University's search of its email archives and Defendant Coltman has had the opportunity to conduct a reasonable search for responsive documents and information.**

8. Explain why FAU withdrew threatened disciplinary action against Plaintiff in 2013.

**ANSWER:   Defendant Coltman does not have personal knowledge sufficient to respond to this request.  Defendant Coltman was informed that Plaintiff's 2013 grievance was settled at step 2.**

9. Explain why FAU did not remove the Notice of Discipline dated March 28, 2013 from Plaintiff's personnel file.

**ANSWER:   Defendant Coltman does not have knowledge of whether the Notice of Discipline appears in Plaintiff's official personnel file.**

10. Explain why, in 2013, you did not request "Outside Activities/Conflict of Interest" forms for Plaintiff's personal blogging for the 2013-2014 school year.

**ANSWER:   Under Defendant University's policies, every employee of Defendant University, including Plaintiff, is obligated to submit a Report of Outside Employment or Professional Activity form for reportable outside activities on a yearly basis.  Article 19 of**

the 2012-2015 Collective Bargaining Agreement also placed an affirmative obligation on Plaintiff to report outside professional activities to his supervisor. Therefore, it was not Defendant Coltman's responsibility to request Plaintiff submit the Report of Outside Employment or Professional Activity for his reportable outside activities. It was his individual obligation to do so.

11. Explain why, in 2014, you did not request "Outside Activities/Conflict of Interest" forms for Plaintiff's personal blogging.

ANSWER: Under Defendant University's policies, every employee of Defendant University, including Plaintiff, is obligated to submit a Report of Outside Employment or Professional Activity form for reportable outside activities on a yearly basis. Article 19 of the 2012-2015 Collective Bargaining Agreement also placed an affirmative obligation on Plaintiff to report outside professional activities to his supervisor. Therefore, it was not Defendant Coltman's responsibility to request Plaintiff submit the Report of Outside Employment or Professional Activity for his reportable outside activities. It was his individual obligation to do so.

12. Set forth any and all conduct of Plaintiff which you believe violated FAU's policies, describing for each alleged action or omission which policy was violated by Plaintiff, when each policy was violated and how.

ANSWER: Plaintiff violated Article 19 of the Collective Bargaining Agreement by failing to timely submit Report of Outside Employment or Professional Activity forms disclosing his reportable outside activities. Additionally, Plaintiff violated employee standards and disciplinary procedures policies when he refused to comply with the direction to submit the Report of Outside Employment or Professional Activity forms for his reportable outside activities.

13. Describe any and all potential, actual or perceived conflicts of commitment or interest you believe existed, or otherwise resulted from Plaintiff's personal blogging and online speech, and set forth the basis for your beliefs.

**ANSWER: Plaintiff's outside activities, including but not limited to his blog, Memoryhole, his contributions as an author or contributor for other websites, his podcasts, his participation in contributing to a book, and other potentially undisclosed outside professional activities could potentially pose a conflict of time and commitment. As a full time, tenured faculty member, Plaintiff had obligations to Defendant University, including teaching courses, research, and publishing. Plaintiff's significant participation in numerous reportable outside activities may have interfered with the full performance of his work duties, particularly if they interfere with the amount of time Plaintiff spent on his non-classroom administrative functions, research, and advising obligations.**

14. Identify any and all blogs of University personnel (including but not limited to officers, employees, agents and faculty members) which have been disclosed, monitored, or otherwise subjected to the University's "Outside Activities/Conflict of Interest" Policy, and identify all persons responsible for monitoring or reviewing the blogs.

**ANSWER: Objection, the request is overbroad and vague in its failure to define "monitor." It is unclear what type of activity would constitute "monitoring." Notwithstanding this objection, Defendant Coltman has no personal knowledge of any blogs of University personnel which have or have not been disclosed or otherwise subject to the Defendant University's Outside Activities policies.**

15. Describe the University's "progressive" disciplinary process.

**ANSWER: In response to this request and in compliance with Rule 33 of the Federal Rules of Civil Procedure, Defendant Coltman is producing copies of the following**

**documents which are responsive to this Request: the Florida Atlantic University Board of Trustees and the United Faculty of Florida Collective Bargaining Agreement 2012-2015.**

16.     Explain why Plaintiff was terminated after submitting "Outside Activities/Conflict of Interest" forms for his personal blogging.

