UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:16-CV-80655-ROSENBERG/HOPKINS

JAMES TRACY,

    Plaintiff,

v.

FLORIDA ATLANTIC UNIVERSITY
BOARD OF TRUSTEES a/k/a
FLORIDA ATLANTIC UNIVERSITY,
et al.,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION TO EXCLUDE EVIDENCE**

This matter is before the Court on Defendant Florida Atlantic University's Motion to Exclude Evidence [DE 368]. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted in part and denied in part. The Court first addresses (A) Defendant's request to exclude evidence of damages. The Court then addresses (B) Defendant's request to exclude certain witnesses.

**A. DAMAGES**

The parties dispute what evidence of damages may be presented to the jury. As a result of this Court's order on summary judgment [DE 362], the only remaining Defendant in this case is Florida Atlantic University. Because Defendant is an arm of the State of Florida, the Eleventh Amendment bars a monetary judgment against it on Plaintiff's sole remaining claim—a First Amendment claim. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("Thus the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."). Plaintiff's First Amendment claim is

brought pursuant to 42 U.S.C. § 1983.  Plaintiff cannot collect monetary damages against Defendant unless Congress has "unequivocally expressed its intent to abrogate" the State of Florida's immunity for section 1983 claims, or the State of Florida has waived its immunity for such claims.  It is clear that Congress has not abrogated the states' Eleventh Amendment immunity for section 1983 claims.  *Williams v. Bd. of Regents of Univ. Sys. Of Ga.*, 477 F.3d 1282, 1301 (11th Cir. 2007).  The State of Florida has not waived its Eleventh Amendment immunity for such claims.  *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1515 (11th Cir. 1986).  Thus, Plaintiff's claim for compensatory damages and punitive damages is barred by the Eleventh Amendment.  *See Bell-Babineaux v. Fla. Dep't of Juvenile Justice*, No. 8:12-CV-2153, 2014 WL 281971, at *4 (M.D. Fla. Jan. 24, 2014).  For these reasons, Defendant's Motion to Exclude Evidence on the issue of Plaintiff's damages is supported by law.

In response, Plaintiff argues that he should be able to present evidence for back pay damages, but Plaintiff does not cite case law that is on point.  For example, Plaintiff cites to *Brown v. Alabama Department of Transportation*, 597 F.3d 1160, 1184 (11th Cir. 2010) for the proposition that back pay is considered equitable relief.  But the operative question is not whether back pay is equitable relief, but whether back pay damages against Defendant are prohibited by the Eleventh Amendment.  In *Edelman v. Jordan*, the Supreme Court held that the question of whether a state's Eleventh Amendment immunity applies to a particular remedy does *not* turn on whether the remedy is legal or equitable.  415 U.S. at 666-667.  Instead, the question turns on whether the remedy impacts state funds for *compliance* for a *prospective* remedy.  *See id.*  A prospective, compliance-based monetary remedy does not violate the Eleventh Amendment.  *See id.*  A retrospective monetary remedy does violate the Eleventh Amendment.  *See id.*  Because back pay is retrospective, not prospective, it is prohibited by the Eleventh Amendment.  *See, e.g.*, *Thomas v.*

*Devries*, 834 F. Supp. 398, 402 (M.D. Ga. 1993) ("*Edelman* categorizes this [request for back pay] as a disguised claim for damages."); *Parker v. Wallace*, 596 F. Supp. 739, 746 (M.D. Ala. 1984) ("Any award of back pay from the defendants . . . whether viewed as damages for illegally dismissing [the plaintiff] or an aspect of equitable relief, would be retroactive and must come from the state treasury. Such an award is barred by the Eleventh Amendment to the United States Constitution.").

Plaintiff also cites cases such as *Memphis Community School District v. Stachura*, 477 U.S. 299 (1986) for what appears to be the general proposition that a plaintiff suing under 42 U.S.C. § 1983 is entitled to damages such as monetary loss, physical pain, and suffering. That is true. But it is not germane to the issue before the Court. The issue before the Court is whether Plaintiff should be able to present evidence at trial of damages when the sole remaining Defendant is immune to the very same damages.

Defendant has provided on-point, cogent authority for the proposition that Plaintiff is not entitled to damages in this case. Plaintiff has not provided any on-point authority for the proposition that even when the Eleventh Amendment immunizes Defendant from monetary damages,[1] Plaintiff may still present evidence at trial of those damages. In the absence of such authority, even if Plaintiff's evidence of damages were relevant—despite being unrecoverable—such evidence would be unfairly prejudicial to Defendant because the evidence could only serve to bolster sympathy for Plaintiff. *See Godwin v. Wellstar Health Sys., Inc.*, 1:12-CV-3752, 2015 WL 7313399, at *6 (N.D. Ga. Nov. 19, 2015) (denying plaintiff's request to submit evidence to the jury about her depression and lost home as a result of her termination because such damages were not recoverable and the

---

1 The Court notes that citations to cases in which individual, non-governmental defendants were subject to compensatory damages are not analogous to the instant case.

