# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 16-cv-80655-ROSENBERG/HOPKINS

JAMES TRACY,

      Plaintiff,

v.

FLORIDA ATLANTIC UNIVERSITY
BOARD OF TRUSTEES a/k/a
FLORIDA ATLANTIC UNIVERSITY;
et al.

      Defendants.

_____ /

## JOINT PROPOSED JURY INSTRUCTIONS & VERDICT FORM

Pursuant to the Court's instructions as set forth in its Order Scheduling Status Conference, Calendar Call, and Trial Date and Order of Reference to Magistrate [DE 26], Plaintiff, JAMES TRACY, and Defendant, FLORIDA ATLANTIC UNIVERSITY, jointly submit their Proposed Jury Instructions and Verdict Form. To the extent the Parties disagree on a particular instruction or language in an instruction, instructions or language proposed only by the Plaintiff are *italicized*, and instructions or language proposed only by the Defendant are **bold-faced**. In submitting these instructions, Plaintiff and Defendant do not waive any of the issues, arguments, and objections that they have previously raised. The parties may also submit supplemental instructions and special interrogatories as

1

113346006.6

113346006.8

may be suggested by the presentation of evidence during the trial and any ruling by

the Court.

| | |
|---|---|
| */s/Louis Leo IV* _____ | */s/ Sara Huff* _____ |
| Louis Leo IV, Esq. | G. Joseph Curley, Esq. |
| Florida Bar No. 83837 | Florida Bar No. 571873 |
| louis@floridacivilrights.org | Email: gcurley@gunster.com |
| Matthew Benzion, Esq. | Holly L. Griffin, Esq. |
| Florida Bar No. 84024 | Florida Bar No. 39213 |
| mab@benzionlaw.com | hgriffin@gunster.com |
| Joel Medgebow, Esq. | Sara Huff, Esq. |
| joel@medgebowlaw.com | Florida Bar No. 98575 |
| Florida Civil Rights Coalition, P.L.L.C., | shuff@gunster.com |
| Medgebow Law, P.A. & Matt Benzion, | Roger W. Feicht, Esq. |
| P.A. | Florida Bar No. 84982 |
| 4171 W. Hillsboro Blvd., Suite 9 | rfeicht@gunster.com |
| Coconut Creek, FL 33073 | Gunster, Yoakley & Stewart, P.A. |
| Telephone:  954-478-4226 | 777 S. Flagler Drive, Suite 500 East |
| Facsimile:  954-239-7771 | West Palm Beach, FL 33401 |
| *Counsel for the Plaintiff James Tracy* | Telephone: 561-655-1980 |
| | *Counsel for the Defendant Florida* |
| *and* | *Atlantic University* |
| | |
| Steven M. Blickensderfer, Esq. | |
| Florida Bar No. 092701 | |
| sblickensderfer@carltonfields.com | |
| Richard J. Ovelmen, Esq. | |
| Florida Bar No. 284904 | |
| rovelmen@carltonfields.com | |
| Carlton Fields Jorden Burt, P.A. | |
| 100 SE Second Street, Suite 4200 | |
| Miami, Florida 33131 | |
| Telephone:  (305) 530-0050 | |
| Facsimile:  (305) 530-0055 | |
| *Co-Counsel for the Plaintiff* | |

113346006.6

113346006.8

## JURY INSTRUCTION NO.

### 1.1 General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally

3

113346006.6

113346006.8

see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

4

113346006.6

113346006.8

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of

113346006.6

113346006.8

it, or none of it. When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

· the witness's memory;

· the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

113346006.6

113346006.8

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Professor James Tracy ("Professor Tracy"), claims the Defendant, Florida Atlantic University ("FAU"), discharged him in retaliation for exercising his First Amendment rights by speaking *online including* on his **online** *personal* blog. FAU denies those claims and contends that Professor Tracy was discharged for insubordination because he refused to comply with his supervisors' instructions to provide disclosures required by the *conflict of interest policy referenced in the* Collective Bargaining Agreement. *Professor Tracy claims the official reason FAU offers for his firing is pretextual, meaning it is not the real reason FAU fired him.*

Burden of proof:

Professor Tracy has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Professor Tracy must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Professor Tracy and the evidence favoring FAU on opposite sides of balancing scales, Professor Tracy needs to make the scales tip to his side. If Professor Tracy fails to meet this burden, you must find in favor of FAU.

113346006.6

113346006.8

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," FAU has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts FAU must prove for any affirmative defense. After considering all the evidence, if you decide that FAU has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence,

113346006.6

113346006.8

the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case.

113346006.6

113346006.8

The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Professor Tracy will present his witnesses and ask them questions. After Professor Tracy questions the witness, FAU may ask the witness questions –

10

this is called "cross-examining" the witness. Then FAU will present its witnesses, and Professor Tracy may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**[Authority: Eleventh Circuit Pattern Jury Instructions, 1.1 General Preliminary Instruction]**

113346006.6

113346006.8

## JURY INSTRUCTION NO.

## 1.4 Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not

113346006.6

113346006.8

draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**[Authority: Eleventh Circuit Pattern Jury Instructions, 1.4 Jury Questions]**

13

113346006.6

113346006.8

**JURY INSTRUCTION NO.**

**1.5 Interim Statements**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**[Authority: Eleventh Circuit Pattern Jury Instructions, 1.5 Interim Statements]**

113346006.6

113346006.8

**JURY INSTRUCTION NO.**

**2.1 Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement

is called a stipulation. You must treat these facts as proved for this case.

**[<u>Authority:</u> Eleventh Circuit Pattern Jury Instructions, 2.1 Stipulations]**

113346006.6

113346006.8

## JURY INSTRUCTION NO.

### 2.2 Use of Depositions

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**[Authority: Eleventh Circuit Pattern Jury Instructions, 2.2 Use of Depositions]**

113346006.6

113346006.8

## JURY INSTRUCTION NO.

### 2.3 Use of Recorded Conversations and Transcripts

Now you're going to hear a recorded conversation. This is proper evidence for you to consider. Please listen to it very carefully. I'm going to allow you to have a transcript of the recording [prepared by Apex Reporting Group] to help you identify speakers and guide you through the recording. But remember that it is the recording that is evidence – not the transcript. If you believe at any point that the transcript says something different than what you hear on the recording, disregard that portion of the transcript and rely instead on what you hear.

**[Authority: Eleventh Circuit Pattern Jury Instructions, 2.3 Use of Recorded Conversations and Transcripts]**

113346006.6

113346006.8

**JURY INSTRUCTION NO.**

**2.4 Interim Statements**

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms.] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

**[Authority: Eleventh Circuit Pattern Jury Instructions, 2.4 Interim Statements]**

18

113346006.6

113346006.8

**JURY INSTRUCTION NO.**

**2.6 Use of Interrogatories**

You'll now hear answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

**[Authority: Eleventh Circuit Pattern Jury Instructions, 2.6 Use of Interrogatories]**

113346006.6

113346006.8

## JURY INSTRUCTION NO.

### 2.7 In-Trial Instructions on News Coverage

Reports about this trial [or about this incident] may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

[Authority: Eleventh Circuit Pattern Jury Instructions, 2.7 In-Trial Instructions on News Coverage]

113346006.6

113346006.8

**JURY INSTRUCTION NO.**

**3.1 Introduction**

<u>**COURT'S INSTRUCTIONS TO THE JURY**</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

<u>**[Authority:**</u> **Eleventh Circuit Pattern Jury Instructions, 3.1 Introduction]**

113346006.6

113346006.8

# JURY INSTRUCTION NO.

## 3.2.3 The Duty to Follow Instructions – Government
## Entity or Agency Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that Florida Atlantic University, a governmental entity is involved as a party must not affect your decision in any way. A governmental entity and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental entity is involved, of course, it may act only through people as its employees; and, in general, a governmental entity is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental entity.

**[Authority: Eleventh Circuit Pattern Jury Instructions, 3.2.3 The Duty to Follow Instructions Government Entity or Agency Involved]**

113346006.6

113346006.8

# JURY INSTRUCTION NO.

### 3.3 Consideration of Direct and Circumstantial Evidence;
### Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

23

113346006.6

113346006.8

[<u>Authority:</u> **Eleventh Circuit Pattern Jury Instructions, 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**]

113346006.6

113346006.8

# JURY INSTRUCTION NO.

## 3.4 Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

113346006.6

113346006.8

7. Did the witness's testimony differ from other testimony or other

evidence?

**[<u>Authority:</u> Eleventh Circuit Pattern Jury Instructions, 3.4 Credibility of Witnesses]**

113346006.6

113346006.8

## JURY INSTRUCTION NO.

### 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**[Authority: Eleventh Circuit Pattern Jury Instructions, 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements]**

113346006.6

113346006.8

## JURY INSTRUCTION NO.

### 3.6.1 Expert Witness

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept that witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

[<u>Authority</u>: **Eleventh Circuit Pattern Jury Instructions, 3.6.1 Expert Witness**]

113346006.6

113346006.8

## JURY INSTRUCTION NO.

## 3.7.1 Responsibility for Proof – Plaintiff's Claims – Preponderance of the Evidence

In this case it is the responsibility of the Plaintiff, Professor James Tracy, to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Professor Tracy's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Professor Tracy *on that claim or contention*.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Professor Tracy's claims by a preponderance of the evidence, you should find for FAU *as to that claim*.

29

113346006.6

113346006.8

[**Authority:** Eleventh Circuit Pattern Jury Instructions, 3.7.1 Responsibility for Proof – Plaintiff's Claims – Preponderance of the Evidence]

113346006.6

113346006.8

# JURY INSTRUCTION NO.

## 3.7.2 Responsibility for Proof – Affirmative Defense Preponderance of the Evidence

In this case, FAU asserts the affirmative defenses of:

1. FAU claims it discharged Professor Tracy for legitimate, non-retaliatory reasons, which included his insubordination for refusing to follow the directions of his supervisors to truthfully and candidly comply with the disclosure requirements contained in the *conflict of interest policy referenced in the* Collective Bargaining Agreement between FAU and the Union.

2. **FAU claims it would have discharged Professor Tracy regardless of the speech on his blog**.

3. **FAU claims that Professor Tracy's claims are barred or limited to the extent his termination resulted from his own actions**.

Even if Professor Tracy proves his claim by a preponderance of the evidence, FAU can prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

31

I caution you that FAU does not have to disprove Professor Tracy's claims, but if FAU raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

**[<u>Authority:</u> Eleventh Circuit Pattern Jury Instructions, 3.7.2 Responsibility for Proof – Affirmative Defense Preponderance of the Evidence]**

113346006.6

113346006.8

# JURY INSTRUCTION NO.

## 3.8.2 Duty to Deliberate When Both Plaintiff and Defendant Claim Damages or When Damages are not an Issue

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**[Authority: Eleventh Circuit Pattern Jury Instructions, 3.8.2 Duty to Deliberate When Both Plaintiff and Defendant Claim Damages or When Damages are not an Issue]**

113346006.6

113346006.8

## JURY INSTRUCTION NO.

### 3.9 Election of Foreperson Explanation of Verdict Form[s]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

34

113346006.6

113346006.8

[**Authority:** Eleventh Circuit Pattern Jury Instructions, 3.9 Election of Foreperson Explanation of Verdict Form[s]]

113346006.6

113346006.8

**JURY INSTRUCTION NO.**

**4.1 Public Employee—First Amendment Claim— Discharge or Failure to Promote—Free Speech on Matter of Public Concern**

In this case, Professor Tracy claims that FAU, *through its officials while acting "under color" of state law, intentionally* deprived him of his constitutional right to free speech by discharging him from employment because of speech Professor Tracy made *online including* on his *personal* blog.

**FAU denies that it took action against Professor Tracy in retaliation for his blog speech.** *FAU denies that it deprived Professor Tracy of his constitutional right to free speech or took action against him in retaliation for his speech.* FAU claims that Professor Tracy was discharged for insubordination because he refused to comply with his supervisors' directions to provide disclosures required by the *conflict of interest policy referenced in the* Collective Bargaining Agreement. FAU asserts that it would have discharged Professor Tracy for insubordination regardless of whether he engaged in the **blog** speech, because he refused to follow his supervisors' instructions to comply with the disclosure requirements contained in the *conflict of interest policy referenced in the* Collective Bargaining Agreement between FAU and the Union. *Professor Tracy claims the official reason FAU offers for his firing is pretextual, meaning it is not the real reason they fired him.*

Error! Unknown document property name.

Under the First Amendment to the Constitution of the United States, a public employee **speaking as a citizen** has a right to freedom of speech on matters of public concern**, if the public employee's First Amendment interests outweigh the public employer's interest in promoting the efficiency of the public services it provides through its employees**.[1] It is unlawful for a public employer to take action against a public employee because the employee exercises his First Amendment rights by speaking on a matter of public concern.

*To succeed on his claim, Professor Tracy must prove each of the following facts by a preponderance of the evidence:*

*First:*        *FAU's officials' actions were "under color" of state law;*

*Second:*        *Professor Tracy spoke online including on his personal blog about a matter of public concern;*

*Third:*        *FAU discharged Professor Tracy from employment;*

*Fourth:*        *Professor Tracy's speech was a motivating factor in FAU's decision to discharge Professor Tracy; and*

---

[1] **The Court will determine if Plaintiff has met this threshold. Defendant does not waive these issues by their inclusion nor does Defendant intend to suggest that Plaintiff can or will meet these thresholds, as Defendant does not, and Defendant reserves all rights to raise these issues at the appropriate time as trial may progress.** *Plaintiff objects to this footnote. See Plaintiff's annotation at the end of this instruction.* [2] *Plaintiff includes the latter sentence in light of the Court's ruling excluding Plaintiff's damages evidence from trial, as well as the fact that Plaintiff is entitled to reinstatement or front-pay, at a minimum, if he prevails at trial.*

113346006.6
113346006.8

_Fifth:_        *Professor Tracy suffered damages because of FAU's actions.*

**To succeed on his claim, Professor Tracy must prove by a preponderance of the evidence that Professor Tracy's blog speech was a substantial motivating factor in FAU's decision to discharge Professor Tracy.**

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

*The parties have agreed that FAU officials acted "under color" of state law so you should accept that as a true and proven fact.*

*For the second element, if you find that Professor Tracy spoke online including on his personal blog about a matter of public concern, then you have found that he engaged in "protected speech."*

*For the third element, you must decide whether FAU discharged Professor Tracy from employment.*

*For the fourth element, you must decide whether Professor Tracy's protected speech was a "motivating factor" in FAU's decision.* To prove that Professor Tracy's **blog** *protected* speech was a **substantial** motivating factor in FAU's decision, Professor Tracy does not have to prove that his **blog** *protected* speech was the only reason for FAU's actions. It is enough if Professor Tracy

38

proves that his **blog** *protected* speech **substantially** influenced FAU's decision. If Professor Tracy's **blog** *protected* speech made a **substantial** difference in FAU's decision, you may find that it was a **substantial** motivating factor in the decision.

FAU claims that Professor Tracy's **blog** *protected* speech was not a **substantial** motivating factor in FAU's decision and that it discharged Professor Tracy for insubordination because he refused to follow his supervisors' instructions to comply with the disclosure requirements contained in the *conflict of interest policy referenced in the* Collective Bargaining Agreement between FAU and Professor Tracy's Union. *A public employer may not take action against a public employee because the employee exercised protected First Amendment rights.* **If Professor Tracy exercised First Amendment rights in his blog speech, FAU may not take action against Professor Tracy for that reason**. *But a public employer may discharge a public employee for any other reason, good or bad, fair or unfair.* **But FAU may discharge Professor Tracy for any other reason, good or bad, fair or unfair, even if based on mistaken facts, so long as it was not substantially motivated by a desire to retaliate for his blog speech**. If you believe FAU's reason for its decision to discharge Professor Tracy **was not substantially motivated by a desire to retaliate for Professor Tracy's blog speech,** *and you find that its decision was not motivated by Professor Tracy's protected speech,* you must not second guess its decision and you must not

39

substitute your own judgment for FAU's judgment – even if you do not agree with it. **The issue here is for you to determine if FAU was substantially motivated by a desire to retaliate against Professor Tracy for his blog speech**.

As I have explained, Professor Tracy has the burden to prove that his **blog** *protected* speech was a **substantial** motivating factor in FAU's decision to discharge Professor Tracy. I have explained to you that evidence can be direct or circumstantial. To decide whether Professor Tracy's **blog** speech was a **substantial** motivating factor in FAU's decision to discharge Professor Tracy, you may consider the circumstances of FAU's decision. For example, you may consider whether you believe the reason FAU gave for the decision. **If FAU's reason is one that might motivate a reasonable employer, Professor Tracy must meet FAU's reason head on and rebut it. Professor Tracy cannot succeed by simply quarreling with the wisdom of FAU's reason and he cannot substitute his own business judgment for FAU's. Instead, Professor Tracy has the burden to show that FAU's reason for its decision was known by the decision-makers at FAU to be false**. If you do not believe the reason FAU gave for the decision, you may consider whether the reason was so unbelievable that it was a cover-up to hide unconstitutional reasons for the decision.

*If you find that Professor Tracy spoke online including on his personal blog about a matter of public concern and that this protected speech was a*

*"motivating" factor in FAU's decision to discharge Professor Tracy from employment, you must decide whether Professor Tracy suffered damages as a result.  For purposes of damages, it is sufficient for Professor Tracy to show he was discharged from employment.[2]*

If you find in Professor Tracy's favor for each fact **that** he must prove **and determine that his blog speech was a substantial motivating factor for his termination**, you must decide whether FAU has shown by a preponderance of the evidence that FAU would have made the same decision regardless of Professor Tracy's **blog speech** *protected activity*. If you find that Professor Tracy would have been dismissed for reasons other than his **blog** *protected* speech, your verdict should be for FAU.

*If you find for Professor Tracy and against FAU on this defense, your verdict should be for Professor Tracy.  If your verdict is for Professor Tracy, the Court will determine Professor Tracy's damages at a later date.*

**[This instruction was patterned after 4.1 Public Employee—First Amendment Claim— Discharge or Failure to Promote—Free Speech on Matter of Public Concern, Eleventh Circuit Pattern Jury Instructions, with adaptations from *Morgan v. Ford,* 6 F.3d 750, 753-54 (11th Cir. 1993) (describing the Eleventh Circuit's four-part test for a public employee's First Amendment retaliation claim: (1) the Court must determine whether the employee's speech may be**

---

[2] *Plaintiff includes the latter sentence in light of the Court's ruling excluding Plaintiff's damages evidence from trial, as well as the fact that Plaintiff is entitled to reinstatement or front-pay, at a minimum, if he prevails at trial.*

113346006.6
113346006.8

fairly characterized as speech constituting a matter of public concern; and if so, (2) the Court must weigh the employee's First Amendment interests against the interest of the state, as an employer, in promoting the efficiency of public services it performs through its employees; and if the employee prevails on the balancing test, then (3) the fact-finder determines whether the employee's speech played a substantial part in the government's decision to demote or discharge the employee; and if the employee shows the speech was a substantial motivating factor in the employment decision, then (4) the state must prove by a preponderance of the evidence that it would have reached the same decision even in the absence of the protected conduct); *Garcetti v. Ceballos,* 547 U.S. 410, 418 (2006) (modifying the first step in the four-part test to require consideration of both whether the public employee is speaking as a citizen and whether the speech is on a matter of public concern); *Alves v. Bd. of Regents of the Univ. Sys. of Ga.,* 804 F.3d 1149, 1159 (11th Cir. 2015) (holding that the first two steps of the four-part test are questions of law for the court to resolve); *Battle v. Bd. of Regents for Ga.,* 468 F.3d 755, 759-60 (11th Cir. 2006) ("The first two elements are questions of law designed to determine whether the First Amendment protects the employee's speech. The third element and affirmative defense are questions of fact designed to determine whether the adverse employment action was in retaliation for the protected speech"); *Alvarez v. Royal Atl. Developers, Inc.,* 610 F.3d 1253, 1265-66 (11th Cir. 2010) (explaining employer's burden to show pretext)]

*Plaintiff does not agree with the deviations from the standard instruction included by Defendant and would prefer to stay true to the standard instruction as written, except as modified at the end to account for the Court's rulings on damages evidence.   With respect to the insertion of the modifier "substantial," the comments to Standard Instruction 4.1 state: "To eliminate potential confusion that the terms "substantial" and "motivating" have different meanings, Pattern Instruction 4.1 charges that the protected speech must be a "motivating factor" in the defendant's decision." Plaintiff further believes* Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005), more accurately describes the applicable test here because Defendants have always asserted that they never took Plaintiff's speech into account when making the termination decision.   In that case, the Eleventh Circuit explained in* Bennett *that a plaintiff must show: "[1] that his speech or act was constitutionally protected; [2] that the defendant's retaliatory conduct adversely affected the protected speech; and [3] that there is a casual connection between the retaliation and the adverse effect on speech."  Id.  Once established, the burden shifts to the defendant to prove: [4] that it would have made the same*

*adverse employment decision absent the speech.* Morgan v. Ford, *6 F.3d 750, 753-54 (11th Cir. 1993).*

113346006.6
113346006.8

## JURY INSTRUCTION NO.

### Employer's Reason for Discharge Decision

You have now heard testimony from multiple witnesses about FAU's reason for discharging Professor Tracy from employment. The question for you to resolve is not whether FAU's decision to discharge Professor Tracy was wise, accurate, prudent, or fair. Your only concern is whether it was substantially motivated by a desire to retaliate against Professor Tracy for his blog speech. The question is not whether Professor Tracy did his job well, or whether you would have made the same decision that FAU made. Your role is not to second-guess the wisdom of FAU's business decisions, as long as those decision were not made with a retaliatory motive. FAU can discharge Professor Tracy for a good reason, a bad reason, a reason based on mistaken facts, or for no reason at all, as long as it is not a retaliatory reason.

When considering what substantially motivated FAU's reason to discharge Professor Tracy from employment, you should consider only the motivations of the decision-maker. While other witnesses may have offered their beliefs on what motivated FAU's decision to discharge Professor Tracy, the question for you to consider is what motivated the decision-maker. A decision-maker is a person with the power to terminate an employee. In this case the decision-maker is Diane Alperin.

113346006.6
113346006.8

**[This instruction was adapted from *Alvarez v. Royal Atlantic Developers, Inc.,* 610 F.3d 1253, 1266-67 (11th Cir. 2010) (holding that employees can be terminated for any reason that is not an unlawful reason, and that courts are not supposed to second-guess the wisdom of an employer's business decisions); *Kamensky v. Dean,* 148 Fed. Appx. 878, 879-80 (11th Cir. 2005) (defining "decisionmaker" in the termination context); *Pattee v. Georgia Ports Auth.,* 477 F. Supp. 2d 1253, 1265 ("It is only intuitive that for protected conduct to be a substantial or motivating factor in a decision, the decisionmakers must be aware of the protected conduct")]**

*Plaintiff objects to the inclusion of this entire special instruction as unnecessary in light of 4.1 instruction, which already says: a public employer may discharge "a public employee for any other reason, good or bad, fair or unfair," and if the jury does not find the speech was a motivating factor the jury is already being charged that it "must not second guess [FAU's] decision and you must not substitute your own judgment for FAU's judgment – even if you do not agree with it." That makes this special instruction redundant, and it would be unduly prejudicial to Plaintiff to give Defendant an additional instruction on this and place undue emphasis on deference to an employer's decision when speech is not a motivating factor.*

113346006.6
113346006.8

# JURY INSTRUCTION NO.

Another issue for you to decide in this case is in which capacity was Professor Tracy speaking when he spoke online including on his personal blog. The First Amendment protects speech of a private citizen regardless of whether the speech is on a matter of public concern or not.

*Source:  See* Arrington v. Dickerson, *915 F. Supp. 1516, 1523 (M.D. Ala. 1996) (explaining "The purpose of the 'public concern' requirement—'to prevent the federal courts from becoming 'a round table for employee complaints over internal office affairs' '—obviously is inapplicable in the plaintiff's case" where he was speaking "as a private citizen"; the court finds that the First Amendment does not allow a public official to infringe upon a private individual's speech, even if the speech concerns a purely private matter")*

**Defendant objects to the inclusion of this entire special instruction because it is not a correct statement of the law. Under *Garcetti v. Ceballos,* 547 U.S. 410 (2006) in order to determine if an employee's speech is protected under the First Amendment, the Court must determine both whether the employee spoke as a citizen *and* whether the speech involved a matter of public concern. *See Alves v. Bd. of Regents of the Univ. Sys. of Ga.,* 804 F.3d 1149, 1159 n.4 (11th Cir. 2015). Defendant further objects to this special instruction because whether an employee spoke as a citizen and whether the speech involved a matter of public concern are questions of law for the Court to decide, not the jury. *See id.***

113346006.6
113346006.8

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No. 16-CV-80655-ROSENBERG/HOPKINS

JAMES TRACY,

     Plaintiff,

v.

FLORIDA ATLANTIC UNIVERSITY
BOARD OF TRUSTEES a/k/a FLORIDA
ATLANTIC UNIVERSITY; et al.,

     Defendants.

_____/

## **PROPOSED VERDICT FORM**

*We, the jury, return the following verdict:*

*First Amendment Retaliation:*

**Do you find from a preponderance of the evidence:**

*1.    That Professor Tracy spoke online including on his personal blog in his capacity as a private citizen.*

      *Answer Yes or No*    _____

*2.    That Professor Tracy spoke online including on his personal blog on a matter of public concern?*

113346006.6
113346006.8

*Answer Yes or No* _____

*If your answer is "No" to both question 1 and 2, this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes" to either 1 or 2, go to the next question.*

3.      *That FAU discharged Professor Tracy from employment?*

*Answer Yes or No* _____

*If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.*

4.      *That Professor Tracy's speech was a motivating factor in FAU's decision to discharge him from employment?*

**1.      Was Florida Atlantic University's decision to discharge Mr. Tracy from employment substantially motivated by a desire to retaliate against Mr. Tracy for speech he made in his blog entitled Memory Hole: Reflections on Media and Politics?**

Answer Yes or No:        _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

5.    *That FAU would have discharged Professor Tracy from employment even if FAU had not taken Professor Tracy's protected activity into account?*

**2.    Answer the following question only if you answered "Yes" to Question No. 1 above.**

**Would   Florida Atlantic University have discharged Mr. Tracy from employment regardless of Mr. Tracy's blog speech?**

Answer Yes or No:          _____

This ends your deliberations, and your foreperson should sign and date the last page of this verdict form.

SO SAY WE ALL.

_____
Foreperson's signature

Date: _____

113346006.6
113346006.8