# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JAMES TRACY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 9:16-cv-80655-RLR-JMH |
| v. | ) |
| | ) |
| FLORIDA ATLANTIC UNIVERSITY BOARD OF TRUSTEES, a/k/a FLORIDA ATLANTIC UNIVERSITY, et al. | ) ) ) |
| | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S RESPONSE TO FAU'S ARGUMENT REGARDING THE ADMISSIBILITY OF PLAINTIFF'S SETTLEMENT DISCUSSIONS WITH FAU

Plaintiff James Tracy files the following response in opposition to the Defendant's Bench Memorandum In Support Of Admission Of Defendant's Exhibit 216A, Including Plaintiff's Own Statements To Prove Intent, State Of Mind, And Motive [DE 422].

1. At trial, during Plaintiff's cross examination, Defendant sought to admit a statement that Plaintiff made in an email to his former union attorney concerning a settlement offer from FAU. The statement at issue is as follows:

> The prospect of settling for my salary through spring is not attractive, although I'm sure they want this behind them before the term begins. I imagine that I will also have to sign a release where I cannot discuss the issue. In the long term that's not a fruitful [option] for me, particularly if I want to write about this as a book or the equivalent.

[Def. Exh. 216a].

2. In seeking to admit this compromise statement, Defendant argued that it had not made a formal offer to Plaintiff, despite Plaintiff's proffer to the contrary that he was discussing a formal offer from FAU with his former counsel, as well as former counsel's deposition

1

testimony confirming that a formal offer was on the table. *See* Excerpt from Johnson's 10/11/17 Deposition at pgs. 68-69, attached as Exh. A.[1]

3. Defendant further argued that Plaintiff had opened the door to the admissibility of this compromise statement when he testified on direct examination that the dispute with FAU went unresolved. Defendant then conceded that it wanted the jury to hear that FAU had conveyed a settlement offer to Plaintiff at the time, so that it could later argue to the jury it was acting reasonably in the process of firing him.

4. The Court aptly excluded the evidence under Rule 408 as a classic compromise statement. "The present rule fosters free discussion in connection with such negotiations and eliminates the need to determine whether the statement if not expressly qualified falls within or without the protected area of compromise; the question under the rule is *whether the statements or conduct were intended to be part of the negotiations toward compromise*." *Ramada Dev. Co. v. Rauch*, 644 F.2d 1097, 1106-07 (5th Cir.1981) (emphasis added; internal quotation marks omitted); *see also Lyondell Chemical Co. v. Occidental Chemical Corp.*, 608 F.3d 284, 295 (5th

---

[1] At his deposition, Plaintiff's former counsel testified consistent with Plaintiff that they were discussing a legitimate offer from FAU:

> A. I recall I got this email from Jim Tracy [referring to Def. Exh. 216A].
>
> Q. Okay. And at this point in early January 2017 [sic], were you, on behalf of Professor Tracy, engaged in negotiations with the university to try to resolve the notice of proposed discipline termination?
>
> MR. LEO: Objection to the extent calls for confidential settlement discussions.
>
> A. Ooh, he's right.
>
> . . . .
>
> Q. Okay. And were you specifically discussing the prospect of resolving Professor Tracy's proposed discipline on his behalf in early January 2017 [sic]?
>
> MR. LEO: Same objection.
>
> A. Yes, I was.

Exh. A at pg. 68:12-19, 69:2-6.

2

Cir. 2010) (explaining the rule covers "legal conclusions, factual statements, internal memoranda, and work of non-lawyers and lawyers alike" if intended as part of compromise negotiations).

5. Plaintiff's statements to his former counsel at issue in Defendant's Exhibit 216A that the Court excluded certainly are statements that were intended to be part of the negotiations toward compromise with FAU.  *See* Exh. A; *see also Lyondell*, 608 F.3d at 295-300 (explaining Rule 408 may apply even when the claim being litigated is not identical to the claim that was the subject of the compromise negotiations).

6. Now, in an apparent about-face, Defendant argues in its Bench Memorandum that it is not seeking to admit Plaintiff's settlement discussions with his former counsel to prove that FAU actually made an offer to Plaintiff, or to contradict Plaintiff's testimony that the dispute with FAU went unresolved.  Rather, Defendant argues that the compromise statement is admissible "for another purpose," namely to show that Plaintiff's intent was to be insubordinate and write a book, to rebut his testimony about being confused with respect to checking the online pop-up box and to complying under duress, and to rebut his testimony that he was relying on his former union counsel to do something in response to the discipline.

7. Plaintiff's compromise statement should not be admitted for these purported "other purposes."  First, Plaintiff's statement concerning his reluctance to sign a release in exchange for the settlement offer made by FAU is precisely the sort of statement that qualifies as a compromise statement under Rule 408(a)(2), as the context and character of the statement evinces an element of concession.  *See Rodriguez-Garcia v. Municipality of Caguas*, 495 F.3d 1, 12 (1st Cir. 2007) (characterizing a compromise statement as one "that one would be reluctant to make to a potential adversary in an effort to reach an agreement about a dispute without the

3

protection of Rule 408."); *see also Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 827 (2d Cir. 1992) (factors considered in determining whether Rule 408 applies include timing of offer, existence of disputed claim, conditional nature of offer, and presence of counsel).

8.  Second, Plaintiff's testimony that he was confused about the Policy and online pop-up box has nothing to do with this compromise statement, as the statement was made in January 2016, *after* FAU had already decided to fire Plaintiff. Thus, as a matter of fact, the statement Plaintiff made to his former union attorney is completely irrelevant to Plaintiff's claims of duress and confusion with respect to completing the pop-up box and Policy forms before he was fired.

9.  Third, Defendant's argument that the compromise statement should be admitted to show "statement of mind," "to rebut Plaintiff's case" and to "show his true motive in not filing out the requested forms," *see* Bench Memo. at 5, is premised on an overly broad reading of the "other purposes" exception that would effectively eviscerate the rule. *See Ramada Dev. Co.*, 644 F.2d at 1107 ("Rule 408 . . . surely, was not intended to completely undercut the policy behind the rule."). Rule 408 expressly applies to exclude compromise evidence when it is offered to prove the validity/invalidity of "the claim" at issue. F.R.E. 408. Here, Defendant admittedly would like to offer the settlement discussions to *disprove* Plaintiff's retaliation claim—the very same claim at issue in the settlement negotiations. Even the cases Defendant relies upon do not support such a broad interpretation of Rule 408's "another purpose" exception. *See Beechwood Restorative Care Center v. Leeds*, 856 F. Supp. 2d 580, 592 (W.D.N.Y. 2012) (concluding compromise evidence was admissible "to establish a claim [of retaliatory intent] arising from the so-called offer itself"); *Bankcard America, Inc. v. Universal Bancard Sys., Inc.*, 203 F.3d 477, 484 (7th Cir. 2000) ("it would be an abuse of Rule 408 to let Bankcard lull Universal into

4

breaching the contract and then prevent Universal from explaining its actions because the lulling took place around the settlement table"); *Coakley & Williams Const., Inc. v. Structural Concrete Equip., Inc.*, 973 F.2d 349, 354 (4th Cir. 1992) ("extrinsic evidence of the parties' intent resolves the ambiguity [in the settlement agreement] in favor of SCE's position that the release bars this action."). None of the circumstances that justified applying the exception to Rule 408 in those cases applies here.

10.  In all events, even if Rule 408 does not bar the introduction of the compromise statement, the statement should nonetheless be excluded under Rule 403. Federal case law recognizes that "when the issue is doubtful, the better practice is to exclude evidence of compromises or compromise offers." *Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1364 (10th Cir.1987); *see also Myers v. Pennzoil Co.*, 889 F.2d 1457, 1461 (5th Cir.1989) (although admissible for impeachment purposes, evidence excluded under Rule 403). Excluding the evidence would be particularly appropriate here, where Defendant admittedly would like to introduce the compromise statement as proof that Plaintiff was being insubordinate, and the probative value of such evidence (if any) would be substantially outweighed by the danger of unfair prejudice.

11.  It remains only to note that the Court should reject Defendant's alternative argument that Plaintiff's statement could not have been a compromise statement because it was conveyed to his former lawyer. Defendant does not cite to a single case to support the overly narrow proposition that a statement between a plaintiff and his lawyer can never be a compromise statement for purposes of Rule 408. Nor does the argument make sense, particularly in light of the Court's ruling that the union lawyer was Plaintiff's agent for purposes of Rule 801(d)(2)(D), regardless of whether the statements between them were made to third

parties. Regardless, the crux of the analysis is whether the statements were intended to be part of the negotiations toward compromise, which they were. *See Ramada Dev. Co.*, 644 F.2d 1106-07. As such, the burden shifts to Defendant who "must demonstrate *convincingly* that the offer was not an attempt to compromise the claim." *Pierce*, 955 F.2d at 827 (emphasis added). And, it has not done so.

WHEREFORE, the Court should conclude that Plaintiff's compromise statement in Defendant's Exhibit 216A remains inadmissible.

Dated: December 3, 2017

*/s/Louis Leo IV*

Louis Leo IV
Florida Bar No. 83837
E-mail:  louis@floridacivilrights.org
Joel Medgebow
Florida Bar No. 84483
E-mail:  joel@medgebowlaw.com
Matthew Benzion
Florida Bar No. 84024
E-mail:  mab@benzionlaw.com
FLORIDA CIVIL RIGHTS COALITION, P.L.L.C.
Medgebow Law, P.A. & Matthew Benzion, P.A.
4171 W. Hillsboro Blvd., Suite 9
Coconut Creek, Florida  33073
Tel.  (954) 478-4223
Fax  (954) 239-7771

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 3, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF to be served this day per the attached Service List.

/s/ *Louis Leo IV*

**SERVICE LIST**

Louis Leo IV, Esq. (louis@floridacivilrights.org)
Joel Medgebow, Esq. (Joel@medgebowlaw.com)
Matthew Benzion, Esq. (mab@benzionlaw.com)
Florida Civil Rights Coalition, P.L.L.C.,
Medgebow Law, P.A. & Matthew Benzion, P.A.
4171 W. Hillsboro Blvd. Suite 9
Coconut Creek, Florida 33073

*Counsel for Plaintiff*

Richard Ovelmen, Esq. (rovelmen@carltonfields.com)
Steven M. Blickensderfer, Esq. (sblickensderfer@carltonfields.com)
Carlton Fields Jorden Burt, P.A.
100 SE Second Street, Suite 4200
Miami, Florida 33131

*Co-Counsel for Plaintiff*

Gerard J. Curely, Jr., Esq. (jcurley@gunster.com)
Roger Feicht, Esq. (RFeicht@gunster.com)
Holly Griffin, Esq. (hgriffin@gunster.com)
Sara N. Huff, Esq. (shuff@gunster.com)
Gunster, Yoakley & Stewart, P.A.
777 South Flagler Dr. Suite 500 East
West Palm Beach, FL 33401

*Counsel for Defendants*