**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:16-CV-80655-ROSENBERG**

JAMES TRACY,

     Plaintiff,

v.

FLORIDA ATLANTIC UNIVERSITY
BOARD OF TRUSTEES a/k/a
FLORIDA ATLANTIC UNIVERSITY,
et al.,

     Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART THE DEFENDANTS'**
**MOTION FOR RECONSIDERATION OF THE COURT'S ORDER AWARDING COSTS**

This matter is before the Court on the Defendants' Motion for Reconsideration of the Court's Order Granting in Part and Denying in Part the Defendants' Motion for Costs [DE 506]. The Motion is fully briefed. For the reasons set forth below, the Motion for Reconsideration is granted in part and denied in part.

In the Court's prior Order Granting in Part and Denying in Part the Defendants' Motion for Costs [DE 505], the Court awarded the Defendants $43,958.27 in costs. However, because of the Plaintiff's financial inability to pay $43,958.27, the Court adjusted the award downward by 90% to $4,395.82. *See*, *e.g., Chapman v. Al Transp.*, 229 F.3d 1012, 1032 (11th Cir. 1000) (permitting district courts to adjust cost awards downward due to a financial inability to pay as a matter of judicial discretion). In the instant Motion for Reconsideration, the Defendants argue, *inter alia*, that while the Plaintiff provided some evidence of his financial inability to pay in the year 2020, the Plaintiff provided insufficient evidence of his financial inability to pay in the year 2021. DE 506 at 2 ("Plaintiff should have been required, at a minimum, to submit an affidavit or sworn

declaration that identified his personal income, assets, and liabilities, prior to any reduction in the cost judgment.").

In response, the Plaintiff provided a declaration. DE 507-1.  In the declaration, the Plaintiff swears under penalty of perjury: (i) that his family of 7 continues to survive on approximately $60,000 per year, (ii) that his modest assets in the form of an IRA account have restricted access until the year 2025, (iii) that he owes $23,120 in credit card debt, and (iv) that he owes approximately $105,860 in back taxes and penalties to the Internal Revenue Service. *Id.*  The Plaintiff further attests that any income from his personal website is minimal and merely pays for the operation of that website. *Id.*

In reply, the Defendants argue that the Plaintiff has failed to show an inability to work in a field other than academia, but the Court has already explained in its prior Order that the Court was persuaded that while the Plaintiff could obtain a lower-paying job outside of his chosen field of academia, the childcare costs associated with such a decision would render the additional income moot. DE 505 at 3.  Thus, the Defendants' argument on this point continues to be unpersuasive considering the size of the Plaintiff's family and the special needs of the Plaintiff's children.

In light of the additional evidence the Plaintiff has provided which documents his financial inability to pay a cost judgment of $43,958.27, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The Defendants' Motion for Reconsideration [DE 506] is **GRANTED** insofar as the Court **VACATES** its prior Order at docket entry 505.

2. The Defendants' Motion for Reconsideration [DE 506] is **DENIED** in all other respects, including the Defendants' request that the Court impose a different cost award amount.

3.  The Court fully adopts, incorporates, and reinstitutes its prior Order at docket entry 505 as of the date of rendition of this Order.  The Court further augments and supports its decision through the incorporation and supplementation of the Plaintiff's evidence at docket entry 507-1 as that document provides additional evidentiary support for the Court's award.

4.  This case **REMAINS CLOSED**, and no other motions remain pending.

   **DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 30th day of

August, 2021.

Copies furnished to Counsel of Record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE