UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-80655-ROSENBERG/HOPKINS

JAMES TRACY,

    Plaintiff,

v.

FLORIDA ATLANTIC UNIVERSITY
BOARD OF TRUSTEES a/k/a FLORIDA
ATLANTIC UNIVERSITY, et al.,

    Defendants.
_____/

## PREVAILING DEFENDANTS' MOTION FOR FINAL JUDGMENT AS TO COSTS

Defendants, Florida Atlantic University Board of Trustees a/k/a Florida Atlantic University ("FAU"), Dr. Diane Alperin, Dr. Heather Coltman, and Dr. John Kelly (collectively referred to as the "individual FAU Defendants"), by and through undersigned counsel and pursuant to Rule 58(d) of the Federal Rules of Civil Procedure, hereby move for entry of a final judgment in their favor as to costs and against Plaintiff, James Tracy, and state as follows:

1. Plaintiff sued FAU, as well as former Defendants, Dr. Diane Alperin, Dr. Heather Coltman, and Dr. John Kelly, in their individual capacity. *See* Second Am. Compl. [DE 93].

2. The Court granted summary judgment in favor of the individual FAU Defendants. *See* Omnibus Order on All Pending Motions for Summary Judgment [DE 362] at p. 27 ("The Individual Defendants' Motion for Summary Judgment [DE 242] is **GRANTED** and each individual Defendant is dismissed from this case."). The Court granted FAU's Motion for Summary Judgment [DE 245] in part, granting summary judgment in FAU's favor as to Count II, Count III, Count IV, Count V, and Count VI. *See* [DE 362] at p. 27.

3. Plaintiff's Motion for Reconsideration was denied. *See* Paperless Order Denying Motion for Reconsideration. [DE 392].

4. On December 11, 2017, a jury unanimously returned a verdict in favor of FAU on Plaintiff's remaining claim (Count I- First Amendment Retaliation). *See* Jury Verdict [DE 437].

5. On December 15, 2017, this Court entered final judgment in favor of FAU and the individual FAU defendants. [DE 443]. The Court reserved jurisdiction to resolve FAU's and the individual FAU Defendants' entitlement to attorney fees and costs.

6. Following the entry of judgment in their favor, FAU and the individual FAU Defendants timely filed a Motion for Costs and Attached Bill of Costs [DE 454] on January 16, 2018. The motion sought allowable costs pursuant to 28 U.S.C. § 1920, Rule 54(d)(1), Federal Rules of Civil Procedure, and Local Rule 7.3(c). On February 5, 2018, this Court terminated the Motion pending the outcome of Plaintiff's appeal to the Eleventh Circuit Court of Appeals. [DE 464].

7. On March 5, 2021, the Eleventh Circuit Court of Appeals issued its Mandate, affirming this Court's order on summary judgment and affirming the jury verdict. [DE 491]. Therefore, on March 16, 2021, FAU and the individual FAU Defendants requested that this Court reinstate their Motion for Costs. [DE 492]. This Court reinstated the Motion for Costs on March 19, 2021. [DE 497].

8. On June 28, 2021, this Court issued its Order Granting in Part and Denying in Part the Defendants' Motion for Costs. [DE 505]. This Court found that FAU and the individual FAU Defendants were entitled to tax costs in the amount of $43,958.27 against the Plaintiff and that these costs were not unreasonable due to the manner in which Plaintiff litigated his case. [DE 505

at p. 2]. However, this Court reduced the costs taxed against the Plaintiff by 90% due to his alleged inability to pay, awarding the Defendants $4,395.82 in costs.

9. On July 26, 2021, FAU and the individual FAU Defendants filed a Motion for Reconsideration of the Court's Order Granting in Part and Denying in Part the Defendants' Motion for Costs. [DE 506]. In the Motion, the Defendants argued that Plaintiff failed to provide an affidavit, declaration, or other sufficient evidence to establish a true inability to pay a judgment for costs.

10. On August 30, 2021, this Court issued its Order Granting in Part and Denying in Part the Defendants' Motion for Reconsideration of the Court's Order Awarding Costs. [DE 509]. The Order reiterated the cost award in favor of the FAU and the individual FAU Defendants in the amount of $4,395.82.

11. Pursuant to Rule 58(d) of the Federal Rules of Civil Procedure, FAU and the individual FAU Defendants request that this Court enter a separate final judgment as to costs in their favor against the Plaintiff in the amount of $4,395.82, so that the Defendants may proceed under Florida law with recovery of the costs to which they are entitled.

12. Attached as **Exhibit "1"** is a Proposed Final Judgment.

WHEREFORE, Defendants, Florida Atlantic University, Dr. Diane Alperin, Dr. Heather Coltman, and Dr. John Kelly, respectfully request that this Court enter final judgment in their favor as to costs and order such further relief as the Court deems necessary and just under the circumstances.

| | |
|---|---|
| Respectfully submitted, | */s/ Holly Griffin Goodman* |
| Dated: September 30, 2021 | Holly Griffin Goodman<br>Florida Bar No. 93213<br>Email: hgriffin@gunster.com |

Gunster, Yoakley & Stewart, P.A.<br>
777 S. Flagler Drive, Suite 500 East<br>
West Palm Beach, FL 33401<br>
Telephone:  561-655-1980<br>
Facsimile:  561-655-5677<br>
*Attorney for Defendants*

**S.D. FLA. LOCAL RULE 7.1(A)(3) CERTIFICATE OF GOOD FAITH CONFERENCE**

In compliance with Rule 7.1 of the Local Rules of the United States District Court Southern District of Florida, defense counsel conferred with Plaintiff's counsel in a good faith effort to resolve the issues raised in the motion but as of the date of this filing had not received a response.

*/s/ Holly Griffin Goodman*
Holly Griffin Goodman