**ANSWER: Plaintiff was terminated for repeatedly failing to comply with the directive to submit Report of Outside Employment or Professional Activity forms for his reportable outside activities.  Plaintiff did not timely submit the Report of Outside Employment or Professional Activity forms in compliance with the November 10, 2015 Notice of Discipline.  Further, despite specific instruction to submit Report of Outside Employment or Professional Activity forms for all of his reportable outside activities and multiple opportunities to comply, Plaintiff never submitted a Report of Outside Employment or Professional Activity disclosing his work on his blog, Memoryhole. Plaintiff also failed to disclose his contribution to *Nobody Died at Sandy Hook*.**

17.     Identify all persons involved in the decision to discipline and/or terminate the Plaintiff.

**ANSWER:   Objection, this request is vague in its failure to define "involved in" and its failure to identify the "discipline" at issue.  Notwithstanding this objection, Defendant Coltman states that she made the decision to discipline Plaintiff in 2015 in consultation with Defendant Alperin.  Defendant Alperin made the decision to terminate Plaintiff, after consulting with Defendant Coltman.  Defendants Alperin and Coltman consulted with legal counsel, Senior Associate General Counsel Larry Glick, for legal advice on the decisions to discipline and terminate Plaintiff.**

18.     Describe any action taken concerning any and all disciplinary or adverse action taken against Professor James Tracy, at any time; identifying all persons involved in, and all documents

concerning the action(s), including but not limited to any communications, correspondences, e-mails, text messages or notes of conversations, and set forth the dates of any such action(s). "Action" is defined as the fact or process of doing something, typically to achieve an aim.

**ANSWER: In response to this request and in compliance with Rule 33 of the Federal Rules of Civil Procedure, Defendant Coltman is producing copies of the following documents which are responsive to this Request: documents relating to Plaintiff's April 26, 2013 grievance and the disciplinary action and termination of Plaintiff in 2015.**

19. Describe when and how you first learned about Plaintiff's personal blogging, and set forth any and all actions undertaken in response to Plaintiff's blogging by you, or on your behalf or on the Defendant University's behalf. "Action" is defined as the fact or process of doing something, typically to achieve an aim.

**ANSWER: Defendant Coltman first learned of Plaintiff's Memoryhole blog in or around December 2012, after the shooting at Sandy Hook Elementary School. After learning of Plaintiff's Memoryhole blog, Defendant Coltman met with Plaintiff on or about January 18, 2013 to discuss the Plaintiff's obligations under Article 5.3(d) of the Collective Bargaining Agreement which required that "when speaking on any matter of public interest, a faculty member shall make clear when comments represent personal opinions and when they represent official University positions." Plaintiff subsequently received a Notice of Discipline on March 28, 2013 for his failure to comply with his obligations as discussed at the meeting on January 18. Plaintiff grieved this Notice of Discipline, which Defendant Coltman denied.**

20. Set forth any and all meetings with UFF, FEA, and/or UFF-FAU officers, agents, representatives and employees, telephonic or otherwise, concerning Professor James Tracy, which

you participated in since January 2012, and identify the subject of each meeting, and all persons who participated in such meetings, and any documents or communications concerning the meetings.

**ANSWER: Defendant Coltman identifies the following meetings with UFF, FEA, and/or UFF-FAU officers, agents, representatives and employees concerning Plaintiff:**

**On January 18, 2013, Defendant Coltman met with Plaintiff, Defendant Alperin, and Douglas Broadfield, who was at that time the UFF Grievance/Contract Enforcement Chair.**

**On June 19, 2013, Defendant Coltman met with Plaintiff and Douglas Broadfield regarding Plaintiff's grievance of the March 28, 2013 Notice of Discipline.**

**In response to the request for identification of all documents or communications concerning the meetings and in compliance with Rule 33 of the Federal Rules of Civil Procedure, Defendant Coltman is producing copies of the following documents which are responsive to this Request: a memorandum dated January 28, 2013 summarizing the January 18, 2013 meeting and a memorandum dated July 23, 2013 denying Plaintiff's grievance.**

                                            _____
                                            Heather Coltman

STATE OF FLORIDA    )
                              ) ss:
COUNTY OF _____)

       Before me, the undersigned authority, appeared Heather Coltman, ❑ who is personally known to me or ❑ _____ as identification executed the foregoing and who did/did not take an oath on this _____ day of _____, 2017.

                                            _____
                                            NOTARY PUBLIC
                                            State of Florida
                                            My Commission Expires: _____

(Notary Seal)