3

evidence only sought to bolster sympathy for the plaintiff). For these reasons, the Court grants Defendant's request to exclude evidence of damages at trial.

The Court addresses one final matter on the issue of damages. The parties agree that Plaintiff, if successful at trial, is entitled to reinstatement or, if reinstatement is not possible, to front pay. Those remedies are permissible under the Eleventh Amendment because they are prospective, not retrospective, remedies. *See Edelman*, 415 U.S. at 666-667. Those issues, however, are issues for the Court—not the jury. *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1338 (11th Cir. 1999) (awarding front pay after trial concluded); *Hipp v. Liberty Nat. Life Ins. Co.*, 29 F. Supp. 2d 1314, 1316-17 (M.D. Fla. 1998) (trial court directing the parties to file briefs regarding front pay awards after the court received a verdict in favor of the plaintiffs). While Defendant concedes that some courts have submitted the issue of front pay to a jury for an *advisory* opinion, the Court sees no reason to do so here when evidence of damages is otherwise irrelevant to the jury. *See Hudson v. Chertoff*, No. 05-60985-CIV, DE 163 (S.D. Fla. Oct. 26, 2006) (submitting the issues of back pay and front pay damages to the jury for an advisory opinion). On this issue, Plaintiff's own authority confirms that front pay and reinstatement are issues for the Court. *See, e.g.*, *Warren v. Cty. Comm'n of Lawrence City*, 826 F. Supp. 2d 1299, 1319 (N.D. Ala. 2011) (wherein the court awarded front pay until the plaintiff's projected retirement age). Accordingly, for the foregoing reasons, the Court will address the issue of reinstatement and front pay, if appropriate, after a jury verdict.

### B. WITNESSES

The remaining issues before the Court concern witnesses. Defendant first argues that witnesses previously relevant to Plaintiff's conspiracy count, Count II, are no longer relevant because of the Court's dismissal, in summary judgment, of that count. While it is true that the jury need not decide whether a conspiracy existed in this case, the Court is not prepared to

4

conclude—without the benefit of specific proffered testimony—that evidence of a conspiracy, in the general sense, is irrelevant.  In other words, while Plaintiff may not be permitted by law to bring a claim for conspiracy against Defendant and Defendant's employees, such evidence may be relevant, in part, to Plaintiff's sole remaining claim for retaliation.  As a result, the Court declines at this juncture to exclude any specific witness from testifying on this issue.  Instead, Defendant may raise objections at trial, if appropriate, at which time the Court will have the benefit of evaluating Defendant's objections in the context of other evidence.

Defendant next argues that Plaintiff should be excluded from eliciting testimony from former FAU President John Kelly, or witnesses related to John Kelly,[2] because Mr. Kelly has been dismissed from this case.  In response, Plaintiff partially represents that he may not call Mr. Kelly (or witnesses related to Mr. Kelly) unless Defendant first "opens the door" and thereby makes that testimony relevant. DE 372 at 9.  Plaintiff also argues, however, that there are many different kinds of evidence that, if admitted, should have the effect of enabling Plaintiff to elicit testimony from either John Kelly or a witness related to Mr. Kelly.  Accordingly, the Court denies without prejudice Defendant's motion as to these witnesses so that the Court may examine any specific objection in the context of other evidence.

Finally, Defendant argues that the Court should exclude evidence pertaining to a faculty meeting, together with evidence that certain persons considered Defendant's policies confusing or unconstitutional.  The basis for Defendant's request is that the Court has dismissed Plaintiff's claims pertaining to the constitutionality of those policies.  The Court declines to grant this relief. Plaintiff's subjective belief that Defendant's policies were vague or unconstitutional may be relevant to explain why he refused to comply with Defendant's policies.  Similarly, evidence that

---

2 Including, without limitation, Carolyn Kelly, Anthony Barbar, Andrew LePlant, and Stacy Volnick.

5

other persons considered Defendant's policies confusing or unconstitutional is evidence that may be relevant to Plaintiff's contention that he was not fired for his failure to comply with Defendant's policies. Defendant may raise objections at trial, if appropriate, at which time the Court will have the benefit of evaluating Defendant's objections in the context of other evidence.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Exclude Evidence [DE 368] is **GRANTED WITHOUT PREJUDICE** insofar as Plaintiff is excluded from presenting evidence of damages at trial and **DENIED WITHOUT PREJUDICE** in all other respects.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 17th day of November, 2017.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE